JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RONALD KRZYZANOWSKI and ILEANA KRZYZANOWSKI on behalf of themselves and all others similarly situated, | ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

ALAMEDA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT FULTON, GA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

HOFFMAN & LAZEAR, 180 Grand Avenue, Suite 1550
Oakland, CA 94612, (510) 763-5700

ATTORNEYS (IF KNOWN)

UNKNOWN

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding

☐ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance ☐120 Marine ☐130 Miller Act ☐140 Negotiable Instrument ☐150 Recovery of Overpayment & Enforcement of Judgment ☐151 Medicare Act ☐152 Recovery of Defaulted Student Loans (Excl Veterans) ☐153 Recovery of Overpayment of Veteran's Benefits ☐160 Stockholders Suits ☒190 Other Contract ☐195 Contract Product Liability ☐196 Franchise | **PERSONAL INJURY** ☐310 Airplane ☐315 Airplane Product Liability ☐320 Assault Libel & Slander ☐330 Federal Employers Liability ☐340 Marine ☐345 Marine Product Liability ☐350 Motor Vehicle ☐355 Motor Vehicle Product Liability ☐360 Other Personal Injury | **PERSONAL INJURY** ☐362 Personal Injury Med Malpractice ☐365 Personal Injury Product Liability ☐368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐370 Other Fraud ☐371 Truth in Lending ☐380 Other Personal Property Damage ☐385 Property Damage Product Liability | ☐610 Agriculture ☐620 Other Food & Drug ☐625 Drug Related Seizure of Property 21 USC 881 ☐630 Liquor Laws ☐640 RR & Truck ☐650 Airline Regs ☐660 Occupational Safety/Health ☐690 Other **LABOR** ☐710 Fair Labor Standards Act ☐720 Labor/Mgmt Relations ☐730 Labor/Mgmt Reporting & Disclosure Act ☐740 Railway Labor Act ☐790 Other Labor Litigation ☐791 Empl.Ret. Inc. Security Act | ☐422 Appeal 28 USC 158 ☐423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐820 Copyrights ☐830 Patent ☐840 Trademark **SOCIAL SECURITY** ☐861 HIA (1395ff) ☐862 Black Lung (923) ☐863 DIWC/DIWW (405(g)) ☐864 SSID Title XVI ☐865 RSI (405(g)) **FEDERAL TAX SUITS** ☐870 Taxes (US Plaintiff or Defendant ☐871 IRS - Third Party 26 USC 7609 | ☐400 State Reapportionment ☐410 Antitrust ☐430 Banks and Banking ☐450 Commerce/ICC Rates/etc. ☐460 Deportation ☐470 Racketeer Influenced and Corrupt Organizations ☐480 Consumer Credit ☐490 Cable/Satellite TV ☐810 Selective Service ☐850 Securities/Commodities/ Exchange ☐875 Customer Challenge 12 USC 3410 ☐891 Agricultural Acts ☐892 Economic Stabilization Act ☐893 Environmental Matters ☐894 Energy Allocation Act ☐895 Freedom of Information Act ☐900 Appeal of Fee Determination Under Equal Access to Justice ☐950 Constitutionality of State Statutes ☐890 Other Statutory Actions |
| **REAL PROPERTY** ☐210 Land Condemnation ☐220 Foreclosure ☐230 Rent Lease & Ejectment ☐240 Torts to Land ☐245 Tort Product Liability ☐290 All Other Real Property | **CIVIL RIGHTS** ☐441 Voting ☐442 Employment ☐443 Housing ☐444 Welfare ☐440 Other Civil Rights ☐445 Amer w/ disab - Empl ☐446 Amer w/ disab - Other | **PRISONER PETITIONS** ☐510 Motion to Vacate Sentence Habeas Corpus: ☐530 General ☐535 Death Penalty ☐540 Mandamus & Other ☐550 Civil Rights ☐555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1332(D)(2): Class Action with damages in excess of $5,000,000.00 dollars.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____   ☐ CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
### (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
10/19/07

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Page 2
(Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

*ADR*

**SUMMONS IN A CIVIL CASE**

RONALD KRZYZANOWSKI and ILEANA
KRZYZANOWSKI on behalf of themselves ans all
others similarly situated,

**V.**

ORKIN EXTERMINATING COMPANY, INC.;
ROLLINS, INC.

CASE NUMBER:

C07-05362     JL

TO: (Name and address of defendant)

ORKIN EXTERMINATING COMPANY, INC.
2170 Piedmont Road NE
Atlanta, GA 30324

ROLLINS, INC.
2170 Piedmont Road NE
Atlanta, GA 30324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

H. TIM HOFFMAN
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612

an answer to the complaint which is herewith served upon you, within  20  days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

*(signature)*

(BY) DEPUTY CLERK

DATE OCT 19 2007

1   H. TIM HOFFMAN, SBN 49141
    ARTHUR W. LAZEAR, SBN 83603
2   MORGAN M. MACK SBN 212659
    **HOFFMAN & LAZEAR**
3   180 Grand Avenue, Suite 1550
    Oakland, CA 94612
4   Telephone: (510) 763-5700

5   CHRISTIAN HARTLEY
    DANIEL M. BRADLEY
6   **RICHARDSON, PATRICK,**
    **WESTBROOK & BRICKMAN, LLC**
7   174 E. Bay Street
    Charleston, SC 29401
8   Telephone: (843) 727-6564

9   THOMAS F. CAMPBELL
    **CAMPBELL LAW**
10  **A PROFESSIONAL CORPORATION**
    100 Concourse Parkway, Suite 115
11  Birmingham, AL 35244
    Telephone: (205) 278-6650
12
    Attorneys for Plaintiff

13                  **UNITED STATES DISTRICT COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15

16   RONALD KRZYZANOWSKY AND              )   Case No.
     ILEANA KRYZANOWSKY on behalf of      )
17   themselves and all others similarly  )   **CLASS ACTION COMPLAINT**
     situated,                            )
18                                        )   Demand for Jury Trial
                    Plaintiffs,           )
19                                        )
     vs.                                  )
20                                        )
     ORKIN EXTERMINATING                  )
21   COMPANY, INC.; ROLLINS, INC.         )
                                          )
22                  Defendants.           )
                                          )
23                                        )
                                          )
24                                        )
                                          )
25                                        )
                                          )
26                                        )
                                          )
27

28

Class Action Complaint                        1

1

## CLAIM

2

### I.    INTRODUCTION

3

1.      This action arises out of the pattern and practice by Defendants of failing to

4

provide the subterranean termite prevention and control services they are required by statute,

5

labels, good entomologic practice and contracts to provide; collection of fees for installation and

6

maintenance of chemical barriers with fully applying or maintaining the barrier; collection of fees

7

for periodic inspection without conducting the inspections or conducting the inspections in a such

8

9

a deficient manner that it fails to satisfy the purpose of the periodic inspection; placing properties

10

under a contract to prevent termite infestation when the company knows that their methods of

11

construction will knows that the manner of construction will prevent effective fulfillment of the

12

13

purpose of prevention services illegally raising annual renewal fees; and of suppressing this

14

information to generate income without providing services.

15

2.      Such a scheme is in violation of the California Consumer Legal Remedies Act,

16

California Civil Code §§1750 – 1784, in breach of express and implied contracts, and California

17

statutory obligations with Plaintiffs and other similarly situated persons.

18

### II.    PARTIES

19

3.      Plaintiffs are adult resident citizens of Alameda County, State of California,

20

currently residing at 33755 Weyland Court, Union City, California 94587.

21

22

4.      Plaintiffs are informed and believe and thereon allege that Rollins, Inc., is or was a

23

Delaware corporation with its principal place of business located at 2170 Piedmont Road, N.E.,

24

Atlanta, Georgia, 30324, that registered in California on October 16, 1996, and is routinely

25

conducting business in California.

26

5.      Plaintiffs are informed and believe and thereon allege that, Orkin Exterminating

27

Company, Inc., is or was a Delaware corporation with its principal place of business located at

28

Class Action Complaint

2

2170 Piedmont Road, N.E., Atlanta, Georgia, 30324, that registered in California on August 19, 1964, and is routinely conducting business in California with local business offices located at 2485 Technology Dr, Hayward, California, 94544, and/or 20946 Corsair Blvd., Hayward, California, 94544, and/or North Bay Support, 1805 Loveridge Road, Pittsburg, California, 94565. Orkin Exterminating Co., Inc., is a wholly owned subsidiary of Defendant Rollins, Inc. Orkin Exterminating Co., Inc. represents itself as a leading pest control company in the country. In 2004, Orkin Exterminating Co., Inc. had over 450 office locations with more than 7500 employees providing services to over 1.6 million customers.

  12. The term "plaintiff(s)" as used in this complaint means and includes all persons and entities listed and named as Plaintiffs in the caption of this complaint, or any amendment thereto, and in the text paragraphs thereof, and include any plaintiff hereafter added by amendment, joinder or intervention. The term "plaintiff(s)" also means and includes both the named plaintiff individually and as representative of the class and any subclass herein described, as well as each member of such class and any subclass.

  13. The term "defendant" as used in this complaint means and includes all persons and entities listed and named as a defendant in the caption of this complaint or any amendment thereto and in the text paragraphs thereof, and includes any defendant hereafter added by amendment or otherwise (unless otherwise specified in the amendment).

  14. Plaintiffs are informed and believe and thereon allege that Defendant Orkin Exterminating Company, Inc., (hereinafter "Orkin") sells and provides termite protection services throughout California. Orkin is the sales and service provider for the individual customers who have entered into binding contracts with Orkin. Orkin is a wholly owned subsidiary of Rollins, Inc., (hereinafter "Rollins") and Rollins, Inc. directs, controls and dictates the provision of termite services.

15.    Plaintiffs are informed and believe and thereon allege that Rollins claims and reports all of Orkin's assets and liabilities as part of its overall annual financial reporting.

16.    Rollins, by and through its executive officers and executive board, directly participate, guide and manage all of the activities of Orkin through active and direct participation in the managerial affairs of Orkin.  Orkin and Rollins have conspired, jointly participated with, and aided and abetted one another to move or divest assets to prevent being held to account in damages to the Plaintiff class.

17.    Orkin conducts business in the Northern District of California, including Alameda County, and it serviced Plaintiffs' property out of its various offices located at 2485 Technology Dr, Hayward, California, 94544, and/or 20946 Corsair Blvd., Hayward, California, 94544, and/or North Bay Support, 1805 Loveridge Road, Pittsburg, California, 94565.

### III.    JURISDICTION AND VENUE

18.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because Plaintiffs are citizens of the State of California, and Defendants are incorporated in, or have their principal places of business, in the States of Delaware and Georgia, and in this class action the aggregate amount of damages shall exceed five million dollars.

19.    Venue is proper in this Court under 28 U.S.C. §§ 1391(a) because the events that give rise to Plaintiff's claims took place within the Northern District of California.

20.    Pursuant to Civil L. R. 3-2(c), the Oakland Division of this Court is the appropriate division because a substantial part of the events that give rise to the claim occurred in Alameda County.

### IV.    FACTS COMMON TO ALL COUNTS

21.    The Defendants were uniformly obligated to provide services to protect homes from termite infestation through assuring the effective application and maintenance of chemical

barriers (in a stand alone manner or in conjunction with application of alleged "baiting stations" for termites) in a uniform manner in the soil under and around the foundation of the property so that the protection and future inspections could be performed in a reasonable manner all in accordance with the law, label directions for termiticides and industry standards. Defendants uniformly failed to perform these duties.

22.     Orkin uniformly and continuously failed to provide the necessary preventive chemicals and inspection services, falsely claimed it was using a "bait" to lure termites into poisonous traps that would lead to the death of entire termite colonies, and thus failed to perform the obligations undertaken by contract and imposed by law.

23.     Orkin uniformly and continuously failed to conduct adequate inspections and re-inspections for termite infestation or related damage and other wood destroying organisms.

24.     Orkin uniformly and continuously failed to perform the initial services that would be reasonably effective to prevent subterranean termite infestation, including elimination of conditions conducive to infestation prior to application of chemical or other prevention or control measures, failure to apply chemical as required by labels and good practice and company policy and failure to reapply chemicals when disruption of barriers occurred.

25.     Orkin uniformly failed to inform customers that it would not maintain the chemical barrier after the product was believed to have worn off and instead continued to collect annual renewal premiums for the protection service when it knew any chemical barriers it applied had worn off and that the basic prevention service offered by the contract was not being provided.

26.     Defendants created a scheme and system which has promoted and led to widespread negligence, recklessness and wantonness in the manner of termite prevention services and inspections, annual inspections, re-inspections and certifications thereof.

27.    Orkin engaged in a practice of representing that it had developed a system that would "bait" termites to stations that would contain a poison to eliminate termite colonies when it knew that the wood in plastic tubes laced in the ground did not act as a lure or bait for termites because of the random foraging patterns of subterranean termite colonies.  Orkin knew the product did not "bait" termites but instead that termites would have to randomly stumble upon the wood with plastic tubes to have any effect and that disturbing infested wooden stations could cause termites to abandon the site if it was infested.

28.    Rollins uniformly and continuously controlled and directed the aforementioned conduct and omissions of Orkin.

29.    One or more agents, servants or employees of Orkin, while acting within the line and scope of its authority as such, caused Plaintiffs, or Plaintiffs' predecessor(s) in interest, to enter into a termite agreement/contract with Defendants on or about the date that contracts and/or service orders or transfer/assignment of contract requests were made (dates within the knowledge and control of the Defendants).

30.    The Defendants by and through their agents routinely performed improper and inadequate treatments and inspections of Plaintiffs' houses, which were relied upon by Plaintiffs. Defendants' contracts provide a guarantee of inspections or re-inspections, treatment or re-treatment, and sometimes for repair of any termite-related damage, provided that Plaintiffs pay the annual renewal fee.

31.    The Defendants followed a practice of including definitions with repair contracts in combination with business practices that would cause the conditions for coverage not to be met which is and was a deceptive and unfair practice.  For example, the repair promise was conditioned upon an Orkin employee finding live termites when the practice of the company was to kill live termites before the extent of live termites could be discovered by the property owner.

32.    Rollins and Orkin jointly, or in collusion with one another, conducted internal surveys of termite prevention practices which resulted in findings that more than half of the preventive treatments were never performed correctly to begin with and then in concert with one another decided not to correct those deficiencies but instead to continue to collect renewal premiums when it had actual knowledge that it was not providing the services promised.

33.    Rollins and Orkin did not intend to fulfill the terms of its termite prevention contracts at the time it entered into and renewed the agreements.

34.    For Plaintiffs whose properties were placed under contracts after Orkin stopped using Chlordane-based products in the 1980's, Orkin continued to renew assurances of termite protection and collected money for termite protection without reapplying termite chemicals after it knew or should have known that the chemicals had worn off.

35.    In consideration for said guarantee(s), Orkin was paid an initial treatment fee, guarantee transfer fee and/or renewal fees. Defendant routinely failed to provide adequate inspections, treatments, and/or annual re-inspections and retreatments as required by law and have not provided, or have supplied inadequate, re-inspection certificates to its customers as part of its overall pattern and scheme.

36.    Orkin, its employees, agents and/or representatives, routinely performed the initial pretreatment or post-construction treatments of properties and issued retreatment and repair guarantees. Thereafter, Orkin continually renewed the termite guarantees on properties up to the present. Orkin has never disclosed that it is not providing the prevention or control services promised under its written guarantees.

37.    Orkin by and through its agents intentionally, recklessly, wantonly and/or negligently suppressed the fact that the entirety of Plaintiffs' house had not received the termite treatment for which Plaintiffs had contracted at the beginning of the relationship. Orkin has

refused to make proper remedial treatments and/or repairs to the home every day since the original treatment, causing a new breach or tort each day thereafter through a course of active concealment of wrongdoing in the face of a duty of disclosure and, therefore, has lulled the Plaintiffs and class members into believing the property received the service promised.

38.     Orkin has systematically and uniformly engaged in the following wrongdoing:

(a)     Failed to perform the services necessary to make the necessary recommendations for alterations to structures or foundation areas so as to make application of a complete chemical barrier an effective preventative or control measure against termites;

(b)     Failed to make complete, proper and adequate initial inspections or annual re-inspections as required by law and by contract of the California properties under contract;

(c)     Failed to apply a full label rate application of termiticide chemicals in accordance with labels and good practice;

(d)     Failed to apply and maintain a proper termite chemical barrier as required by contract and law;

(e)     Failed to maintain chemical barriers which were applied after they were know to probably be ineffective;

(f)     Failed to perform adequate treatments in accordance with label and industry standards;

(g)     Failed to inform consumers of the failure of protective measures to induce additional payments, premiums, and alternative control or prevention services;

(h)     Illegally raised annual renewal fees;

(i)    Failed to apply complete applications of chemical to all critical areas when providing chemical barrier protection in a stand-alone service or in combination with a baiting system;

(j)    Failed to disclose that its baiting system did not act as a "bait" or lure for termites;

(k)    Falsely advertised and sold prevention and control services as baits without providing bait for termites;

(l)    Failed to refund premiums and charges to customers after it knew or should have known that its prior service was no longer reasonably expected to be delivering a complete barrier to termite infestation;

(m)    Failed to conduct quality control checks that were reasonably designed to fix prior faulty service;

(n)    Actively concealed past service failures by making incomplete remedial treatments at the direction of Rollins and Orkin executives and high level managers;

(o)    Continued to accept premiums from customers for "Lifetime" protection contracts when its executives and high level managers were disclosing to industry insiders that it could not fulfill said promises;

(p)    Inserted limitation of remedy and damages clauses into contracts to conceal its wrongdoing;

(q)    Made deceptive claims about its ability to identify "new" termite damage;

(r)    Engaged in deceptive practices of killing known or suspected live termite infestations to create reasons to deny claims for termite damages occurring during the course of termite treatments;

9

(s)    Intentionally deceived customers about the quality and thoroughness of remedial termite chemical applications;

(t)    Switched customers to different services to conceal past wrongdoing;

(u)    Failed to correct false statements about the incidence of termite infestation;

(v)    Failed to refund monies it has held with providing the promised services;

(w)    Discouraged property owners from obtaining services from other vendors by concealing its failures of performance;

(x)    Collected money from customers without disclosing any of the above and without performing the services described above; and,

(y)    Failed to make the necessary inspections to discover the extent of termite damage and termite treatment deficiencies

39.    Plaintiffs allege, on information and belief, that the foregoing activities, concealment, and patterns and practices, have been known to, and authorized, directed and controlled by, Rollins and have been sanctioned, approved and/or condoned, and allowed to continue even after investigating said alleged practices.

40.    Orkin has held itself out to Plaintiffs, or their predecessor(s) in interest, as being experts in the field of termite infestation treatment and inspection in advertisements and other publications directed at the residents of this state and by virtue of the activities they undertook as licensed Structural Pest Control Operators (" SPCO's").

41.    Defendants have preyed upon and exploited the Plaintiffs' lack of expertise, as it relates to proper termite treatment, inspection, re-inspection and re-treatment.

42.    Defendants actively concealed their practices, schemes and wrongdoing, took steps to make it appear as if there was no wrongdoing, and engaged in other activities by reason of which the tolling of all applicable statutes of limitation is appropriate and required.

Class Action Complaint

## V.    CLASS ACTION ALLEGATIONS

43.    This action is brought by the named Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated ("the Class"), under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

44.    The Class is comprised of all individuals, proprietorships, partnerships, corporations, and other entities (hereinafter 'persons and entities') that own any home, condominium, apartment complex, commercial building, or other structure, and/or improvements to real property (hereinafter referred to as "structure") located in the State of California who have purchased contracts and/or warranties from Defendants for termite control service or whose contracts with other providers have been purchased or assumed by Defendants, which contain provisions substantially similar to Plaintiffs'.  Excluded from the Class are all claims by any persons or entities that have already commenced an individual civil action against Defendants related to the subject matter of this litigation. Also excluded from the Class are the following: Defendants; any parent, subsidiary, affiliate, or controlled person of Defendants; the officers, directors, agents, servants or employees of any of the same; persons whose participation as a class representative or member would require recusal of the hearing officer; members of the judiciary assigned to this case and their relatives within the second degree of consanguinity; and, the members of the immediate families of any such person.

45.    This action has been brought and may properly be maintained as a class action under federal and California law.

46.    Plaintiffs are unable to state precisely the size of the Class, but they are informed and believe that members of the Class number at least into the thousands. The Class is sufficiently numerous and dispersed throughout the state that joinder of all its members is impractical.

47.    There are numerous common questions of law and fact with respect to Defendants and their contracts involving the Class members. Among these questions common to the Class are:

(a)    Whether Defendants provided necessary services for the control, prevention, eradication, and inspection for termites;

(b)    Whether Defendants, with respect to their contract for service, were negligent in the execution of the service that they were to provide and/or failed to provide the services promised or otherwise required;

(c)    Whether Defendants collected money without providing the services they were obligated to provide;

(d)    Whether Defendants engaged in a pattern and practice of deceiving customers to replace existing service contracts with other service contracts to improperly excuse prior breaches of duties, limit liability, discourage collectively seeking remedies that may be infeasible to seek individually, and with other terms more favorable to Defendants;

(e)    Whether Defendants illegally raised and collected annual renewal fees;

(f)    Whether Plaintiffs and class members are entitled to recover compensatory damages;

(g)    Whether Plaintiffs and class members are entitled to recover equitable relief;

(h)    Whether Plaintiffs and class members are entitled to recover punitive damages; and

(i)    Whether contracts should be equitably reformed;

48.    The only non-common issue is the amount of specific damages for each particular member of the Class; therefore, common questions of law and fact predominate within the meaning of FRCP Rule 23(b). Furthermore, much of the damages can readily be calculated using Defendant's records and in a formulaic manner.

49.    Class action treatment provides a fair and effectual method for the adjudication of the controversy here described, affecting a large number of persons, the joinder of whom is impracticable. The class action provides an effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication.

50.    If Class members were to pursue individual litigation, it would be unduly burdensome to the courts within which the individual litigation would proceed. Individual litigation would magnify the delay and expense to all parties in the court system by resolving the controversy engendered by Defendants' course of conduct with respect of its contract. By contrast, the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will aid judicial economy and efficiency, promote parity among the claims of the individual Class members and result in judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Class members by publication and direct mailing upon discovery of Defendants' files.

51.    The expense and burden of individual litigation of a case of this magnitude make it impractical for individual Class members to seek redress for the wrongs done to them and therefore requires consolidation of all such claims in one action.

52.    The claims of Plaintiffs, as the Class Representatives, are typical of the claims of the members of the Class.

53.     Plaintiffs will fairly and adequately protect the interests of the Class they represent. The interests of Plaintiffs, as the Class Representative, are consistent with those of the members of the Class.  In addition, Plaintiffs are represented by experienced and able counsel who have represented Plaintiff classes in similar litigation.

54.     Plaintiffs and class members envision no unusual difficulty in the management of this action as a Class action.

55.     Plaintiffs and the Class had no knowledge of Defendants' wrongdoing alleged herein and could not have discovered the true nature of Defendants' acts at any time prior to the filing of this complaint by exercise of due diligence because of the concealment of the wrongdoing by Defendants.  Accordingly, Plaintiffs' claims alleged herein are not barred by any applicable statute of limitations.

## COUNT ONE

### Breach of Contract and Warranty
### Orkin Exterminating Company, Inc.

56.     The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

57.     Plaintiffs and the Class entered into written contracts with Defendant and undertook obligations, paying premiums in full, renewing annually, and fully performed all obligations under the contracts.

58.     The conduct herein alleged breaches, and has breached, the provisions of Defendant's contracts with Plaintiffs and the Class and Plaintiffs' and the Class' predecessor(s) in interest, and the standardized warranties afforded Plaintiffs and the Class under their contracts. Defendant's conduct is such that it has made it impossible or impracticable for any mitigation of damages to occur.

Class Action Complaint

14

59.    Plaintiffs and class members have incurred damages proximately caused by Defendant's breaches of statutory and contractual duty, breaches of warranty, and misconduct described herein.

## COUNT TWO

### Equitable Relief
### Orkin Exterminating Company, Inc.

60.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

61.    Defendants uniformly represented in standardized printed material and by its actions that Plaintiffs' property and the property of the Class had been properly treated and otherwise protected from termite infestation using the highest standards and that services were provided in compliance with law.

62.    By virtue of entering into contracts with Plaintiffs and the Class, and Plaintiffs' and the Class' predecessor(s) in interest, Defendants were obligated to express covenants and further obligated to the implied covenant of good faith and fair dealing inherent in the making of any such contract.

63.    Defendants, in joint participation and conspiracy with, and knowingly aided and abetted by its agents, employees and representatives, knowingly and willfully evaded and intentionally, maliciously or negligently breached its aforesaid duties and covenants, including the duty to provide adequate termite insurance, treatment and inspection services by undertaking and implementing the deceptive practices described herein.

64.    Defendants acted with a malicious, reckless or negligent intent to deceive Plaintiffs and the Class, with a motive to obtain profit for themselves and to the detriment of the Class.

Class Action Complaint

15

65.     Defendants acted with knowledge and intent that its acts and omissions would violate the aforesaid express and implied covenants and would frustrate the goals and objectives inherent in said contracts.

66.     In equity, the Court should enjoin such continued wrongful conduct and order disgorgement of all monies wrongfully collected from Plaintiffs and the Class (plus interest) and reform existing agreements so as to comply with law and proper conduct.

## COUNT THREE

### Breach of Duty to Warn
### Orkin Exterminating Company, Inc.

67.     The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

68.     By virtue of Defendants' superior knowledge, the duties imposed upon CPOs under California statute and regulations, the duty imposed by the oligopoly held by CPO's for termite treatment, and the inferior knowledge of Plaintiffs and the class, Defendants had a duty to warn Plaintiffs and the Class about the expected duration of chemical barriers it was obligated to apply and maintain and the actions that customers needed to take in order to maintain the barrier once applied. Class members whose properties were protected by post-Chlordane termiticides should have been told that the chemicals wore off and were no longer effective within a reasonable time after the chemicals were applied. This duty is continuous and recurring.

69.     Defendant uniformly, continuously, intentionally, recklessly, maliciously and/or negligently failed to warn that termiticide barriers, even if properly applied, wear off over time and require maintenance and reapplication of additional chemicals to be effective. Defendants knew, or should have known, of the potential for property damage and cost of remedial measures that could proximately result from the failure to give said warnings. Instead, Defendants

1   continued to renew promises of termite protection in order to obtain money from Plaintiffs and

2   the Class when it knew that it was not providing termite protection services that had a reasonable

3   chance to succeed.

4       70.     Defendants' failure to warn has proximately caused Plaintiffs and class members

5   

6   to incur and suffer damage.

7                               **COUNT FOUR**

8               **Negligent Training, Supervision and Retention**
                **Orkin Exterminating Company, Inc.**

9       71.     The preceding paragraphs of this Complaint, and any additional factual averments

10  

11  set forth in any subsequent sections of this Complaint, are deemed to be repeated and

12  incorporated by reference in this Count.

13      72.     Defendant owed Plaintiffs and the class a duty of care and professionalism in the

14  rendition of pest control and termite inspection services, in training and supervising its employees

15  to perform those services in full compliance with the laws of the State of California, in not

16  engaging in or allowing its agents to engage in the wrongful practices herein alleged, in not

17  suppressing or concealing such activities, or enabling its agents to do so and in terminating or

18  otherwise disciplining those employees known to have violated company policies, state laws or

19  regulations by engaging in the misconduct herein alleged, or employees known to have

20  suppressed material information or to have made material misrepresentations to Plaintiffs and the

21  

22  Class.

23      73.     Defendant's duties owed to Plaintiffs and the Class in putting forth loyal, honest,

24  and fair dealing employees who act in compliance with State law arise from the special or

25  confidential relationship between the parties, California statutes and regulations governing the

26  termite industry, and Defendant's superior knowledge of the termite industry, its practices, and

27  Defendant and its practices.  Defendant and its employees and agents are among those exclusively

28

licensed by the State to provide termite protection and inspection services to homeowners.
Plaintiffs and the Class must rely on licensed professionals such as the agents of Defendant
because they are the only group that can provide such services by law.

74.    Defendant breached its duty by failing to conduct adequate training of its
employees prior to providing them with access to the public and authorizing them to conduct
termite investigations and use and/or apply chemicals to prevent infestation upon whom
Defendant and its employees knew Plaintiffs would reasonably rely in deciding to protect their
homes.

75.    Defendant breached its duty by failing to provide adequate supervision of its
employees, of its dealings with the public, or of its termite investigations/inspections or its
application of chemicals to prevent infestation and upon whom Defendant and its employees
knew Plaintiffs and the Class would reasonably rely in deciding to protect their homes.

76.    Defendant breached its duty by negligently retaining employees known to have
violated state and/or federal laws relating to application of termiticides at Plaintiffs' homes, and
negligently retained employees known to have violated Defendant's stated company policies and
procedures regarding treatments and inspections.

77.    Defendant's negligent retention of employees known to have engaged in the
misconduct described herein acted as ratification of such misconduct.

78.    Defendant breached the duties owed Plaintiffs and class members, and such
breaches arose out of the negligent or wanton conduct of Defendant and those who acted in
concert or conspiracy with it or acted as its agents, servants or employees, and in the line and
scope of its business and contractual and statutory and regulatory duties, to engage in material
misrepresentations to Plaintiffs and class members in order to preserve and protect the financial
interest of Defendant and those who acted in concert or conspiracy with it.

Class Action Complaint

18

79.    Defendant knew, or should have known, of the wrongful practices engaged in by its employees, and knew or should have known that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public from unscrupulous, dishonest, and deceptive practices by its agents and employees.  Defendant knew, or should have known, that its policies and practices in training, supervising, and retaining such employees were inadequate to prevent or detect the misconduct described herein, and such inadequate policies and practices thus were the actual and proximate cause of Plaintiffs' injuries.

80.    Plaintiffs and class members have incurred damages proximately caused by Defendant's negligence in training, supervising, and retaining its employees, breaches of statutory and contractual duty, and misconduct described herein.

## COUNT FIVE

### California UCL
**(Business and Professions Code § 17500 *et seq.*)**
**All Defendants**

81.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

82.    Plaintiffs assert this cause of action for violations of Business and Professions Code § 17500.

83.    Advertisements and inducements were made within the State of California and County of Alameda and come within the definition of advertisements as contained in Business and Professions Code § 17500 in that such promotional materials are an inducement to the public to purchase the services described herein, and are statements disseminated by Defendants to the general public.  Defendants have illegally retained payments for services they did not supply.

84.    In furtherance of said plan and scheme, Defendants have prepared and distributed within the State of California false promotional materials soliciting clients to purchase termite

Class Action Complaint

19

service contracts that it had no intention of performing as it represented and implied it would do. The above acts of Defendants, in disseminating said statements throughout the State of California and to the general public thereof, were and are untrue or misleading, and therefore were and are likely to deceive the general public of the State of California by obfuscating the nature of termite protection and what service is actually required to protect consumers' property from termites, all in violation of California Business and Professions Code § 17500.

85.    As a result of the above violations of Business and Professions Code § 17500, plaintiffs, on behalf of the People of the State of California pursuant to Business and Professions Code § 17535, are entitled to an order of this court enjoining such future conduct on the parts of defendants, and such other orders and judgments which may be necessary, including the appointment of a receiver, to restore to any person in interest any money paid for services that were not provided, as a result of the acts of defendants.

## COUNT SIX

### California UCL
**(Business and Professions Code § 17200 *et seq.*)**
**All Defendants**

86.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

87.    Plaintiffs and the class assert this cause of action seeking equitable relief for violations of Business and Professions Code §§ 17200 and 17500.

88.    Such acts of Defendants as described above constitute unfair, unlawful and fraudulent business practices and constitute violations of California Business and Professions Code §§ 17200 and 17500.

89.    As a result of the business practices described above, Plaintiffs, on behalf of the People of the State of California and pursuant to Business and Professions Code § 17203 are

Class Action Complaint                                    20

entitled to an order enjoining such future conduct on the part of Defendants, and such other orders and judgments which may be necessary, including the appointment of a receiver, to restore to any person in interest any money paid for termite protection plans, as a result of the acts of Defendants.

## COUNT SEVEN

### Violation of Consumers Legal Remedies Act (Civil Code §1750, et seq.) – All Defendants

90.     The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

91     On or about July 2, 1999, Defendants sold to Plaintiffs a termite control plan called "Subterranean Termite Retreatment Bait Agreement."

92.     The termite control plan was bought by Plaintiffs primarily for personal, family, or household purposes.

93.     At the time of the sale, Defendants represented to Plaintiffs, in a writing entitled "Subterranean Termite Bait Re-treatment Guarantee," that the termite service contract would kill termites that attempted to infest Plaintiffs' dwelling and that the regularly scheduled maintenance was necessary to maintain this protection. In fact the termite control plan was substantially defective in that the protection offered did not kill termites and the regular maintenance offered no additional protection.

94.     Plaintiff is informed and believes and thereon alleges that the above-mentioned misrepresentation was intended by Defendant to result in the above-mentioned sale of the termite service contract to Plaintiffs, and Plaintiffs allege that the above-mentioned purchase of the termite control plan was made in reliance on, and as a result of, the representation of defendant

Class Action Complaint

21

1  that such termite control plan was free from any substantial defects.

2      95.    Plaintiff is informed and believes and thereon alleges that the above-mentioned

3  misrepresentation was a willful and intentional violation of the provisions of Civil Code Section

4  1770(a)(7) and that such violation was not the result of a bona fide error notwithstanding the use

5
6  of reasonable procedures adopted to avoid any such error.

7      96.  On or about August 20, 2007, plaintiff sent to defendant a written Notice and

8  Demand, by certified mail, return receipt requested, to Defendant's business address set forth in

9
10  the "Subterranean Termite Bait Re-treatment Guarantee " which Notice and Demand notified

11  Defendant of the above-mentioned violation of Civil Code Section 1770(a)(7) that resulted in the

12  sale of the termite control plan to Plaintiffs and demanded that Defendant correct, repair, replace,

13  or otherwise rectify the termite control plan purchased by Plaintiffs and sold in violation of this

14  section.

15      97. Within 30 days of the Defendants' receipt of the Notice and Demand, Defendant failed

16
17  to correct, repair, replace, or otherwise rectify, and failed to agree to correct, repair, replace, or

18  otherwise rectify within a reasonable time, the above-mentioned termite control plan.

19      98. By reason of the above-mentioned violation of Civil Code Section 1770(a)(7),

20
21  Plaintiffs have been injured in that Plaintiffs were obliged to and did pay Defendants for a plan

22  that was promised to provide a benefit that it, in fact, failed to provide.

23                    **PRAYER FOR RELIEF**

24      WHEREFORE, the foregoing averments considered, Plaintiffs demand judgment for

25  themselves as follows:

26      (A)    Compensatory damages against Defendants according to proof.

27      (B)    Incidental and consequential damages against Defendants according to proof.

28

Class Action Complaint                    22

1    (C)    Equitable relief against Defendants in accordance with proof.

2    (D)    Punitive damages according to proof.

3    (E)    An order that Defendants compensate Plaintiffs for all reasonable fees and costs

4    incurred in this litigation, including but not limited to the cost of retaining any expert and all

5    discovery and deposition costs and expenses, and other costs of this litigation, as costs of this

6    action, and awarding Plaintiffs their reasonable attorneys' fees and expenses of this action; and

7    (F)    Granting such other and further relief, including, without limitation, injunctive

8    relief, declaratory relief, specific performance relief and other forms of equitable relief, as may be

9    just, premises considered.

10

11                                    **JURY TRIAL**

12    Plaintiffs demand a jury trial in the above-captioned action.

13

14    Dated: October 19, 2007

15

16                                    H. Tim Hoffman
                                      Arthur W. Lazear
17                                    Morgan M. Mack
                                      Hoffman & Lazear
18                                    A California Law firm

19                                    Christian Hartley
                                      Dan Bradley
20                                    Richardson, Patrick, Westbrook & Brickman, LLC
                                      174 E. Bay Street
21                                    Charleston, SC  29401
                                      Telephone: (843) 727-6564
22                                    Facsimile:  (843) 727-3103

23                                    Tom Campbell,
                                      Campbell Law
24                                    100 Concourse Parkway
                                      Suite 115
25                                    Birmingham, AL  35244
                                      Telephone: (205) 278-6650
26                                    Facsimile:  (205) 278-6654

27

28

Class Action Complaint                          23