1  Mark L. Eisenhut, Bar No. 185039
2  Matthew R. Orr, Bar No. 211097
   CALL, JENSEN & FERRELL
3  610 Newport Center Drive, Suite 700
   Newport Beach, CA 92660
4  Tel.: (949) 717-3000
   Fax: (949) 717-3100
5  meisenhut@calljensen.com
6  morr@calljensen.com

7  Of Counsel:

8  Michael W. Davis, Esq.
   T. Robert Scarborough, Esq.
9  Kara L. McCall, Esq.
10 SIDLEY AUSTIN LLP
   1 S. Dearborn Street
11 Chicago, IL 60603
   Tel.: (312) 853-7000
12 Fax: (312) 853-7036
13 tscarborough@sidley.com
   kmccall@sidley.com
14
15 Douglas B. Brown, Esq.
   Daniel Gerber, Esq.
16 RUMBERGER, KIRK & CALDWELL, P.A.
   Lincoln Plaza, Suite 1400
17 300 South Orange Avenue
   Orlando, Florida 32802-1873
18 Tel.: (407) 872-7300
   Fax: (407) 841-2133
19 dbrown@rumberger.com
20 dgerber@rumberger.com

21 Attorneys for Defendants Orkin Exterminating
   Company, Inc., n/k/a/ Orkin, Inc., and Rollins, Inc.
22

23            **UNITED STATES DISTRICT COURT**

24            **NORTHERN DISTRICT OF CALIFORNIA**

25 RONALD KRZYZANOWSKY AND          | Case No. C07-05362 JL
   ILEANA KRYZANOWSKY on behalf of  |
26 themselves and all others similarly situated, | **DEFENDANTS ORKIN**
                                     | **EXTERMINATING COMPANY, INC.**
27         Plaintiffs,              | **(n/k/a/ ORKIN, INC.) AND ROLLINS,**
                                     | **INC.'S ANSWER AND SEPARATE**
28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07          - 1 -                      C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

vs.

ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC.

Defendants.

**OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL.**

Complaint Filed:  October 19, 2007
Trial Date:       None Set

Defendants Orkin Exterminating Company, Inc. (n/k/a Orkin, Inc.) ("Orkin") and Rollins, Inc. ("Rollins" and, together with Orkin, "Defendants"), by and through their undersigned counsel, file this Answer and Separate or Additional Defenses to Plaintiffs' Class Action Complaint ("Complaint"), and state as follows:

## INTRODUCTION

1.    Denied.

2.    Denied.

## PARTIES

3.    Defendants are without knowledge or information as to the truth of the allegations in Paragraph 3, which are therefore denied.

4.    Admitted that Rollins registered with the State of California on October 16, 1996. Admitted that Rollins is a Delaware Corporation with its principal place of business in Georgia and further admitted that Rollins – through one or more of its wholly-owned subsidiaries – conducts business in California. Each and every other allegation in Paragraph 4 is denied.

5.    Admitted that Orkin registered with the State of California on August 19, 1964. Admitted that Orkin is a Delaware corporation with its principal place of business in Georgia and further admitted that Orkin conducts business in California.

CALL, JENSEN & FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07          - 2 -          C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1   Admitted that Orkin is a wholly-owned subsidiary of Rollins. Admitted that Orkin was

2   and is a licensed termite and pest control company in the State of California (License

3   No. PR 0384), and maintains and operates offices in California. Admitted that, based

4   on its Annual Report, in 2004, Rollins' wholly-owned subsidiaries provided pest control

5   services and protection against termite damage, rodents, and insects to approximately

6   1.7 million customers in the United States, Canada, and Mexico from over 400

7   locations. The remaining allegations in Paragraph 5 are denied.

8       6-11. Paragraphs 6 through 11 of Plaintiffs' Complaint appear to have been

9   omitted or mislabeled. Consequently, Defendants are without knowledge or

10  information as to the substance of any allegations in Paragraphs 6 through 11, which are

11  therefore denied.

12      12.   Defendants admit that Plaintiffs purport to use the term "plaintiff(s)" as set

13  forth in this Paragraph. Defendants deny that such use of the term is appropriate and, in

14  fact, such use creates such vagueness and ambiguity in the Complaint so as to prejudice

15  Defendants in assessing and analyzing the Complaint and formulating their response

16  thereto. Defendants also deny that Plaintiffs are adequate class representatives or that

17  class or subclass certification is appropriate. Defendants deny any remaining

18  allegations in Paragraph 12.

19      13.   Defendants admit that Plaintiffs purport to use the term "defendant" as set

20  forth in this Paragraph. Defendants deny that such use of the term is appropriate and, in

21  fact, such use creates such vagueness and ambiguity in the Complaint so as to prejudice

22  Defendants in assessing and analyzing the Complaint and formulating their response

23  thereto. Defendants deny any remaining allegations in Paragraph 13.

24      14.   Admitted that Orkin provides termite protection services in California to

25  those with whom it contracts and was and is a licensed termite and pest control

26  company in the State of California. Further admitted that Orkin is a wholly-owned

27  subsidiary of Rollins. The remaining allegations in Paragraph 14 are denied.

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

15.    Admitted that Orkin's Annual Report includes operating profit, assets, and liabilities of Orkin. The remaining allegations in Paragraph 15 are denied.

16.    Denied.

17.    Admitted that Orkin conducts business in the Northern District of California, including Alameda County, and provided termite control services from its California offices under a contract with one of the Plaintiffs. Defendants are without knowledge or information as to the truth of the remaining allegations in Paragraph 17, which are therefore denied.

## JURISDICTION AND VENUE

18.    Admitted that Defendants are incorporated in, or have their principal place of business in the States of Delaware and Georgia. Further admitted that, based on the allegations of the Complaint, this Court has jurisdiction over this matter. Defendants admit that Plaintiffs contends that their aggregated damages exceed $5 million, but deny any liability. Each and every other allegation of Paragraph 18 is denied.

19.    Admitted that venue is technically proper in the Northern District of California. Each and every other allegation in Paragraph 19 is denied.

20.    Defendants are without knowledge or information as to the truth of the allegations in Paragraph 20, which are therefore denied.

## FACTS COMMON TO ALL COUNTS

21.    Admitted that Defendants entered into contracts to provide termite protection services to its customers in accordance with the contract terms, applicable law, and industry standards. The terms of the agreements speak for themselves. While Orkin strives to fully satisfy and perform all its obligations, it would have to review the individualized facts and circumstances of the class representative and of each putative class member, including an inspection of the property by experts, in order to respond

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                      - 4 -                           C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1   specifically as to each customer's circumstances. Each and every other allegation in
2   Paragraph 21 is denied.

3       22.    Denied.

4       23.    Denied.

5       24.    Denied.

6       25.    Denied.

7       26.    Denied.

8       27.    Denied.

9       28.    Denied.

10      29.    Admitted that Orkin entered into an agreement for termite control services
11  with one of the Plaintiffs. The terms of the Agreement speak for themselves.
12  Defendants are without knowledge or information as to the truth of the remaining
13  allegations in Paragraph 29, which are therefore denied.

14      30.    The terms of the Agreements speak for themselves. Further, while Orkin
15  strives to fully satisfy and perform all its obligations, it would have to review the
16  individualized facts and circumstances of the class representative and each putative
17  class member, including an inspection of the property by experts, in order to respond
18  specifically as to each customer's circumstances. Denied that the contract between the
19  named Plaintiff and Orkin included a repair guarantee. Each and every other allegation
20  in Paragraph 30 is denied.

21      31.    Admitted that Orkin's contracts and guarantees have contained certain
22  express terms and conditions. Denied that the contract between the named Plaintiff and
23  Orkin included a repair guarantee. Each and every other allegation in Paragraph 31 is
24  denied.

25      32.    Admitted that Orkin has, at times, conducted internal surveys of termite
26  prevention and control practices. Each and every other allegation in Paragraph 32 is
27  denied.

28      33.    Denied.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                     - 5 -                          C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1    34.    Admitted that Orkin ceased using Chlordane-based termiticides in the

2  1980's. Each and every other allegation in Paragraph 34 is denied.

3    35.    The reference to "guarantee(s)" is vague and ambiguous, and as such Orkin

4  lacks sufficient information or belief to respond to the first sentence of Paragraph 35

5  and therefore denies the same. Each and every other allegation in Paragraph 35 is

6  denied.

7    36.    Admitted that when the terms and conditions of the contracts it entered into

8  with its customers called for it, Orkin performed initial pretreatment or post-

9  construction termite treatments of properties and issued various forms of limited

10  guarantees. While Orkin always strives to fully satisfy and perform all its obligations, it

11  would have to review the individualized facts and circumstances of each putative class

12  member in order to respond specifically as to each customer's circumstances. Each and

13  every other allegation in Paragraph 36 is denied.

14    37.    Denied.

15    38.    Denied, including all subparagraphs.

16    39.    Denied.

17    40.    Admitted that Orkin is a licensed Structural Pest Control Operator and held

18  itself out to the public generally as such.    Admitted that Orkin did engage in

19  advertisement and other promotion in the State of California, and that Orkin stated that

20  it was a qualified pest control company, but denied that those advertisements or

21  promotions were false or misleading. Each and every other allegation in Paragraph 40

22  is denied.

23    41.    Denied.

24    42.    Denied.

25  / / /

26  / / /

27  / / /

28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                              - 6 -                              C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

CLASS ACTION ALLEGATIONS

43.    Admitted that Plaintiffs purport to bring this action as representatives of a class, but Defendants deny that class certification is appropriate. Each and every other allegation in Paragraph 43 is denied.

44.    Admitted that Plaintiffs purport to bring this action as representatives of the class identified in Paragraph 44, but Defendants deny that class certification is appropriate or that the class is appropriately defined. Each and every other allegation in Paragraph 44 is denied.

45.    Admitted that Plaintiffs purport to bring this action as representatives of a class, but Defendants deny that class certification is appropriate. Each and every other allegation in Paragraph 45 is denied.

46.    Given the vagueness and ambiguity of the purported class definition, Defendants are without knowledge or information sufficient to respond to Paragraph 46 and therefore, deny the allegations in Paragraph 46.

47.    Denied, including all subparagraphs.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Defendants are without knowledge or information sufficient to respond to Paragraph 53 and therefore, deny the allegations in Paragraph 53.

54.    Defendants are without knowledge or information as to what Plaintiffs or the putative class members "envision" and therefore, deny the allegations in Paragraph 54. Defendants further deny that the class proposed by Plaintiffs would be manageable.

55.    Denied.

/ / /

/ / /

CALL, JENSEN & FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

COUNT ONE

2

Breach of Contract and Warranty

3

Orkin Exterminating Company, Inc.

4     56.     Defendants incorporate the responses to Paragraphs 1-55 as if fully set

5 forth herein.

6     57.     Admitted that one of the Plaintiffs appears to have executed a termite

7 control agreement with Orkin. Defendants are without knowledge or information

8 sufficient to respond to the remaining allegations in Paragraph 57 and therefore, deny

9 the remaining allegations in Paragraph 57.

10     58.     Denied.

11     59.     Denied.

12

13

COUNT TWO

14

Equitable Relief

15

Orkin Exterminating Company, Inc.

16     60.     Defendants incorporate the responses to Paragraphs 1-59 as if fully set

17 forth herein.

18     61.     The references to "standardized printed material" and "its actions" are

19 vague and ambiguous, and as such Orkin lacks sufficient information or belief to

20 respond to Paragraph 61, and therefore denies same.

21     62.     To the extent Plaintiffs purport to characterize the legal significance or

22 effect of contractual provisions between Orkin and any other party, such allegations call

23 for a legal conclusion to which no response is required. Defendants deny the remaining

24 allegations in Paragraph 62.

25     63.     Denied.

26     64.     Denied.

27     65.     Denied.

28     66.     Denied.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                    - 8 -                    C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

## COUNT THREE

Breach of Duty to Warn

Orkin Exterminating Company, Inc.

67.    Defendants incorporate the responses to Paragraphs 1-66 as if fully set forth herein.

68.    To the extent Plaintiffs purport to characterize the legal significance or effect of a California statute or regulation, such allegations call for a legal conclusion to which no response is required. Defendants deny the remaining allegations in Paragraph 68.

69.    Denied.

70.    Denied.

## COUNT FOUR

Negligent Training, Supervision and Retention

Orkin Exterminating Company, Inc.

71.    Defendants incorporate the responses to Paragraphs 1-70 as if fully set forth herein.

72.    To the extent Plaintiffs purport to characterize the legal significance or effect of a California statute or regulation, such allegations call for a legal conclusion to which no response is required. Defendants deny the remaining allegations in Paragraph 72.

73.    To the extent Plaintiffs purport to characterize the legal significance or effect of a California statute or regulation, such allegations call for a legal conclusion to which no response is required. Defendants deny the remaining allegations in Paragraph 73.

74.    Denied.

75.    Denied.

76.    Denied.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                    - 9 -                    C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1    77.    Denied.

2    78.    Denied.

3    79.    Denied.

4    80.    Denied.

5

6                          COUNT FIVE

7                          California UCL

8         (Business and Professions Code § 17500 *et seq.*)

9                          All Defendants

10       81.    Defendants incorporate the responses to Paragraphs 1-80 as if fully set

11   forth herein.

12       82.    Admitted that Plaintiffs purport to bring an action pursuant to the cited

13   statute, but Defendants deny liability and also deny that the relief sought is appropriate.

14   Each and every other allegation in Paragraph 82 is denied.

15       83.    To the extent Plaintiffs purport to characterize the legal significance or

16   effect of a California statute or regulation, such allegations call for a legal conclusion to

17   which no response is required.  Defendants deny the remaining allegations in Paragraph

18   83.

19       84.    Denied.

20       85.    Denied.

21

22                          COUNT SIX

23                          California UCL

24        (Business and Professions Code § 17200 *et seq.*)

25                          All Defendants

26       86.    Defendants incorporate the responses to Paragraphs 1-85 as if fully set

27   forth herein.

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                    - 10 -                    C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

87.    Admitted that Plaintiffs purport to bring an action pursuant to the cited statutes, but Defendants deny liability and also deny that the relief sought is appropriate. Each and every other allegation in Paragraph 87 is denied.

88.    To the extent Plaintiffs purport to characterize the legal significance or effect of a California statute or regulation, such allegations call for a legal conclusion to which no response is required.  Defendants deny the remaining allegations in Paragraph 88.

89.    Denied.

## COUNT SEVEN

Violation of Consumers Legal Remedies Act

(Civil Code § 1750 *et seq.*)

All Defendants

90.    Defendants incorporate the responses to Paragraphs 1-89 as if fully set forth herein.

91.    Admitted that Orkin entered into a termite control agreement purportedly signed by one of the Plaintiffs.  Defendants are without knowledge or information sufficient to respond to the remaining allegations in Paragraph 91 and therefore, deny the remaining allegations in Paragraph 91.

92.    Defendants are without knowledge or information sufficient to respond to the allegations in Paragraph 92 and therefore, deny the allegations in Paragraph 92.

93.    Denied.

94.    Denied.

95.    To the extent Plaintiffs purport to characterize the legal significance or effect of a California statute or regulation, such allegations call for a legal conclusion to which no response is required.  Defendants deny the remaining allegations in Paragraph 95.

96.    Denied.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                                - 11 -                                C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

97.    Denied.

98.    Denied.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

2                          SEPARATE OR ADDITIONAL DEFENSES

3            1.      Defendants specifically reserve all separate or additional defenses

4     that they may have against the putative class members.  It is not necessary at this time

5     for Defendants to delineate such defenses against the putative class members because

6     no class has been certified and the putative class members are not parties to the

7     litigation.

8

9            2.      Orkin affirms its arbitration rights and asserts that any such

10    arbitration agreements between Orkin and the class members are valid and enforceable.

11

12                          Failure To State Claims/Due Process[1]

13           3.      The Complaint fails to state a claim for which relief can be granted.

14

15           4.      Plaintiffs fail to plead with the required particularity their claims for

16    false advertising, unfair competition, violations of the Consumers Legal Remedies Act,

17    and punitive damages.  This failure has denied Defendants due process and notice of

18    the specific claims and damages asserted against them.

19

20           5.      Defendants allege that the imposition of punitive and/or exemplary

21    damages constitutes an impermissible restriction on speech, in violation of the

22    California Constitution, Georgia Constitution, and the First Amendment to the United

23    States Constitution.

24

25           6.      Defendants allege that the imposition of punitive and/or exemplary

26    damages violates Defendants' rights to due process.

27
    _____
[1] Headings are provided solely as a courtesy to the reader.  They are not intended to limit or affect, in
28   any way, the interpretation of the listed defenses.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

7.    To the extent Plaintiffs fail to demonstrate that every putative class member entered into a valid contract with Defendants, any finding of liability on a class-wide basis would violate Defendants' rights under the due process clause of the United States Constitution, the Georgia Constitution, and the California Constitution.

8.    To the extent Plaintiffs fail to demonstrate every putative class member's performance under his or her contract, any finding of liability on a class-wide basis would violate Defendant's rights under the due process clause of the United States Constitution, the Georgia Constitution, and the California Constitution.

9.    To the extent Plaintiffs fail to demonstrate that Defendants failed to perform with respect to every putative class member, any finding of liability on a class-wide basis would violate Defendants' rights under the due process clause of the United States Constitution, the Georgia Constitution, and the California Constitution.

10.    To the extent Plaintiffs fail to demonstrate that every putative class member sustained cognizable damages as a result of Defendants' actions, any finding of liability on a class-wide basis would violate Defendants' rights under the due process of the United States Constitution, the Georgia Constitution, and the California Constitution.

### Defendants' Compliance with Obligations

11.    Orkin properly and fully performed its obligations under the Agreement with the named Plaintiffs, and under any applicable agreements with any putative class members.

12.    All methods used to carry out the terms and obligations of the Agreement for Plaintiffs, and any applicable agreements with any other putative class members, though such methods may vary from one circumstance to another, were

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                              - 14 -                              C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1  consistent with the most current state-of-the-art technology and knowledge found
2  within the standard practices of the industry as a whole.

3

4                    Ratification, Waiver, Estoppel, Voluntary Payment

5          13.    The claims of Plaintiffs and some or all putative class members are
6  barred in whole or in part by the doctrines of ratification, waiver, and estoppel by,
7  among other reasons, their continual payment of annual renewal fees and their actual
8  knowledge of any alleged breach, violation of state law, or injury.

9

10         14.    Plaintiffs and some or all putative class members ratified limitations
11 on their remedies, waived claims related to such limitations, or are estopped from
12 asserting such claims by, among other things, renewing and extending the Agreements
13 at issue in this action.

14

15         15.    Plaintiffs and some or all putative class members waived their rights
16 to obtain repair damages for damage caused by subterranean termites by, among other
17 things, failing to correct the conditions conducive to subterranean termite infestation.

18

19         16.    Orkin reasonably relied on Plaintiffs' and putative class members'
20 conduct as set forth above. In addition, Orkin reasonably relied on the agreements of
21 Plaintiffs and some putative class members to correct structural and mechanical
22 problems resulting in water leakage inside Plaintiffs' and some or all putative class
23 members' houses that may destroy the effectiveness of Orkin's treatment and allow
24 termites to continue to exist. In reasonable reliance on Plaintiffs' and putative class
25 members' agreements to make any repairs necessary to correct such structural and
26 mechanical problems, Orkin allowed Plaintiffs and putative class members to continue
27 to renew their Agreements.

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

17.    Plaintiffs and some or all putative class members are estopped from claiming that they are entitled to repair damages because their houses were not eligible for a repair contract based on their construction or current or past subterranean termite infestation, or because they paid a lower renewal rate and purchase price based upon the limited guarantee.

18.    The claims of Plaintiffs and some or all putative class members are barred by the voluntary payment doctrine because Plaintiffs and putative class members voluntarily paid the amounts billed to them for charges relating to their homes about which they now complain with full knowledge of the facts and circumstances pursuant to which such amounts were billed and paid.

### Release and Accord/Satisfaction

19.    In the ordinary course of its business, Orkin resolved claims with many putative class members as part of the claims adjustment process. Such claims are barred in whole or part by the doctrine of accord and satisfaction, or by written releases executed by some putative class members.

20.    Written releases executed by some putative class members require arbitration of any future claims arising under their contract with Orkin.

### Lack of Standing

21.    Plaintiffs and some putative class members do not have standing to the extent they are asserting claims based upon alleged misrepresentations to third persons, including predecessor owners of their homes.

/ / /

/ / /

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07    - 16 -    C07-05362 JL

DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

<u>Statute of Limitations/Laches</u>

22.    All of Plaintiffs' and putative class members' claims are barred in whole or in part by the applicable statutes of limitations including, but not limited to, California Civil Code Section 1783 and Code of Civil Procedure Sections 337(1), 338(a), 338(d), 339, 340(1), 340(2), 340(3), and/or 343, and/or similar provisions under Georgia law. Plaintiffs allege to have entered into an Agreement with Orkin on or about July 2, 1999, and further allege that the initial treatments of their properties took place soon after execution of the Agreement. The statutes of limitations for each of the counts in the Complaint are at most four years, depending upon the claim. Therefore, any claims arising at or near the time of contracting, such as but not limited to claims arising out of Orkin's advertising or the Agreement itself, expired as of July 2, 2003, at the latest. However, Plaintiffs did not bring suit until October 19, 2007. Additionally, all claims based upon re-treatments and re-inspections conducted more than four years before the initial Complaint's filing are also barred by the applicable statutes of limitations.

23.    Whether contract terms are unconscionable is determined at the time of the contract's execution. Thus, Plaintiffs' claims and the claims of some putative class members based upon unconscionability or the inadequate disclosure of contract terms are barred by the statute of limitations.

24.    All of Plaintiffs' and some or all putative class members' claims are barred in whole or in part by the doctrine of laches. Among other reasons, Plaintiffs and putative class members knew of any alleged contractual breach, violation of state law, or injury many years ago. The late filing of claims materially prejudices Defendants by the natural loss of witnesses, memories, and other evidence. Plaintiffs' and some putative class members' failure to promptly pursue appropriate action in the

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                    - 17 -                    C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1  absence of any reasonable or adequate explanation constitutes laches and inequitable
2  conduct that would bar relief.

3

4                          Plaintiffs' Breach of Duties

5       25.    Plaintiffs' and putative class members' claims are, or may be, barred
6  or reduced by the provisions of the general terms and conditions of the Agreements
7  and/or other relevant agreements and the express and implied terms of any guarantee.
8  For example, and without limitation:

9              (A)    Plaintiffs and putative class members may have failed to
10  notify Orkin of modifications that disrupted Orkin's termiticide barrier (as required by
11  the Agreement), which caused termite infestation and damage.

12             (B)    Plaintiffs and putative class members expressly and implicitly
13  promised to do nothing that would hinder or obstruct Orkin in carrying out its
14  obligations under the Agreements.  Plaintiffs and some putative class members may
15  have breached this duty by failing to eliminate moisture problems and construction
16  defects conducive to termite infestation.   The construction problems may have
17  included, but are not limited to, roof leaks, failure to waterproof, poor maintenance,
18  failure to paint the exterior, plumbing leaks, wood-to-ground contact, stucco below
19  grade, ineffective gutters, poor roof design, use of substandard materials in the
20  construction and repair of their properties, failure to properly seal the houses and air
21  conditioner drip-lines, cellulose debris, and several inaccessible areas..

22             (C)    Plaintiffs and putative class members may have failed to
23  permit Orkin access to treat or inspect their properties, or failed to request an inspection
24  from Orkin.

25  / / /
26  / / /
27  / / /
28  / / /

CALL, JENSEN & FERRELL A PROFESSIONAL CORPORATION

ORK01-02:328347_5:12-3-07          - 18 -                    C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

<u>Causation</u>

2       26.    Any act or omission of Orkin related to the carrying out of the

3   Agreement was not the proximate cause of damages alleged by Plaintiffs or putative

4   class members.  For example and without limitation:

5              (A)    Damages suffered by Plaintiffs and putative class members, if

6   any, were a result of latent structural defects to their houses, which caused excessive

7   moisture damage to the properties, or wood-to-ground or stucco-to-ground contact,

8   which destroyed the protective termiticide barrier.

9              (B)    Damages suffered by Plaintiffs and putative class members, if

10  any, were a result of the design, construction, and maintenance of their houses, or

11  inadequate pre-construction termite treatment.

12             (C)    Damages suffered by Plaintiffs and putative class members, if

13  any, were caused by third parties providing pest control services or other third parties

14  who were responsible for repairing the houses in question.

15

16

<u>Mitigation</u>

17      27.    Plaintiffs and some or all putative class members may have failed to

18  mitigate their damages by, among other reasons, failing to keep their houses reasonably

19  free from moisture, by failing to make repairs, performing repairs in a substandard

20  manner, using inferior materials, failing to take reasonable steps to protect the property

21  (including roofs and gutters), allowing moisture inside the property, substandard water-

22  proofing, failing to properly fix air conditioner drip lines, failing to repair and paint

23  certain areas of the buildings, failing to remove wood-to-ground contact, and/or failing

24  to make recommended modifications after the initial inspection.

25

26      28.    Plaintiffs' and putative class members' claims are barred in whole or

27  in part because they may have failed to follow, or delayed following, Orkin's

28  recommendations, including but not limited to recommendations to remove form board,

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                    - 19 -                    C07-05362 JL

DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1   stakes and wood debris, make the garage accessible, cut the exterior siding, modify
2   wood-to-ground contact, or stucco above grade level; aim the sprinkler systems away
3   from their houses; remove mulch against their houses; correct mechanical problems
4   within their houses that contributed to moisture; keep landscaping below the exterior
5   siding; and correct other conducive conditions present at their houses.

6
7                           Contractual Limitations on Liability

8          29.    Plaintiffs' and putative class members' claims for damages are
9   barred as the Agreement was purely a re-treatment only contract and did not provide for
10  repair provisions. Plaintiffs and some putative class members agreed to buy, and Orkin
11  decided to sell, the Agreements on the condition that Orkin would not be responsible
12  for damages to the customer's home or its contents caused by an infestation of
13  subterranean termites. The contractual limitations are presumptively enforceable and
14  must be enforced absent individualized proof of material misconduct that was
15  intentional in nature and/or constitutes an independent tort.

16
17         30.    The general terms and conditions of many of the Agreements state,
18  "[t]he Customer agrees to be solely responsible for maintaining the Treated Premises
19  free from any condition conducive to termite infestation." The homes of Plaintiffs and
20  some putative class members may have had severe moisture and structural conditions
21  supporting termites, which they failed to remedy. The structural problems may include
22  but are not limited to roof leaks, failure to waterproof, poor maintenance, failure to
23  paint the exterior, stucco-to-ground contact, wood-to-ground contact, plumbing leaks,
24  ineffective gutters, poor roof design, use of substandard materials during construction
25  and repair at the properties, failure to properly seal their houses and air conditioner
26  drip-lines, and material design or construction deficiencies that may have contributed to
27  any subterranean termite infestations.
28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

31.    Pursuant to the terms and conditions of the guarantees in use by Orkin, Orkin is not responsible for any damage to Plaintiffs' or the putative class members' homes.

32.    Orkin is not liable for damages under, among other provisions, paragraphs one, two, and six of the General Terms and Conditions. The contract limits Orkin's responsibilities to retreating only those areas where there is an active reinfestation.

## Comparative Fault

33.    Defendants affirmatively state that liability found on the part of the Defendants, if any, and any damages awarded in favor of Plaintiffs and putative class members, if any, are subject to the comparative fault provisions of Georgia and/or California Law, and Defendants cannot be liable for more than their proportionate share of any damages awarded.  Moreover, Defendants also state that Plaintiffs and putative class members have greater comparative fault than the Defendants and these Defendants cannot be liable for more than their proportionate share of damages awarded.  Further, pursuant to Georgia and/or California Law, any damages awarded to Plaintiffs and putative class members are subject to apportionment by the jury of the total fault of all participants in the incidents, including Plaintiffs and non-parties, including the original builders of the houses.

## Consumers Legal Remedies Act ("CLRA")

34.    To the extent the class definition includes claims of non "Consumers" or claims that do not involve "goods" or "services" (as those terms are defined under California Civil Code Section 1761), the CLRA does not apply to such claims, and therefore any such individuals have no claim under the CLRA.

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07          - 21 -          C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

1    35.    Some or all of the conduct complained of is protected under the

2  "safe harbor" provided under California Civil Code Section 1784.

3

4    36.    Plaintiffs have failed to adequately notify Defendants of the method,

5  act, or practice declared unlawful under California Civil Code Section 1782.

6

7                          FIFRA Preemption

8    37.    Federal    law    under    the    Federal    Insecticide,    Fungicide    and

9  Rodenticide Act ("FIFRA"), 7 U.S.C. §136, *et seq.*, preempts any claims made by

10  Plaintiffs regarding Orkin's compliance with labeling requirements in carrying out the

11  terms and obligations of termite contacts.    Insofar as any claim is based on the

12  adequacy or effectiveness of the termiticides used at the properties, or representations

13  about the adequacy or effectiveness of the termiticides used at the properties, FIFRA

14  preempts the claims because Orkin used EPA-approved termiticides.    Alleged "false

15  advertising" as a basis for a claim is also preempted by FIFRA insofar as the

16  advertising relates to the effectiveness of the EPA-approved termiticides.

17

18                Parole Evidence Rule and Statute of Frauds

19    38.    If Plaintiffs and putative class members are relying on oral promises

20  made by any of the Defendants in forming their allegations, their reliance on these

21  statements is barred by the parole evidence rule, the statute of frauds, or the express

22  terms of the Agreements in use by Orkin at the relevant time.

23

24                          Equitable Relief

25    39.    Plaintiffs are not entitled to equitable relief because, among other

26  reasons, they have not alleged that there is an inadequate remedy at law.

27  / / /

28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

40.    Equitable claims are barred by the Doctrine of "Unclean Hands." This affirmative defense also applies insofar as Plaintiffs seek injunctive relief, declaratory relief, and any other relief by which Plaintiffs and putative class members seek to invoke the Court's equitable powers.

41.    A violation of a cause of action in Plaintiffs' Complaint, if any, does not render the Agreements void or otherwise provide a basis for restitution.

42.    Plaintiffs cannot maintain an action for restitution or unjust enrichment because they are parties to an express contract.  Moreover, restitution is a remedy that must be sought promptly.

43.    The granting of class-wide declaratory or injunctive relief absent a jury trial would be improper and violate Defendant's due process rights under the constitution of the United States, Georgia, and/or California because the resolution of Plaintiffs' and putative class members' claims involve disputed issues of fact.

Economic Loss Rule

44.    Plaintiffs' and putative class members' non-contractual claims are barred, in whole or in part, by the economic loss rule.

Damages/Set-Off

45.    Defendants are entitled to any setoffs or reductions in liability from collateral sources available to Plaintiffs and putative class members.

46.    Defendants are entitled to a setoff for all payments made by any and all alleged joint tortfeasors.

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07          - 23 -                    C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

47.    Defendants are entitled to a setoff of the value of services provided or refunds already provided.

48.    Defendants are entitled to credit for previous payments for repairs.

49.    Plaintiffs and putative class members must elect their remedies. They can not recover breach of contract damages and then seek restitution damages based upon the price of the contract. Plaintiffs and putative class members are not entitled to recover twice for the same alleged damages.

50.    Plaintiffs and putative class members are required to elect between statutory and contract remedies. Plaintiffs and putative class members cannot demand a refund of the purchase price along with contractual remedies.

51.    Plaintiffs and some putative class members have failed to mitigate damages at their properties by, among other reasons, failing to cost-effectively repair their structures and eliminate or reduce water intrusion into the structures, and failing to eliminate wood-to-ground contact and stucco below grade.

52.    Neither Plaintiffs nor putative class members are entitled to recover for termite damage existing before the Agreements with Orkin went into effect.

53.    Plaintiffs' and putative class members' alleged damages are speculative, because they do not apportion damages by relevant date or cause, nor apportion damage based upon the contract terms or appropriate principle of causation.

/ / /

/ / /

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                                          - 24 -                                          C07-05362 JL

DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

54. Consequential damages are not available under any of Plaintiffs' contractual claims, as such damages were expressly disclaimed by Plaintiffs under the terms and conditions of the Agreement.

### Non-Actionable Misrepresentations

55. Plaintiffs' causes of action are barred because at the time Defendants made the representations complained of, if any such representations were made, Defendants believed the representations were true.

56. Plaintiffs' causes of action are barred because Defendants did not know, and could not reasonably have been expected to know, that any statements made by them were false.

57. Plaintiff's causes of action are barred because the representations complained of, if any such representations were made, were not material and did not induce Plaintiffs to enter into the transaction.

58. Plaintiffs' causes of action are barred because Plaintiffs did not reasonably or justifiably rely on the representations of Defendants.

59. Plaintiffs' causes of action are barred because the alleged representations made by Defendants, if any such representations were made, were not the proximate cause of Plaintiffs' damages.

60. Plaintiffs' causes of action are barred because Plaintiff had equal or superior knowledge of the facts that Defendants allegedly represented.

/ / /

/ / /

CALL, JENSEN & FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07          - 25 -          C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

<u>Plaintiff-Specific Defenses</u>

61.    Plaintiffs failed to correct certain conditions that may have contributed to subsequent subterranean termite infestations, including removal of cellulose debris, stucco-to-ground contact, and making certain areas of the home accessible.  These issues were identified on the inspection report.  Additional other areas of concern generally identified in the inspection report include concealed cracks in slab and areas inaccessible for treatment and inspections.  Additionally, stucco-to-ground contact was identified in the contract as a potential conducive condition.  The property also had active subterranean termite infestations, visible damage, and a high probability of hidden damage, all of which were disclosed to the customer prior to the execution of the contract.  Active subterranean termites were identified in the sub-structure, especially in the garage, living room, and hot water tank closet.  Other areas of active subterranean termite infestation included the porch steps and other interior sections disclosed on the graph provided by Orkin.  Additionally, Orkin recommended the removal of form board and stakes where possible.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                                    - 26 -                                    C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

## **PRAYER**

WHEREFORE, Defendants pray judgment as follows:

1.  The case no longer continue as a purported class action;

2.  That Plaintiffs take nothing by way of their Complaint;

3.  That Judgment be rendered in favor of Defendants and against Plaintiffs and that the Complaint be dismissed with prejudice;

4.  That Defendants be awarded their costs of suit incurred in the defense of this action;

5.  That Defendants be awarded their attorneys' fees as allowed by law incurred in the defense of this action;

6.  For a jury trial on all issues so triable; and

7.  For such other relief as this Court deems proper.

Dated:  December 3, 2007

CALL, JENSEN & FERRELL
A Professional Corporation
Mark L. Eisenhut
Matthew R. Orr

By: _____
        Matthew R. Orr

Attorneys for Defendant Orkin Exterminating Company, Inc. and Rollins, Inc.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:328347_5:12-3-07                                    - 27 -                                    C07-05362 JL
DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a/ ORKIN, INC.) AND ROLLINS, INC.'S
ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On December 3, 2007, I served the foregoing document described as **DEFENDANTS ORKIN EXTERMINATING COMPANY, INC. (n/k/a ORKIN, INC.) AND ROLLINS, INC.'S ANSWER AND SEPARATE OR ADDITIONAL DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL** on the following person(s) in the manner indicated:

### SEE ATTACHED SERVICE LIST

**[ X ]** (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

**[ ]** (BY FEDEX) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

**[ ]** (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]** (BY E-MAIL) I transmitted a copy of the foregoing document)(s) by e-mail to the addressee(s).

**[ ]** (BY ELECTRONIC TRANSMISSION)   I served electronically from the electronic notification address of _____ the document described above and a

1  copy of this declaration to the person and at the electronic notification address set forth
2  herein. The electronic transmission was reported as complete and without error.

3  [ X ]  (FEDERAL)  I declare that I am employed in the office of a member of the Bar
   of this Court at whose direction the service was made.
4
5      I declare under penalty of perjury under the laws of the State of California that
   the foregoing is true and correct, and that this declaration was executed on December 3,
6  2007, at Newport Beach, California.

7

8  Jackie Sohn

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# SERVICE LIST

2

H. Tim Hoffman, Esq.                    **Attorneys for Plaintiffs**

3
Arthur W. Lazear, Esq.
Morgan M. Mack, Esq.

4
Hoffman & Lazear
180 Grand Avenue, Suite 1550

5
Oakland, CA  94612
T:  (510) 763-5700

6
F:  (510) 835-1311

7

Christian Hartley, Esq.                 **Attorneys for Plaintiffs**

8
Daniel M. Bradley, Esq.
Richardson,    Patrick,    Westbrook    &

9
Brickman, LLC

10
174 E. Bay Street
Charleston, SC  29401

11
T:  (843) 727-6564

12

Thomas F. Campbell, Esq.                **Attorneys for Plaintiffs**

13
Campbell Law, P.C.
100 Concourse Parkway, Suite 115

14
Birmingham, AL  35244
T:  (205) 278-6650

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION