Mark L. Eisenhut, Bar No. 185039
Matthew R. Orr, Bar No. 211097
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel.: (949) 717-3000
Fax: (949) 717-3100
meisenhut@calljensen.com
morr@calljensen.com

Of Counsel:

Michael W. Davis, Esq.
Theodore R. Scarborough, Esq.
Kara L. McCall, Esq.
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
tscarborough@sidley.com
kmccall@sidley.com

Douglas B. Brown, Esq.
Daniel Gerber, Esq.
RUMBERGER, KIRK & CALDWELL, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, Florida 32802-1873
Tel.: (407) 872-7300
Fax: (407) 841-2133
dbrown@rumberger.com
dgerber@rumberger.com

Attorneys for Defendants Orkin, Inc. (f/k/a Orkin Exterminating Co., Inc.), and Rollins, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KRZYZANOWSKY AND ILEANA KRZYZANOWSKY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs, | Case No. C07-05362 SBA |

vs.

ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC.,

Defendants.

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiffs Ronald and Ileana Krzyzanowsky ("Plaintiffs") and Defendants Orkin Exterminating Company, Inc. (n/k/a Orkin, Inc.) ("Orkin") and Rollins, Inc. ("Rollins" and, together with Orkin, "Defendants"), by and through their undersigned counsel, file this Joint Case Management Statement pursuant to Civil Local Rule 16-9. All parties reserve their rights to supplement or modify this statement as necessary as the case progresses.

1. **Jurisdiction and Service:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs are citizens of the State of California, Defendants are incorporated in Delaware and have their principal place of business in Georgia, there are more than 100 putative members of the putative class, and the amount in controversy exceeds $5 million, exclusive of interest and costs. All parties have been served.

2. **Facts:**

*Plaintiffs' Statement:* Without limitation of the Complaint, Plaintiffs allege that Orkin engages in widespread unfair, unlawful and deceptive practices (and breaches of duties imposed by contracts, law or industry standards) with regard to how it promotes, sells, and services obligations under contracts dealing with prevention of subterranean (ground) termites.

Orkin used chemicals it knew wore off over time or which were known to be ineffective even if properly applied but nonetheless promised "lifetime" protection or annually renewed promises. Orkin failed to replace or complete chemical barriers, kept customers in the dark about this failure, and covered up or compounded the wrongdoing by switching these customers to different contracts, or provided spot treatments which it said were "complete" treatments. Orkin either continued to collect annual renewal premiums for its guarantees or switched customers to new contracts for installation of control systems it falsely and deceptively described as "baits" that would kill all termite colonies. The system it described as a "baiting system" could not fairly or accurately be considered a lure for termites.

Orkin failed to inspect properties with the frequency or thoroughness that it knew to be required by sound entomologic practices (and even its own policies) without disclosing to customers that its non-existent or incomplete inspections failed to include a quality control program and were not designed to identify problems with the completeness or effectiveness of chemical barriers or control methodologies.

*Defendants' Statement:* Orkin is one of the country's largest pest control companies and has been recognized for its customer service, training, and technological innovations. It operates in a highly regulated environment under the direct oversight of the Structural Pest Control Board. *See* Cal. Bus. & Prof. Code 8500 *et seq.* The complaint nevertheless requests that the trier of fact review almost every aspect of Orkin's work at thousands of properties throughout California over an unspecified multi-year period. The complaint alleges 25 types of misconduct involving every aspect of Orkin's subterranean termite business including purported oral and written representations made to customers, inspection and reinspection practices, efficacy of termiticides, and quality of treatment and retreatment. (Cmplt. ¶ 38(a) – (y)). Orkin denies any misconduct to plaintiffs and the putative class they seek to represent.

///

///

3. **Legal Issues:**

*Plaintiffs' Statement:* According to the Answer, the following will be at issue: Liability individually and on a class basis for each of the causes of action alleged in the complaint; the extent of control and direction of Orkin, its business, and its finances, assets, and liabilities by Rollins; the proper Division of this Court to hear this case; the appropriate class definition and whether a class should be certified (presumably for non-UCL claims); statutes of limitation; arbitration; validity of individual releases by specific customers; mitigation of damages; comparative negligence of customers; Safe Harbor provisions of California Civil Code § 1784 relating to statutory claims; failure of notice to Orkin under California Civil Code § 1782 (Consumers Legal Remedies Act); federal preemption by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA); scope and applicability of the "economic loss rule" for non-contract claims.

*Defendants' Statement:* There are numerous legal issues relating to the merits of the case, including the issue of whether the plaintiff has standing to sue and the limitation of liability contained in Plaintiff's contract with Orkin. The threshold issue in this action, however, is whether class certification is appropriate under Fed. R. Civ. P. 23. It is Defendants' position that the requested class is not certifiable because, *inter alia*, individual issues predominate and a class action would not be a superior method for resolving individual claims. Plaintiffs challenge the quality and efficacy of Orkin's services at every property treated by Orkin throughout the entire state of California. There is no common body of evidence that could be used to try the claims of potentially thousands of class members. Nor would a trial on the claims of the named plaintiffs permit the trier of fact to draw any inferences about Orkin's performance at potentially thousands of other properties throughout California. Whether Orkin complied with its contractual obligations at a particular property would require a file-by-file and property-by-property review and inspection involving experts in structural pest control, entomology, and construction.

///

**4.   Motions:**

No motions are currently pending.

**5.   Amendment of Pleadings:**

The parties do not currently anticipate the addition of any parties. In paragraph 17, the parties have set out their separate scheduling proposals, each of which include a deadline for amendment of pleadings.

**6.   Evidence Preservation:**

*Plaintiffs' Statement:* Counsel advised the individual Plaintiffs of their duty to preserve evidence and copies of discoverable materials have been copied.

*Defendants' Statement:* Defendants have distributed a Document Preservation Notice to approximately 75 individuals and entities, both internal and external to Rollins and Orkin, at corporate, regional, and branch office levels, requiring the preservation of documents that relate to the subject matter of this litigation. In doing so, "document" was defined broadly to include both paper materials and electronically-stored information. Applicable document destruction programs have been suspended as to these documents. Snapshots have been taken of potentially applicable databases or software programs, including but not limited to those relating to customer service and treatment, customer complaints, inspections, claims, risk management, and personnel. Network email users have been instructed to establish a separate folder, saved to the network and backed-up periodically, for any emails, regardless of date, that relate to the subject matter of this litigation.

**7.   Disclosures:**

The parties have discussed their initial disclosures at three separate conferences and have agreed that initial disclosures will be served and filed on March 14, 2008. The parties disagree on the scope of Defendants' initial disclosures:

*Plaintiffs' Statement:* See Plaintiffs' Statement in Paragraph 8, below.

*Defendants' Statement:* Defendants have requested that the parties forego initial disclosures and immediately commence with written discovery on a coordinated basis with the Arkansas litigation identified below in paragraph 10. Plaintiffs' counsel have litigated against Orkin extensively in the past in other jurisdictions and are familiar with the company and its documents. (Indeed, they already have tens of thousands of pages of documents, many of which plaintiffs may use in this action, subject to further negotiation and the entry of an appropriate protective order.) Thus, initial disclosures would appear to be unnecessary. Plaintiffs rejected that proposal. The parties, therefore, have agreed to make initial disclosures on March 14, 2008 based on the individual claims of the named plaintiffs.

The parties dispute, however, the scope of the initial disclosures. Plaintiffs contend that the disclosures should include witnesses and documents necessary for defendants to defend this action as if a class had been certified. Fed. R. Civ. P. 26 does not require that the initial disclosures be made based on how the case may look in a year or two in the event that a class were certified but, rather, it requires the parties to address the case based on the parties before the Court at this juncture. Absent class members are not before the Court and may never be before the Court unless and until a class is certified. Moreover, it would be overly burdensome at this early stage of the litigation to require Orkin to review and identify any and all individuals or documents that may be used to support its defenses against *all* of the thousands of putative class members. Thus, initial disclosures limited to the defenses against the plaintiffs' individual claims are sufficient. Plaintiffs have agreed that defendants can make their initial disclosures based on their defenses of the named plaintiffs' claims pending a motion by plaintiffs to enlarge the scope of the disclosures and the Court's entry of an order on such a motion.

///

///

**8.  Discovery:**

No discovery has been taken to date and the parties disagree on the scope of discovery. It is plaintiffs' position that discovery proceed on all issues immediately and it is defendants' position that discovery should focus initially on class certification and plaintiffs' suitability as class representatives. However, the parties agree that it would be appropriate for the Court to enter a mutually agreeable protective, which the parties are now negotiating and anticipate lodging for this Court's approval the first week of March.

*Plaintiffs' Statement:* Discovery should not be bifurcated. As with many cases where predominance is going to be contested, if discovery is bifurcated, there will be many disputes over whether discovery is merits based or class based. Therefore, bifurcated discovery will only serve to delay this cause, repeat efforts, and cause unnecessary expense on all parties.

No discovery has been taken to date. Initial disclosures have not yet been made. Orkin seeks to imply that Plaintiffs' counsel already has tens of thousands of documents to prove their case; therefore, initial disclosures are not warranted. This is not true. Plaintiffs' counsel has litigated against Orkin in Alabama, not California. Orkin previously produced documents concerning subterranean termite services in Alabama under Alabama regulations but not California regulations. Moreover, those previous, individual Alabama cases did not involve UCL or 17500 claims, advertising, marketing, or "Safe Harbor," "Preemption," or class action claims or defenses as asserted here. Those Alabama cases involved individuals and the bulk of discovery concerned personnel files of those involved in the Alabama cases and fraud pattern customer files as well as third-party subpoena and expert files concerning an apartment complex, individual homes, and local, Alabama Orkin branches and their particular internal quality audits and controls. The Alabama cases also contained little to no discovery related to Orkin's computer systems. Therefore, were Plaintiffs to go to trial today

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 7 -

C07-05362 SBA

JOINT CASE MANAGEMENT STATEMENT

using only the Alabama evidence, Plaintiffs would be at an unfair disadvantage, not contemplated by the Rules.

Initial Disclosures of documents and things that relate to claims and defenses must be required. Orkin seeks to suspend the rule relating to such disclosures despite the fact that the Rules give Orkin no such choice. While Plaintiffs have agreed that Orkin should not be required to identify overlapping documents (mostly national policy and procedure manuals) already produced in other litigation to Campbell Law if it will agree those may be utilized in this case, Plaintiffs' counsel does not believe Orkin has fully complied with discovery requests in those other cases. For example, Orkin frequently changes and supplements its internal documents much like a supplement to a legal treatise or case reporter. Orkin keeps a library of these items in Atlanta and elsewhere. One change to Orkin's form inspection tickets occurred during and as a result of Alabama litigation by Campbell Law so that Orkin would be in compliance with Alabama Regulations. Likewise, Plaintiffs should not be left to guess at what Orkin has that relates to its numerous and broadly stated denials and defenses. For example, Orkin defends on the basis of "Safe Harbor" and "Preemption." Orkin must identify facts relating to those defenses. No discovery has ever been received by Plaintiffs' counsel concerning such issues.

Plaintiffs request that each side be allowed up to 20 fact depositions, 10 depositions of retained experts, and 100 interrogatories without leave of court.

*Defendants' Statement:* It is Defendants' position that discovery at this juncture should focus on documents and information related to whether the claims asserted by the named plaintiffs are subject to certification pursuant to Fed. R. Civ. P. 23 and Cal. Code Civ. Proc. Section 382. This includes discovery into the adequacy of the named plaintiffs as putative class representatives, an issue defendants did not concede in their answer. Such discovery into adequacy of plaintiffs and their counsel should be neither lengthy nor burdensome.

///

1  Plaintiffs also contend that merits discovery should proceed because there will be disputes about the proper line between merits and class discovery. Courts draw that line routinely and it should be no more difficult to resolve than any other discovery dispute.

Prior to a decision on plaintiffs' motion for class certification, discovery should be modified as follows: (1) 10 depositions per side, with no deposition exceeding 7 hours absent good cause shown; (2) 20 interrogatories, including subparts, per side; (3) 30 requests to admit per side; and (4) 30 requests for production of documents per side.

Defendants also propose that the discovery period for the putative class be limited in time to the four years prior to the filing of the Complaint. Although the class period provides no relevant time period, the applicable statutes of limitations make four years a reasonable period for discovery purposes.

### 9. Class Actions:

The parties disagree on a schedule related to class certification discovery, briefing, and oral arguments. The parties have included class certification proceedings in the schedules submitted in paragraph 17.

### 10. Related Cases:

Two of the plaintiffs' counsel in this case have filed an action styled *Roy Sheppard v. Orkin Exterminating Co., Inc. and Rollins, Inc.*, in the Eastern District of Arkansas (Case No. 4-07-cv-01183) that raises substantially similar allegations. The *Sheppard* plaintiffs are represented by the Tom Campbell Firm (Birmingham, AL) and the firm of Richardson, Patrick, Westbrook & Brickman (Charleston, SC), both of whom also represent the plaintiffs in this case. Defendants request that discovery in the two actions proceed on the same schedule so that documents and witnesses are only produced once.

///

## 11. **Relief:**

*Plaintiffs' Statement:* Plaintiffs seek compensatory, equitable, statutory and punitive damages, plus costs and attorney fees, plus interest. Precise amounts are not capable of determination at this time.

*Defendants' Statement:* Plaintiffs seek compensatory, incidental, and consequential damages. Proof of such damages would require a factual investigation into Orkin's course of treatment at the Krzyzanowsky property since 1999 and the existence of any actual termite damage resulting from Orkin's alleged conduct. Typically, such an investigation requires an on-site property inspection by an expert in structural pest control methods, entomology, and/or construction. Because plaintiffs have not identified any specific categories of incidental or consequential damages, Orkin cannot identify the proof that would be necessary to rebut such claims. For example, if plaintiffs are seeking diminished market value as a quantum of damages, experts in the local real estate market would be needed to testify about the real estate market in which the Krzyzanowsky property sits.

## 12. **Settlement and ADR:**

On January 2, 2008, Defendants filed a Notice of Need for ADR Conference. Plaintiffs and Defendants each filed an ADR Certification By Parties and Counsel pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b).

## 13. **Consent to Magistrate Judge For All Purposes:**

All parties have not consented to having a magistrate judge conduct all further proceedings in this case.

///
///
///
///

### 14. Other References:

The parties believe it is too early in the proceedings to determine whether this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues:

The parties agree that this Court should, as a threshold matter, determine whether class certification is appropriate in this case.

### 16. Expedited Schedule:

Given the parties' agreement that class certification should be determined as a threshold matter, the parties agree that it is too early to determine whether this case can be handled on an expedited basis with streamlined procedures.

### 17. Scheduling:

The parties generally agree that class certification should be decided first and a schedule for additional dates beyond that should be deferred until after a decision on class certification. The parties, however, do not agree on the appropriate class certification schedule and present their alternative proposals below:

Due to the nature of class action cases, the parties jointly propose limiting the scheduling order through class certification, but propose different interim schedules.

*Plaintiffs' Proposed Schedule:*

| | |
|---|---|
| Plaintiff disclosure of experts: | 9/25/08 |
| Plaintiff Expert Depositions: | 10/31/08 |
| Defendant disclosure of experts: | 10/31/08 |
| Close of expert discovery: | 11/30/08 |
| Preliminary Discovery Completion: | 12/30/08 |
| Class Certification Motion: | 01/15/09 |

| | | |
|---|---|---|
| 1 | Opposition to Class Motion: | 02/15/09 |
| 2 | Reply to Opposition: | 03/01/09 |

### Defendants' Proposed Schedule:

| | | |
|---|---|---|
| 5 | Parties to serve all written discovery: | 4/1/08 |
| 6-7 | Deadline for Plaintiffs to make property available for inspection: | 4/15/08 |
| 8 | Deadline for depositions of Plaintiffs: | 4/30/08 |
| 9-10 | Deadline for amending the pleadings and to add new parties: | 6/16/08 |
| 11-13 | Written discovery cutoff prior to class certification; No additional written discovery re: class certification absent good cause: | 9/1/08 |
| 14 | Plaintiffs to make class expert disclosures pursuant to Fed. R. Civ. P. 26: | 9/25/08 |
| 15-16 | Plaintiffs to make class experts available for deposition by this date: | 10/9/08 |
| 17 | Deadline for non-expert depositions: | 10/31/08 |
| 18-19 | Defendants to make class expert disclosures pursuant to Fed. R. Civ. P. 26: | 11/13/08 |
| 20-21 | Defendants to make class experts available for deposition by this date: | 12/4/08 |
| 22-23 | Plaintiffs' motion for class certification, supporting memorandum, and all supporting evidence: | 1/15/09 |
| 24-25 | Defendants' opposition to motion for class certification, supporting memorandum, and all supporting evidence: | 2/13/09 |
| 26-27 | Plaintiffs' reply brief in support of motion for class certification: | 2/27/09 |

18. **Trial:**

The parties agree that, if class certification is granted, this case will be tried to a jury. The parties disagree as to the expected length of trial.

*Plaintiffs' Statement:* A jury trial has been demanded. The length of trial is expected to be four (4) to six (6) weeks at this time.

*Defendants' Statement:* It is too early to reasonably predict the length of any trial, which will depend on whether the Court certifies a class. If class certification is denied, the trial on plaintiffs' claims should take five to ten trial days. If a class is certified, defendants anticipate that any trial would last at least four to six months, at a minimum, not including an indeterminate amount of time for mini-trials on individual issues. A trial of a certified class's claims could last several years, depending on the ultimate class definition and the claims that are certified for class treatment.

19. **Disclosure of Non-Party Interested Entities or Persons:**

*Plaintiffs' Statement:* All California consumers who purchased subterranean (ground) termite services from Defendants.

*Defendants' Statement:* On December 3, 2007, Defendants filed their Certification of Interested Entities or Persons, certifying that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding; or (iii) are publicly-traded companies that own 10% or more of a party's stock:

    A.    Mark L. Eisenhut, Esquire
             Matthew R. Orr, Esquire
             Call, Jensen & Ferrell
             610 Newport Center Drive
             Suite 700
             Newport Beach, CA

1   B.   Douglas B. Brown, Esquire
        Daniel Gerber, Esquire
2       Rumberger, Kirk & Caldwell
        300 S. Orange Avenue
3       Suite 1400
4       Orlando, FL 32801

5   C.   Michael W. Davis, Esquire
        Theodore R. Scarborough, Esquire
6       Kara L. McCall, Esquire
        Sidley Austin LLP
7       1 S. Dearborn Street
8       Chicago, IL 60603

9   D.   Keith Scott, Esquire
        Rollins, Inc.
10      Parent Corporation
        2170 Piedmont Road, N.E.
11      Atlanta, GA 30324
12
    E.   Orkin Exterminating Company, Inc.
13      2170 Piedmont Road, N.E.
        Atlanta, GA 30324
14

15  F.   Ronald and Ileana Krzyzanowsky

| | | |
|---|---|---|
| 1 | Dated: February 29, 2008 | HOFFMAN & LAZEAR |
| 2 | | H. Tim Hoffman |
| | | Arthur W. Lazear |
| 3 | | Morgan M. Mack |
| 4 | | |
| 5 | | By: ___s/H. Tim Hoffman___ |
| 6 | | H. Tim Hoffman |
| 7 | | Attorneys for Plaintiffs Ronald and Ileana Krzyzanowsky |
| 8 | | |
| 9 | Dated: February 29, 2008 | CALL, JENSEN & FERRELL |
| | | A Professional Corporation |
| 10 | | Mark L. Eisenhut |
| | | Matthew R. Orr |
| 11 | | |
| 12 | | |
| 13 | | By: ___s/Matthew R. Orr___ |
| | | Matthew R. Orr |
| 14 | | |
| 15 | | Attorneys for Defendant Orkin Exterminating Company, Inc. (n/k/a Orkin, Inc.) and Rollins, Inc. |

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

# CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On February 29, 2008, I have served the foregoing document described as **JOINT CASE MANAGEMENT STATEMENT** on the following person(s) in the manner(s) indicated below:

**SEE ATTACHED SERVICE LIST**

[ X ] (BY ELECTRONIC SERVICE) I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[ ] (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY OVERNIGHT SERVICE) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ] (BY E-MAIL) I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(es) indicated.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

**[ X ]** (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on February 29, 2008, at Newport Beach, California.

*s/Matthew R. Orr*

## SERVICE LIST

| | |
|---|---|
| H. Tim Hoffman, Esq.<br>Arthur W. Lazear, Esq.<br>Morgan M. Mack, Esq.<br>Hoffman & Lazear<br>180 Grand Avenue, Suite 1550<br>Oakland, CA 94612<br>T: (510) 763-5700<br>F: (510) 835-1311 | **Attorneys for Plaintiffs** |
| Christian Hartley, Esq.<br>Daniel M. Bradley, Esq.<br>Richardson, Patrick, Westbrook & Brickman, LLC<br>174 E. Bay Street<br>Charleston, SC 29401<br>T: (843) 727-6564 | **Attorneys for Plaintiffs** |
| Thomas F. Campbell, Esq.<br>Campbell Law, P.C.<br>100 Concourse Parkway, Suite 115<br>Birmingham, AL 35244<br>T: (205) 278-6650 | **Attorneys for Plaintiffs** |