Mark L. Eisenhut, Bar No. 185039
Matthew R. Orr, Bar No. 211097
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel.:  (949) 717-3000
Fax:  (949) 717-3100
meisenhut@calljensen.com
morr@calljensen.com

Of Counsel:

Michael W. Davis, Esq.
Theodore R. Scarborough, Esq.
Kara L. McCall, Esq.
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL  60603
Tel.:  (312) 853-7000
Fax:  (312) 853-7036
tscarborough@sidley.com
kmccall@sidley.com

Douglas B. Brown, Esq.
Daniel Gerber, Esq.
RUMBERGER, KIRK & CALDWELL, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, Florida  32802-1873
Tel.:  (407) 872-7300
Fax:  (407) 841-2133
dbrown@rumberger.com
dgerber@rumberger.com

Attorneys for Defendants Orkin Exterminating
Company, Inc., n/k/a/ Orkin, Inc., and Rollins, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KRZYZANOWSKY AND ILEANA KRYZANOWSKY on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, | Case No.  C07-05362 SBA <br><br> **STIPULATED PROTECTIVE ORDER** |

|   |   |
|---|---|
| vs. |   |
| ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC. |   |
| Defendants. |   |

Complaint Filed: October 19, 2007
Trial Date: None Set

1   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal.

2   DEFINITIONS

   2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   2.2   Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony,

1  transcripts, or tangible things) that are produced or generated in disclosures or responses
2  to discovery in this matter.

3      2.3    <u>"Confidential" Information for Items</u>:  information (regardless of how
4  generated, stored or maintained) or tangible things that qualify for protection under
5  standards developed under F.R.Civ.P.26(c).

6      2.4    <u>Receiving Party</u>:  a Party that receives Discovery Material from a
7  Producing Party.

8      2.5    <u>Producing Party</u>:  a Party or non-party that produces Discovery Material in
9  this action.

10     2.6    <u>Designating Party</u>:  a Party or non-party that designates information or
11 items that it produces in disclosures or in responses to discovery as "Confidential."

12     2.7    <u>Protected Material</u>: any Discovery Material that is designated as
13 "Confidential" as well as any information copied or extracted therefrom, as well as all
14 copies, excerpts, summaries, or compilations thereof.

15     2.8    <u>Expert</u>: a person with specialized knowledge or experience in a matter
16 pertinent to the litigation who has been retained by a Party or its counsel to serve as an
17 expert witness or as a consultant in this action and who is not a past or a current
18 employee of a competitor of the Designating Party and who, at the time of retention, is
19 not anticipated to become an employee of a competitor of the Designating Party. This
20 definition includes a professional jury or trial consultant retained in connection with this
21 litigation.

22     2.9    <u>Professional Vendors</u>: persons or entities that provide litigation support
23 services (e.g., photocopying; videotaping; translating; preparing exhibits or
24 demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and
25 their employees and subcontractors.

26 ///
27 ///
28 ///

## 3   SCOPE

The protections conferred by this Stipulation and Order cover not only Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

This Stipulation and Order also covers information or documents produced by defendants in other prior or pending litigation, provided that defendants have given written permission for such information and documents to be used in this action. Defendants shall have the right to assign the proper level of confidentiality to such documents pursuant to this Stipulation and Order regardless of the level of confidentiality originally assigned to such information or documents in connection with other litigation.

## 4   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5   DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2  **Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., paragraph 2 and the second paragraph of section 5.2(a)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

### DESIGNATION IN CONFORMITY WITH THIS ORDER REQUIRES:

(a)  **for information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  **for testimony given in deposition or in other pretrial or trial proceedings**, that the Party or non-party offering or sponsoring the testimony either identify on the record, before the close of the deposition, hearing, or other proceeding, or within 30 days after the completion of such proceeding, all protected testimony. Until the Party or non-party offering or sponsoring the testimony has had the

opportunity to designate the transcript of such proceeding, or portions thereof, as "Confidential," the entire transcript of such proceedings shall be deemed "Confidential."

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

(d) <u>for information produced in other litigation</u>, the parties shall agree in writing to a date by which defendants shall designate as "CONFIDENTIAL" information or documents produced in other litigation. Pending such agreed-upon date, all such information and documents shall be deemed "CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Inadvertent Production of Privileged Material</u>. An inadvertent production of attorney-client or work-product privileged material shall not be a waiver of the producing party's privilege claim. Assertion of privilege shall be made in writing promptly after the producing party learns of the inadvertent production. Upon learning

of inadvertently produced privileged material, by notice or otherwise, the receiving party shall (a) return the discovery, all copies thereof, and any information derived therefrom (other than work product) and (b) cease using such privileged material for any purpose, unless and until the Court determines that the material is not privileged. This provision does not affect the receiving party's right to move the Court for an order that material is not privileged.

## 6   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a

competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  <u>Basic Principles</u>. A Receiving Party may use Discovery Material produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION) as to all Discovery Material.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

       (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

       (d)    the Court and its personnel;

       (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

       (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

       (g)    the author of the document or the original source of the information.

## 8   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Discovery Material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any protected material. A Party that seeks to file under seal any protected material must comply with civil local rule 79-5.

11   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action the Producing party may request in writing that each Receiving Party must return all Discovery Material, as defined herein,

1  to the Producing Party.  With permission in writing from the Designating Party, the
2  Receiving Party may destroy some or all of the Discovery Material instead of returning
3  it.  Whether the Discovery Material is returned or destroyed, within sixty days of the
4  written request to return or destroy discovery materials, the Receiving Party must
5  submit a written certification to the Producing Party (and, if not the same person or
6  entity, to the Designating Party) that identifies (by category, where appropriate) all the
7  Discovery Material that was returned or destroyed and that affirms that the Receiving
8  Party has not retained any copies of the Discovery Material.  Notwithstanding this
9  provision, counsel are entitled to retain an archival copy of all pleadings, motion
10 papers, transcripts, legal memoranda, correspondence or attorney work product, even if
11 such materials contain Discovery Material.  Any such archival copies that contain or
12 constitute Protected Material remain subject to this protective order as set forth in
13 section 4 (duration), above.

14

15 12  MISCELLANEOUS

16      12.1  Right to Further Relief. Nothing in this Order abridges the right of any
17 person to seek its modification by the Court in the future.

18      12.2  Right to Assert Other Objections.  By stipulating to the entry of this
19 Protective Order no Party waives any right it otherwise would have to object to
20 disclosing or producing any information or item on any ground not addressed in this
21 Stipulated Protective Order.  Similarly, no Party waives any right to object on any
22 ground to use in evidence of any of the material covered by this Protective Order.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  DATED: June 9, 2008

3

4    s/Daniel M. Bradley
Attorneys for Plaintiffs

5

6  DATED: June 9, 2008

7

8    s/Matthew R. Orr
Matthew R. Orr
9  Attorneys for Defendants
Orkin Exterminating Company, Inc. and Rollins, Inc.

10

11

12

13  PURSUANT TO STIPULATION, IT IS SO ORDERED

14  DATED: _____

15

16  _____
Saundra B. Armstrong
17  United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Ronald Krzyzanowsky And Ileana Kryzanowsky v. Orkin Exterminating Company, Inc.; Rollins, Inc.*, Case Number Case No. C07-05362 SBA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

///
///
///

1  I hereby appoint _____ [print or type full
2  name] of _____ [print or type
3  full address and telephone number] as my California agent for service of process in
4  connection with this action or any proceedings related to enforcement of this Stipulated
5  Protective Order.

6  Date: _____

7  City and State where sworn and signed:
8  _____

10
11  Printed name: _____
                       [printed name]
12  Signature: _____
                       [signature]

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

ORK01-02:370758_3:6-9-08                - 14 -                C07-05362 SBA
STIPULATED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On June 9, 2008, I have served the foregoing document described as **STIPULATED PROTECTIVE ORDER** on the following person(s) in the manner(s) indicated below:

## SEE ATTACHED SERVICE LIST

**[ X ]  (BY ELECTRONIC SERVICE)**  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[ ]  (BY MAIL)**  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

**[ ]  (BY OVERNIGHT SERVICE)**  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

**[ ]  (BY FACSIMILE TRANSMISSION)**  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]  (BY E-MAIL)**  I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

**[ X ]**  (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

**[ ]**  (FEDERAL)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on June 9, 2008, at Newport Beach, California.

_____*s/Matthew R. Orr*_____

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

# SERVICE LIST

| | |
|---|---|
| H. Tim Hoffman, Esq.<br>Arthur W. Lazear, Esq.<br>Morgan M. Mack, Esq.<br>Hoffman & Lazear<br>180 Grand Avenue, Suite 1550<br>Oakland, CA  94612<br>T:  (510) 763-5700<br>F:  (510) 835-1311 | **Attorneys for Plaintiffs** |
| Christian Hartley, Esq.<br>Daniel M. Bradley, Esq.<br>Richardson, Patrick, Westbrook & Brickman, LLC<br>174 E. Bay Street<br>Charleston, SC  29401<br>T:  (843) 727-6564 | **Attorneys for Plaintiffs** |
| Thomas F. Campbell, Esq.<br>Campbell Law, P.C.<br>100 Concourse Parkway, Suite 115<br>Birmingham, AL  35244<br>T:  (205) 278-6650 | **Attorneys for Plaintiffs** |
| Douglas B. Brown, Esq.<br>Daniel Gerber, Esq.<br>Rumberger, Kirk & Caldwell, P.A.<br>Lincoln Plaza, Suite 1400<br>300 South Orange Ave.<br>Orlando, FL  32802-1873<br>T:  (407) 872-7300<br>F:  (407) 841-2133 | **Attorneys for Defendants** |
| Michael W. Davis, Esq.<br>Theodore R. Scarborough, Esq.<br>Kara L. McCall, Esq.<br>SIDLEY AUSTIN LLP<br>1 S. Dearborn Street<br>Chicago, IL  60603<br>Tel.:  (312) 853-7000<br>Fax:  (312) 853-7036 | **Attorneys for Defendants** |