Mark L. Eisenhut, Bar No. 185039
Matthew R. Orr, Bar No. 211097
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel.:  (949) 717-3000
Fax:  (949) 717-3100
meisenhut@calljensen.com
morr@calljensen.com

Of Counsel:

Michael W. Davis, Esq.
Theodore R. Scarborough, Esq.
Kara L. McCall, Esq.
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL  60603
Tel.:  (312) 853-7000
Fax:  (312) 853-7036
tscarborough@sidley.com
kmccall@sidley.com

Douglas B. Brown, Esq.
Daniel Gerber, Esq.
RUMBERGER, KIRK & CALDWELL, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, Florida  32802-1873
Tel.:  (407) 872-7300
Fax:  (407) 841-2133
dbrown@rumberger.com
dgerber@rumberger.com

Attorneys for Defendants Orkin, Inc. (f/k/a Orkin Exterminating Co., Inc.), and Rollins, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KRZYZANOWSKI AND ILEANA KRZYZANOWSKI, on behalf of themselves and all others similarly situated, | Case No.  3:07-cv-05362-SBA (EDL) |
| Plaintiffs, | **MOTION TO COMPEL BY DEFENDANTS ORKIN, INC. (f/k/a ORKIN EXTERMINATING CO., INC.) AND ROLLINS, INC.** |
| vs. | |

ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC.,

        Defendants.

**NOTICED FOR HEARING ON SEPTEMBER 30, 2008 AT 9:00 A.M.**

PLEASE TAKE NOTICE that Defendants' Motion to Compel will be heard on September 30, 2008 at 9:00 a.m., Courtroom E, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 37, Civil L.R. 37, and this Court's June 12, 2008 Order Re: Discovery Procedures, Defendants Orkin, Inc. (f/k/a Orkin Exterminating Co., Inc.) (hereinafter "Orkin") and Rollins, Inc. (hereinafter "Rollins") (collectively referred to as "Defendants"), by and through their counsel, hereby move to compel Plaintiffs Ronald and Ileana Krzyzanowski (hereinafter "Plaintiffs") to respond to several discovery requests that were served on April 18, 2008 and June 13, 2008, and which have been the subject of several meet and confer sessions (see Declaration of Theodore R. Scarborough, attached hereto as Ex. A). This motion is timely filed pursuant to Civil Local Rule 26-2.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**

**I.    INTRODUCTION**

Orkin treated Plaintiffs' property nearly ten years ago in 1999 for subterranean termites. Under the terms of the contract, Orkin agreed to retreat the property free of charge if the termites returned during the existence of the contract. After one year of service, Plaintiffs declined to renew the contract. The termites returned in the fall of 2002. Plaintiffs again called Orkin. This time, they purchased a directed liquid and bait retreatment agreement. After several treatments in 2002 and 2003, Orkin successfully controlled the termites and Plaintiffs have not had an infestation since June 2003.

1  Nevertheless, Plaintiffs decided to file this action after seeing an advertisement
2  soliciting potential plaintiffs for lawsuits against termite service companies.

3      The complaint is a hodgepodge of general allegations with few specifics.  It
4  makes a number of generic claims of wrongdoing that could be aimed at any pest
5  control company, but which are all untrue as to Orkin:  alleged failure to properly treat
6  for termites, failure to inspect properties, failure to make alterations to properties
7  necessary to make termiticides effective, failure to apply the proper amount of
8  termiticide, failure to inform consumers that termiticides would wear off over time,
9  illegally raising renewal fees, false advertising, failure to conduct quality control
10 checks, concealing past failures, using deceptive contracts, concealing termite
11 infestations, etc. Such allegations provide little insight to Orkin as to the actual facts at
12 issue in this litigation.  Plaintiffs' Rule 26 disclosures provided no more additional
13 information, simply listing the names of the named plaintiffs and several vague
14 categories of documents (e.g., "policies or procedures of defendant that applied to
15 California customers").

16     In March 2008, Orkin served discovery designed largely to determine the facts
17 surrounding Orkin's treatment of Plaintiffs' property and the specific policies,
18 procedures, and conduct Plaintiffs are challenging.  As set forth below, Plaintiffs'
19 responses are deficient.  In particular, they rely on several stock answers that are clearly
20 inappropriate and inadequate:

21     First, in response to several interrogatories, Plaintiffs refer Defendants to the
22 allegations of the complaint, but that is clearly improper.  (See, e.g., Responses to
23 Interrogatories 3, 10, 11, 13, 16); see also Pacific Lumber Co. v. Nat'l Union Fire Ins.
24 Co. of Pittsburgh, No. C 02-4799 SBA(JL), 2005 WL 318811, at *4 (N.D. Cal. Jan. 5,
25 2005) ("It is well established that an answer to an interrogatory must be responsive to
26 the question.  It should be complete in itself and should not refer to the pleadings, or to
27 depositions or other documents, or to other interrogatories, at least where such

28

MOTION TO COMPEL BY DEFENDANTS ORKIN, INC. (f/k/a ORKIN EXTERMINATING CO., INC.) AND
ROLLINS, INC.

1  references make it impossible to determine whether an adequate answer has been given

2  without an elaborate comparison of answers.").

3      Second, without identifying any specific documents, Plaintiffs claim that Orkin

4  has the documents they need to answer certain inquiries.  That response is inadequate

5  and simply not true.  In May 2008, Orkin produced nearly 8,000 pages of documents.[1]

6  In addition, their lead counsel styles himself as an expert in termite litigation, having

7  sued Orkin and other pest control companies in numerous lawsuits.  Orkin produced

8  thousands of pages of documents to Plaintiffs' lead counsel in at least four of those

9  lawsuits and has agreed to permit him to use those documents in this litigation.[2]  Thus,

10  Plaintiffs cannot pretend they are novices to this litigation without any documents or

11  information.   At a minimum, Plaintiffs must identify any documents from these

12  productions that support their claims, particularly given the vague and sweeping

13  allegations of the complaint.  (See, e.g., Responses to Interrogatories 1, 8, 11, 12, 13,

14  14, 15, 16; Document Request Nos. 9, 10, 11, 14, 19, 20.)

15      Third, Plaintiffs claim that certain requests are premature even though Plaintiffs

16  apparently already have at least some documents or information responsive to the

17  requests.  (See, e.g., Responses to Interrogatories 3, 5, 9, 10, 11, 12, 13, 14, 15, 16;

18  Document Request Nos. 7, 9, 10, 11, 19, 20.)   While Plaintiffs have the right and

19  obligation to supplement their responses later, they are obligated and should be

20  compelled to produce information and documents that they now have.

21      The documents and information requested by Orkin are specific to the factual

22  allegations underlying Plaintiffs' complaint regarding the services provided to Plaintiffs

23

24  _____

[1] On May 9 and 12, 2008, Orkin produced documents Bates numbered as follows:  Focus 1-3540; K-LP 1-2733; K-SA 1-274; K-TB 1-268; TTEM 1-979.

25

[2] Orkin has produced general policy and practice documents in connection with *McCord Properties,*

26  *Ltd., et al. v. Orkin Exterminating Co., Inc.,* No. 2002-4981 (Jefferson County); *Junkin v. Orkin Exterminating Co., Inc.,* No. CV-2001-1038 (Tuscaloosa County)*; Knopf v. Orkin Exterminating Co.,*

27  *Inc.,* No. CV04-2693 (Jefferson County)*; and Hanson v. Orkin Exterminating Co., Inc.,* No. CV01-06 (Tallapoosa County).

28

and cannot be more easily obtained from any other source (see Fed. R. Civ. P. 26(b)(2)(C)(i)).  Orkin has not yet had the opportunity to obtain the information sought by the discovery requests in dispute in this motion (see Fed. R. Civ. P. 26(b)(2)(C)(ii)), and the documents requested are extremely important:  they go to the heart of Plaintiffs' allegations and the propriety of class certification (see Fed. R. Civ. P. 26(b)(20(C)(iii)). This is a large state-wide putative class action in which tens of thousands of customers and contracts are at issue, and Orkin is thus entitled to this discovery, none of which Plaintiffs have alleged to be unreasonably cumulative or unduly burdensome in light of the needs of the case, the benefit of the information, the amount in controversy, and the importance of the issues at stake (id).

Plaintiffs should be compelled to provide proper discovery responses.  At best, Plaintiffs have failed to provide adequate responses.  At worst – and to the extent that Plaintiffs cannot provide the requested information – they do not appear to have conducted a proper investigation into the allegations of the complaint before filing. Rather, their complaint is a transparent attempt to conduct a "fishing expedition" of Orkin's documents in the hopes of finding a sufficient basis for their complaint after filing.

## II.    FIRST SET OF DISCOVERY

Defendants served Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents on March 7, 2008.  Plaintiffs served their responses thereto on April 18, 2008 (Exs. B and C hereto), but failed to fulfill their response obligations under the Federal Rules of Civil Procedure and the Local Rules of this District governing discovery.  To be sure, Plaintiffs agreed during the meet and confer sessions (and as confirmed in their letter of July 21, 2008, attached hereto as Ex. F) to supplement their responses, but to date have not yet done so.  In light of the upcoming discovery cut-off this fall, Defendants could not wait any longer.

C07-05362 EDL

## A.    Interrogatories (Nos. 3, 5, 7, 8, 10, 11, 13, 16)

### INTERROGATORY NO. 3

**Interrogatory:** Identify all facts that support or relate to the following class action allegations, with respect to each putative class defined in the complaint or any subsequent amended complaint:

* * *

(b)[3]    common questions of law and fact predominate over any individual questions;

(c)    claims or defenses of the representative parties are typical of the claims or defenses of the class;

* * *

**Answer:**  Plaintiffs object to this interrogatory as premature to the extent that it calls for information that is not readily available to the Plaintiffs and information that will need to be provided by Defendants through the course of discovery. Plaintiffs further object that this interrogatory calls for a legal conclusion and disclosure of attorney-client privilege and/or attorney work-product.

Without waiving said objections, ***Plaintiffs direct Defendants to Plaintiffs' Complaint generally which states as follows*** [emphasis supplied]:

* * *

b.    Upon information and belief, the common questions of law and fact applicable to all class members are believed to include

(a)    Defendants [sic] failure to perform the services necessary to make the necessary recommendations for alterations to structures or foundation areas so as to make application of a complete chemical barrier an effective preventative or control measure against termites;

(b)    Defendants [sic] failure to make complete, proper and adequate initial inspections or annual re-inspections as required by law and by contract of the California properties under contract;

(c)    Defendants [sic] failure to apply a full label rate application of termiticide chemicals in accordance with labels and good practice;

---

[3] Orkin is not moving to compel further responses to subparagraphs (a), (d), or (e).

MOTION TO COMPEL BY DEFENDANTS ORKIN, INC. (f/k/a ORKIN EXTERMINATING CO., INC.) AND ROLLINS, INC.

(d)    Defendants [sic] failure to apply and maintain a proper termite chemical barrier as required by contract and law;

(e)    Defendants [sic] failure to maintain chemical barriers which were applied after they were known to have probably become ineffective;

(f)    Defendants [sic] failure to perform adequate treatments in accordance with label and industry standards;

(g)    Defendants [sic] failure to inform consumers of the failure of protective measures to induce additional payments, premiums, and alternative control or prevention services;

(h)    Defendants [sic] illegal raising annual renewal fees;

(i)    Defendants [sic] failure to apply complete applications of chemical to all critical areas when providing chemical barrier protection in a stand-alone service or in combination with a baiting system;

(j)    Defendants [sic] failure to disclose that its baiting system did not act as a "bait" or lure for termites;

(k)    Defendants [sic] false advertising and selling of prevention and control services as baits without providing a bait for termites;

(l)    Defendants [sic] failure to refund premiums and charges to customers after it knew or should have known that its prior service was no longer reasonably expected to be delivering a complete barrier to termite infestation;

(m)    Defendants [sic] failure to conduct quality control checks that were reasonably designed to fix prior faulty service;

(n)    Defendants actively concealed past service failures by making incomplete remedial treatments at the direction of Rollins and Orkin executives and high level managers;

(o)    Defendants continued to accept premiums from customers for "Lifetime" protection contracts when its executives and high level managers were disclosing to industry insiders that it could not fulfill said promises;

(p)    Defendants [i]nserted limitations of remedies and damages clauses into contracts to conceal its wrongdoing;

(q)    Defendant made deceptive claims about its ability to identify "new" termite damage;

(r)    Defendants engaged in deceptive practices of killing known or suspected live termite infestations to create reasons to deny claims for termite damages occurring during the course of termite treatments;

(s)    Defendant intentionally deceived customers about the quality and thoroughness of remedial termite chemical applications;

(t)    Defendants switched customers to different services to conceal past wrongdoing;

(u)    Defendants [sic] failure to correct false statements about the incidence of termite infestation;

(v)    Defendants [sic] failure to refund monies it has held without providing the promised services;

(w)    Defendants discouraged property owners from obtaining services from other vendors by concealing its failures of performance;

(x)    Defendants collected money from customers without disclosing any of the above or performing the services described above; and,

(y)    Defendants [sic] failure to make the necessary inspections to discover the extent of termite damage and termite treatment deficiencies.

c.    Upon information and belief, it is believed, based on Defendants' use of standardized form contracts, standardized marketing materials, legal requirements under California law, and Defendants' standardized policies and procedures, that the above-listed common questions of law and fact relate to all potential class members and likewise form the bases for any claims the class may have. Prior to completion of discovery, Defendants are in the best position to identify the evidence supporting Plaintiffs' allegations. ***Information obtained by certain counsel in other cases supports Plaintiffs' allegations*** [emphasis supplied], but discovery in this case is in its infancy. Plaintiffs will provide any separately obtained evidence as part of the discovery process.

* * *

**Grounds to Compel**: This response is insufficient because it simply regurgitates the allegations of the complaint and fails to provide any facts. Plaintiffs have refused to identify the "standardized form contracts," "standardized marketing materials," "legal

- 8 -                                    C07-05362 EDL

MOTION TO COMPEL BY DEFENDANTS ORKIN, INC. (f/k/a ORKIN EXTERMINATING CO., INC.) AND ROLLINS, INC.

requirements under California law," or "standardized policies and procedures" that they allege will provide a basis for class certification (see also Response to Requests for Production of Documents 9 and 10). Yet such alleged contracts, marketing materials, and policies and practices are central to the claims asserted in this action (see Fed. R. Civ. P. 26(b)(2)(C)(iii)). Plaintiffs cannot evade their obligations to respond to this interrogatory merely by referring to the allegations of the complaint. To be sure, Plaintiffs contend that Orkin has in its possession documents and information that allegedly support these allegations, but that does not relieve them of their duty to identify the alleged policies and practices at issue and to provide the information that they currently possess regarding such allegations. Plaintiffs are required to have a good faith basis for making such allegations and they should be compelled to disclose the documents and information giving them such basis. Moreover, Plaintiffs' statement that "information obtained by certain counsel in other cases supports Plaintiffs' allegations" also provides no information to Defendants as to the facts upon which Plaintiffs' allegations are based. Plaintiffs must at the very least identify those documents from the other cases. Defendants therefore move this Court to compel Plaintiffs to provide a complete response to this interrogatory.

### INTERROGATORY NO. 5

**Interrogatory:** Identify all damages that you allegedly incurred or that you seek to recover in this action as a result of the matters described in your complaint or any subsequent amended complaint. For each category or type of damages, provide the basis for such damages and the amount of such damages.

**Answer:** Plaintiffs object to this interrogatory to the extent that it calls for information protected by the work product doctrine and on the grounds that the interrogatory is vague, ambiguous and a meaningful response to this interrogatory is not possible at this time as Plaintiffs have not completed their investigation or discovery. Further, at this time Plaintiffs require information currently only in the possession of the Defendants in order to make a reasonable damages calculation.

Without waiving said objections, ***Plaintiffs refer Defendants to the allegations contained in the Complaint*** [emphasis supplied] as the basis for any damages

including but not limited to damages for breach of contract, money paid and lost for services either never rendered or incompletely rendered, the cost to apply a full barrier to protect from termites in accordance with California State Law and label requirements, as well as any incidental, consequential, statutory and punitive damages that may be applicable.  Plaintiffs also seek equitable relief.

**Grounds to Compel**:  In response to this request for basic damages information, Plaintiffs simply reiterated the allegations of the complaint and did not provide any additional information as to the amount of damages sought in this lawsuit.  Merely referring Orkin to the complaint is clearly insufficient.  See Pacific Lumber, 2005 WL 318811, at *4.  Defendants are entitled to discovery regarding the damages sought by Plaintiffs and the basis for such damages calculations.  See Fed. R. Civ. P. 26(a)(1)(A)(iii).  Moreover, at his deposition, Mr. Krzyzanowski claimed that part of the damages sought in this case are damages for missed work, which were not identified in the interrogatory response.  Defendants now move this Court to compel Plaintiffs to provide a complete response to this interrogatory.  (See also Ex. E hereto.)

### INTERROGATORY NO. 7

**Interrogatory:**  Please identify each time you or any of your agents observed evidence of active termite infestation or possible termite infestation.  Your answer should include the date of the observation and describe in detail what the person observed and any actions that were taken in response to said observation(s).

**Answer:**  Plaintiffs object to this interrogatory as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, ambiguous and a meaningful response to this interrogatory is not possible as it uses undefined terms including "active infestation," "possible infestation," and "observation."

Subject to, and without waiving said objections, Plaintiffs state that they discovered possible termite infestation at the time immediately preceding buying termite prevention services from the Defendants and at various times since contracting with Defendants, they have been informed of termite activity and possible infestations.

**Grounds to Compel:** This response is not sufficient to put Orkin on notice as to when and where the alleged termite infestations occurred. Such facts are central to their claim that Orkin allegedly failed to provide effective termite services and are uniquely in the control of Plaintiffs (*see* Fed. R. Civ. P. 26(b)(2)(C)(iii)). Defendants now move this Court to compel Plaintiffs to provide a complete response to this interrogatory.

### INTERROGATORY NO. 8

**Interrogatory:** Please identify each pest control employee (including Orkin employees), home inspector, contractor, engineer, appraiser, lawyer, consultant, or expert who visited the property that is the subject of this suit, identifying the person who visited the property, the date of the visit, and the purpose of their inspection(s).

**Answer:** Plaintiffs object to this interrogatory as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory to the extent that it calls for information protected by the attorney-client privilege or the work product doctrine and on the grounds that the interrogatory is overly broad, vague, ambiguous and a meaningful response to this interrogatory is not possible as it uses undefined terms.

Without waiving said objections, Plaintiffs' attorneys visited Plaintiffs' home in order to assess the potential claims Plaintiffs may have against Defendants. Defendants are in the best position to know which of their employees visited Plaintiffs' property, when and for what purpose.

**Grounds to Compel**: Other than identifying Plaintiffs' counsel, Plaintiffs have identified no other persons who visited the property for purposes of an inspection, even though Mr. Krzyzanowski stated at his deposition that such inspections (including inspections by pest control companies other than Orkin) had been conducted. Orkin is entitled to such basic information in order to defend this case to confirm whether there have been any other termite treatments or inspections that would bear on the quality of Orkin's work (see Fed. R. Civ. P. 26(b)(2)(C)(iii)). Plaintiffs are uniquely in control of

this information (see Fed. R. Civ. P. 26(b)(2)(C)(i)).  Defendants now move this Court to compel Plaintiffs to provide a complete response to this interrogatory.  (See also Ex. E hereto.)

### INTERROGATORY NO. 10

**Interrogatory:** Please set forth in detail the factual basis for Plaintiff's breach of contract claim, including, but not limited to (i) what actions constitute the breach, (ii) when the breach occurred, (iii) whether and how Plaintiff was injured by each such alleged breach, (iv) whether and how Plaintiff mitigated his damages, (v) whether and how Plaintiff fulfilled his or her own contractual obligations.

**Answer:**    Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, ambiguous, and a meaningful response to this interrogatory is not possible as it uses undefined terms.  Plaintiffs further object in that this interrogatory calls for information that is not readily available to the Plaintiffs at this time and information that will need to be provided by Defendants through the course of discovery.  Plaintiffs further object in that this interrogatory calls for information that has been alleged in the complaint and is therefore redundant and burdensome.

Subject to, and without waiving said objections, Plaintiffs contend, ***as detailed in the Complaint*** [emphasis supplied]**,** that Defendants knowingly failed to provide the necessary services as they were obligated to under the terms of the contract, laws and legal duties and that are designed to prevent termite infestations through use of professional expertise by a regulated service providers [sic].  Plaintiffs' believe these services should include application and maintenance of a complete chemical barrier in accordance with law and professional duties and use of products that fulfill their promises (e.g., a "bait" should lure termites), all in compliance with the minimum standards.  Plaintiffs lack the expertise and knowledge needed to provide proper service and rely on experts and attorneys who are experienced in the field.  The breach continues to occur every day that these services were not provided by the Defendants.  As a result of this breach, Plaintiffs are entitled to, *inter alia*, the return of the contract amount paid and the cost to apply a full and effective chemical barrier to protect the property from termites.  Plaintiffs believe that they preformed all duties required of them to eliminate conditions conducive to termite infestation when and as instructed by Defendants.  As discovery is in its infancy, Plaintiffs will provide Defendants further information at the appropriate time.

**Grounds to Compel:**    Again, this response is entirely defective because Plaintiffs seek to evade their obligations by relying primarily on the allegations of the complaint.  For example, Plaintiffs claim that, according to the complaint, Orkin

- 12 -

C07-05362 EDL

MOTION TO COMPEL BY DEFENDANTS ORKIN, INC. (f/k/a ORKIN EXTERMINATING CO., INC.) AND ROLLINS, INC.

"knowingly failed to provide the necessary services as they were obligated to under the terms of the contract, laws and legal duties and that are designed to prevent termite infestations through use of professional expertise by a regulated service provider." This answer does not fairly put Orkin on notice regarding the specific contractual obligations it allegedly breached as to Plaintiffs and the putative class. Once again, Plaintiffs claim that they will need to learn more through discovery but they had to have had a good faith basis for making a breach of contract claim in the first place and they already have the Orkin contracts at issue as well as thousands of pages of Orkin documents. Defendants now move this Court to compel Plaintiffs to provide a complete response to this interrogatory.

### INTERROGATORY NO. 11

**Interrogatory:** Please describe in detail any Orkin policy or practice regarding subterranean termite services, sales, treatments, retreatments, applications, reapplications, inspections, or reinspections that you contend violate Orkin's contract, industry standards, or some other duty owed by Orkin to Plaintiff, and that you intend to establish on a classwide basis.

**Answer:** Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, and ambiguous. A meaningful response to this interrogatory is not possible as it uses undefined terms and it calls for information that is not readily available to the Plaintiffs at this time and will need to be provided by Defendants through the course of discovery.

Without waiving said objections, upon information and belief Plaintiffs contend, *as detailed in the Complaint* [emphasis supplied], that Defendants knowingly failed to provide the necessary services as they were obligated to under the terms of the contract and in order to fulfill customers' reasonable expectations of protection from termite infestations. Plaintiffs further contend, *as detailed in the Complaint* [emphasis supplied], that Defendants [sic] routine practice and policy is to intentionally not provide services in accordance with label requirements and California law. Defendant possesses the information necessary to support these allegations. As discovery commences, Plaintiffs will provide Defendants additional examples of Defendants' documents and conduct which may be responsive to this Interrogatory.

**Grounds to Compel:** Again, this response is insufficient because it simply regurgitates the allegations of the complaint and fails to provide any *facts*. Plaintiffs have refused to identify the policies or practices of Orkin that they allege violate law or industry standards (*see also* Response to Requests for Production of Documents 9 and 10). Yet such alleged policies and practices are central to the claims asserted in this action (*see* Fed. R. Civ. P. 26(b)(2)(C)(iii)). Plaintiffs cannot evade their obligations to respond to this interrogatory merely by referring to the allegations of the complaint (*e.g.*, "as detailed in the complaint"). To be sure, Plaintiffs contend that Orkin has in its possession documents and information that allegedly support these allegations, but that does not relieve Plaintiffs of their duty to identify the alleged policies and practices at issue and to provide the information that they currently possess regarding such allegations. Plaintiffs are required to have a good faith basis for making such allegations and should be compelled to disclose it, and they already have thousands of pages of Defendants' documents. Defendants now move this Court to compel Plaintiffs to provide a complete response to this interrogatory.

### INTERROGATORY NO. 13

**Interrogatory:** Please identify the factual basis for your contention that Orkin had a duty to perform a comprehensive retreatment of Plaintiff's property after a certain period of time, even if there was no evidence of an infestation at the property.

**Answer:** Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, and ambiguous. A meaningful response to this interrogatory is not possible as it uses undefined terms and it calls for information that is not readily available to the Plaintiffs at this time and will need to be provided by Defendants through the course of discovery. This Interrogatory is also unduly burdensome because Defendants already possess this information in their records.

Without waiving said objections, Plaintiffs contend, *as detailed in the Complaint* [emphasis supplied], that Defendants knowingly failed to provide the necessary services as they were obligated to under the terms of the contract, laws and legal duties and that are designed to prevent termite infestations through use of professional expertise by a regulated service providers. Plaintiffs' [sic] believe these services should include application and maintenance of a complete chemical barrier in accordance with law and professional duties and use of products that fulfill their promises (e.g., a "bait" should lure termites), all in compliance with the minimum standards. Plaintiffs lack the expertise and knowledge needed to provide proper service and rely on experts and attorneys who are experienced in the field. In order to perform their duties, Defendants would be required to perform a reapplication of chemicals after such time period that Defendants knew or should have known the previous applications of chemicals had worn off. Defendants, as experts in the field of termite protection, had a duty to use reasonable care in discharging their duties under the contract.

**Grounds to Compel:** This response is improper because, yet again, Plaintiffs seek to evade their obligations by relying primarily on the allegations of the complaint. But those are merely allegations, not facts, and are insufficiently precise to properly answer this interrogatory. For example, Plaintiffs claim that, according to the complaint, Orkin was obligated under unidentified "laws and legal duties" to perform unspecified "necessary services." Plaintiffs also make vague references to "professional duties" and "minimum standards." But this is all gibberish. This answer does not fairly put Orkin on notice regarding the specific duties it allegedly breached as to Plaintiffs and the putative class. Once again, Plaintiffs claim that they will need to learn more through discovery but they were required to have a good faith basis for making that allegation in the first place and they have already received thousands of pages of documents in this and other litigation. Plaintiffs must answer based on the information and documents that they currently have.

### INTERROGATORY NO. 16

**Interrogatory:** Identify each allegedly common issue of law or fact that you intend to try on a classwide basis, *see* Fed. R. Civ. P. 23(a)(2), and identify the common evidence that you will use to prove the elements of each substantive

claim based on each such law or fact. If you do not already have the common evidence in your possession or under your control, identify the type of evidence you intend to use.

**Answer:** Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, and ambiguous. A meaningful response to this interrogatory is not possible as it uses undefined terms and it calls for information that is not readily available to the Plaintiffs at this time and will need to be provided by Defendants through the course of discovery. This Interrogatory is also unduly burdensome because Defendants already possess this information in their records. Plaintiffs further object that this interrogatory calls for a legal conclusion and disclosure of attorney-client privilege and/or attorney work-product.

Subject to, and without waiving their objections, Plaintiffs will address what evidence to present at such a time when the required evidence is under their control and routine discovery, including depositions, has yielded potential evidence. Generally, Plaintiffs anticipate using Defendants' standardized contracts, standardized marketing materials, standardized training materials, internal records of pesticide use, evidence of Defendants' policies and procedures, evidence of label requirements for termiticide product use and any other materials obtained in discovery. In addition, Plaintiffs anticipate offering expert testimony on termite control methods and about the development of the state-of-the-art in termite control over time.

**Grounds to Compel:** This interrogatory goes to the core issue that the Court must evaluate in deciding whether to certify a class: what are the allegedly common issues and what types of proof can be used to establish liability, injury, and damages on a classwide basis. While Plaintiffs certainly do not have to try the merits of their claims at the class certification stage of the proceedings, they must come forward with the types of evidence that they will use to establish the class claims. Once again, Plaintiffs repeat their mantra that the request is premature, that the Defendants have the relevant information, and that the answers may be found in a number of vaguely described documents. But Plaintiffs must do more. Based on the information and documents that they have available to them, they must provide the answers that they have now, subject to any later supplementation.

**B.    Document Requests**

**1.    Specific Deficiencies in Certain Document Request Responses (Nos. 1, 2, 4, 5, 6, 7, 9, 10, 11, 17)**

REQUEST NO. 1

**Request:** All documents – including but not limited to correspondence, notes, advertisements, brochures, or contracts – relating to or referring to any contract(s) or services provided thereunder (including the negotiation of any contracts) between either Plaintiffs and Orkin or Plaintiffs and any other pest control companies for treatment of termites or other insects for the property located at 33755 Weyland Court, Union City, California.

**Answer:** Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.

**Grounds to Compel:** Plaintiffs produced only one brochure in response to this request (KRZYZ 110-125). At his deposition, Mr. Krzyzanowski stated that he may have received another brochure prior to entering into his 1999 contract with Orkin. Plaintiffs have not produced any additional brochures, despite repeated requests for such documents. Defendants now move this Court to compel Plaintiffs to either produce any additional brochures or advertising materials (or any other responsive documents), or to state unequivocally that they do not have any additional responsive documents in their custody, possession, or control. (*See* also Ex. E hereto.)

REQUEST NO. 2

**Request:** All bills sent to Plaintiffs by Orkin for termite prevention or control services, and all documents showing proof of payment to Orkin for termite services rendered.

**Answer:** Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs'

possession at this time and that non-privileged responsive documents will be produced.

**Grounds to Compel:** Plaintiffs have not produced any proofs of payment (*e.g.*, cancelled checks, bank statements, *etc.*) for services provided by Orkin to Plaintiffs. The amounts Plaintiffs claim they paid to Orkin are clearly relevant to their alleged damages. Defendants now move this Court to compel Plaintiffs to either produce any responsive documents, or to state unequivocally that they do not have any additional responsive documents in their custody, possession, or control.

### REQUEST NO. 4

**Request:** All documents relating or referring to any physical inspection of the property located at 33755 Weyland Court, Union City, California for any purpose.

**Answer:** Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.

**Grounds to Compel:** Although Plaintiffs produced some documents related to Orkin inspections of their property, there are apparently still others that have not been produced. Mr. Krzyzanowski testified at his deposition that a company called Termwright inspected the property and that other inspections took place as well in connection with the sale of the property. Plaintiffs have not yet produced documents (including but not limited to contracts or reports) related to such inspections. Defendants now move this Court to compel Plaintiffs to either produce any responsive documents, or to state unequivocally that they do not have any additional responsive documents in their custody, possession, or control. (*See also* Ex. E hereto.)

**REQUEST NO. 5**

**Request**: All documents evidencing complaints or demands by Plaintiffs to any person or entity – including but not limited to Orkin, other companies providing pest control services, or any governmental agency – about termites or other pests at the property located at 33755 Weyland Court, Union City, California.

**Answer:** Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state that non-privileged responsive documents will be produced.

**Grounds to Compel:** Although Plaintiffs stated that "non-privileged responsive documents would be produced," Plaintiffs have not produced any documents in response to Request No. 5. Any complaints made by Plaintiffs regarding pests or termites at their property are relevant to the allegations of the complaint and Orkin's defenses thereto, and therefore should be produced. Defendants now move this Court to compel Plaintiffs to produce any responsive documents, or to state unequivocally that they do not have any additional responsive documents in their custody, possession, or control.

**REQUEST NO. 6**

**Request:** All blueprints for, plans for, or appraisals of the property located at 33755 Weyland Court, Union City, California, and any and all documents relating to buying or selling said property.

**Answer:** Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state that non-privileged responsive documents will be produced.

**Grounds to Compel:** Although Plaintiffs stated that "non-privileged responsive documents would be produced," Plaintiffs have not yet produced any documents in response to Request No. 6. The construction of Plaintiffs' property directly affects Orkin's obligations under the contract and Orkin's ability to control termites. Defendants now move this Court to compel Plaintiffs to produce any responsive

documents, or to state unequivocally that they do not have any additional responsive documents in their custody, possession, or control.

### REQUEST NO. 7

**Request:** All documents – including but not limited to promotional materials and brochures – supporting or relating to Plaintiffs' claim that Orkin misrepresented facts or made material omissions of fact that induced Plaintiffs to enter into any subterranean termite contract or contract renewal.

**Answer:** Plaintiffs incorporate each of the general objections above. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.

**Grounds to Compel:** Plaintiffs produced only one brochure in response to this request (KRZYZ 110-125). At his deposition, Mr. Krzyzanowski stated that he may have received another brochure prior to entering into his 1999 contract with Orkin. Plaintiffs have not produced any additional brochures, despite repeated requests for such documents. Defendants now move this Court to compel Plaintiffs to produce any additional brochures or advertising materials, or to state unequivocally that they do not have any additional responsive documents in their custody, possession, or control.

### REQUEST NO. 9

**Request:** All documents that reference or constitute standards concerning the treatment of or inspection for subterranean termites that Plaintiffs contend Orkin violated.

**Answer:** Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing. Subject to and without waiver of the foregoing objections, ***Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in***

1    ***the possession of Defendants and are more readily available to the Defendants***
2    [emphasis supplied].

3    **Ground to Compel:**  This response is insufficient because it fails to provide any

4    *facts* to support the allegations in the complaint.  Orkin's alleged violation of

5    unidentified "standards" is a key part of the complaint and will undoubtedly be the

6    basis for Plaintiffs' motion for class certification.  Yet Plaintiffs have refused to identify

7    the so-called standards that they alleged Orkin violated.  (*See also* Response to

8    Interrogatory No. 11.)  This response is further insufficient in that it refers ambiguously

9    to "Defendants' own documents," which Plaintiffs have not identified (*see, infra,* at pp.

10   3-4).  Defendants now move this Court to compel Plaintiffs to provide a complete

11   response to this request.  (*See* additional grounds to compel on Request No. 9, *infra* at

12   pp. 19-20.)

13
14   ## REQUEST NO. 10

15   **Request:**  Any documents relating or referring to any practice or policy of Orkin
16   – including but not limited to advertising, sales, treatments, or inspection – that
17   you claim fails to meet industry standards or applicable federal or state law.

18   **Answer:**    Plaintiffs incorporate each of the general objections above,
     particularly, General Objection No. 4.  Plaintiffs further object to this request on
19   the grounds that it is premature in that Plaintiffs have not yet completed their
     investigation in that discovery is only just commencing.  Subject to and without
20   waiver of the foregoing objections, ***Plaintiffs state that any documents***
21   ***responsive to this request are Defendants' own documents that are already in***
     ***the possession of Defendants and are more readily available to the Defendants***
22   [emphasis supplied].

23   **Ground to Compel:**  This response is insufficient because it fails to provide any

24   *facts* to support the allegations in the complaint.  Orkin's "practices or policies" are a

25   key part of the complaint and will undoubtedly be the basis for Plaintiffs' motion for

26   class certification.  Yet Plaintiffs have refused to identify or produce any documents

27   related to the "practices or policies" that they allege fail to comply with law or industry

28

standards (see also Response to Interrogatory No. 11).  This response is further insufficient in that it refers to "Defendants' own documents" because thousands of pages of such documents have already been produced to Plaintiffs (see, infra, at 3-4). Defendants now move this Court to compel Plaintiffs to provide a complete response to this request. (See additional grounds to compel on Request No. 10, infra at pp. 19-20.)

### REQUEST NO. 11

**Request:** All documents relating to any damages allegedly sustained by Plaintiff for which recovery (in an individual or representative capacity) is sought pursuant to this lawsuit.

**Answer:**  Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4.  Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing.  Subject to and without waiver of the foregoing objections, ***Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and are more readily available to the Defendants*** [emphasis supplied].

**Grounds to Compel:**  This response does not provide "a computation of each category of damages" and "documents . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered," as required by F.R.C.P. 26(a)(1)(A)(iii).  Plaintiffs should be compelled to provide basic information regarding their claims for damages and the bases therefor.  Moreover, it is difficult to see how Orkin would have in its own possession documents related to Plaintiffs' computation of their damages.  (*See* additional grounds to compel on Request No. 11, *infra* at pp. 19-20; *see also* Ex. E hereto.)

### REQUEST NO. 17

**Request:** Any documents reflecting or relating in any way to communications between you or your agents and any other potential members of the putative classes alleged in the complaint or any subsequent amendment thereto.

**Answer:** Plaintiffs incorporate each of the general objections above, particularly, General Objection Nos. 1, 2, 3 and 4. Subject to and without waiver of the foregoing objections, Plaintiffs state that all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.

**Grounds to Compel:** Although Plaintiffs stated that "non-privileged responsive documents would be produced," Plaintiffs have not produced any documents in response to Document Request No. 17. Communications between Plaintiffs and putative class members are directly relevant to Plaintiffs' adequacy as class representatives. Defendants now move this Court to compel Plaintiffs to either produce any responsive documents, or to state unequivocally that they do not have any additional responsive documents in their custody, possession, or control.

### 2.    General Deficiencies in Responses (Nos. 9, 10, 11, 14, 19, 20)

In response to several document requests seeking documents that go to the core of Plaintiffs' allegations, Plaintiffs responded by stating that "any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants." All of these requests go to the core of Plaintiffs' complaint and the allegations contained therein – standards that Orkin allegedly violated, practices or policies of Orkin that allegedly failed to comply with industry standards or law, damages allegedly sustained by Plaintiffs, documents related to the incidents or practices alleged in the complaint, and documents related to the class allegations (see Fed. R. Civ. P. 26(b)(2)(C)(iii)). To the extent that any of the documents on which Plaintiffs are relying are part of the thousands that have already been produced, they must reasonably identify them so that Orkin can fairly know which documents

Plaintiffs intend to use to prove their putative class claims.[4]    All of the following requests suffer from the same defect that Plaintiffs should be ordered to correct.

### REQUEST NO. 9

**Request:** All documents that reference or constitute standards concerning the treatment of or inspection for subterranean termites that Plaintiffs contend Orkin violated.

**Answer:**    Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4.  Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing.  Subject to and without waiver of the foregoing objections, ***Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and are more readily available to the Defendants*** [emphasis supplied].

### REQUEST NO. 10

**Request:** Any documents relating or referring to any practice or policy of Orkin – including but not limited to advertising, sales, treatments, or inspection – that you claim fails to meet industry standards or applicable federal or state law.

**Answer:**    Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4.  Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing.  Subject to and without waiver of the foregoing objections, ***Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and are more readily available to the Defendants*** [emphasis supplied].

### REQUEST NO. 11

**Request:** All documents relating to any damages allegedly sustained by Plaintiff for which recovery (in an individual or representative capacity) is sought pursuant to this lawsuit.

---

[4] As discussed above, Orkin agreed to allow Plaintiffs to use certain documents that had been produced in other cases, but only on the grounds that Plaintiffs identify to Orkin during discovery which of those documents it intended to rely on.  Plaintiffs' counsel has recognized this obligation but has of yet refused to provide such an identification.

**Answer:** Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing. Subject to and without waiver of the foregoing objections, ***Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and are more readily available to the Defendants*** [emphasis supplied].

## REQUEST NO. 14

**Request:** All documents evidencing, reflecting, or relating in any way to the incidents or practices alleged in this action.

**Answer:** Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and ***any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and as such are more readily available to Defendants*** [emphasis supplied].

## REQUEST NO. 19

**Request:** All documents related to the following class action allegations, with respect to each putative class defined in the complaint or any subsequent amended complaint:

    (a)    class is so numerous that joinder of all members is impracticable;

    (b)    questions of law or fact are common to the class and such questions predominate over any individual questions;

    (c)    claims or defenses of the representative parties are typical of the claims or defenses of the class;

    (d)    you and your counsel will fairly and adequately represent the interests of the class; and

    (e)    a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**Answer:** Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation and that discovery is only just commencing. Subject to and without waiver of the foregoing objections, ***Plaintiffs state that any documents***

***responsive to this request are Defendants' own documents that are already in the possession of Defendants and as such are more readily available to the Defendants*** [emphasis supplied].

### REQUEST NO. 20

**Request:** All documents that reflect or relate to the allegedly common evidence you identified in response to Interrogatory 16.

**Answer:** Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing. Subject to and without waiver of the foregoing objections, ***Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and as such are more readily available to the Defendants*** [emphasis supplied].

## III.   Second Set of Discovery

On June 13, 2008, Orkin served Plaintiffs with their Second Set of Interrogatories, which included just one interrogatory (Ex. G) and Second Set of Requests for Documents, which included just four document requests (Ex. H). Timely responses would have been due July 14; Orkin extended the deadline, per Plaintiffs' request. The last extension granted Plaintiffs until late-July to respond to the Second Set of Discovery; Plaintiffs still have not served any responses whatsoever. Orkin, therefore, hereby moves to compel responses to Orkin's Second Set of Requests for Production of Documents and Second Set of Interrogatories.

## IV.   Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Compel responses to Defendants' First Set of Interrogatories (Nos. 3, 5, 7, 8, 10, 11, 13, 16), Defendants' First Set of Requests for Production of Documents (Nos. 1, 2, 4, 5, 6, 7, 9, 10, 11, 14, 17, 19, 20), Orkin, Inc.'s Second Set of Interrogatories, and Orkin, Inc.'s Second Set of Requests for Production of Documents,

1  and require Plaintiffs to pay reasonable expenses that the Defendants incurred in filing

2  this motion, including attorneys' fees, pursuant to Federal Rule of Civil Procedure

3  37(a)(5)(A).

4

5  Dated:  August 20, 2008                    CALL, JENSEN & FERRELL
                                              A Professional Corporation
6                                             Mark L. Eisenhut
                                              Matthew R. Orr
7

8                                             By:  s/Matthew R. Orr
9                                                  Matthew R. Orr

10                                            Attorneys for Defendants Orkin Exterminating
                                              Company, Inc. and Rollins, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD KRZYZANOWSKI AND ILEANA KRZYZANOWSKI, on behalf of themselves and all others similarly situated, | Case No. 3:07-cv-05362-SBA (EDL) |
| Plaintiffs, | **MOTION TO COMPEL BY DEFENDANTS ORKIN, INC. (f/k/a ORKIN EXTERMINATING CO., INC.) AND ROLLINS, INC.** |
| vs. | **NOTICED FOR HEARING ON _____ AT 9:00 A.M.** |
| ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC. | |
| Defendants. | |

[PROPOSED] ORDER ON DEFENDANTS' MOTION TO COMPEL

Having considered the Motion to Compel by Defendants Orkin, Inc. (f/k/a Orkin Exterminating Co., Inc.) and Rollins, Inc., and Plaintiffs' response thereto, and having heard argument on said motion on _____, 2008, Defendants' Motion to Compel is hereby GRANTED.   Plaintiffs shall provide full and complete discovery responses on or before 15 days after entry of this order.

Dated: _____

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

# CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On August 20, 2008, I have served the foregoing document described as **MOTION TO COMPEL BY DEFENDANTS ORKIN, INC. (f/k/a ORKIN EXTERMINATING CO., INC.) AND ROLLINS, INC.** on the following person(s) in the manner(s) indicated below:

## SEE ATTACHED SERVICE LIST

**[ X ]  (BY ELECTRONIC SERVICE)**  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[   ]  (BY MAIL)**  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

**[   ]  (BY OVERNIGHT SERVICE)**  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

**[   ]  (BY FACSIMILE TRANSMISSION)**  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[   ]  (BY E-MAIL)**  I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1

2

**[ X ]**   (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

3

**[   ]**   (FEDERAL)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

4

5

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on August 20, 2008, at Newport Beach, California.

6

7

8

*s/Matthew R. Orr*
Matthew R. Orr

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1

# SERVICE LIST

2

H. Tim Hoffman, Esq.                **Attorneys for Plaintiffs**

3
Arthur W. Lazear, Esq.
Morgan M. Mack, Esq.

4
Hoffman & Lazear
180 Grand Avenue, Suite 1550

5
Oakland, CA  94612
T:  (510) 763-5700

6
F:  (510) 835-1311

7

Christian Hartley, Esq.             **Attorneys for Plaintiffs**

8
Daniel M. Bradley, Esq.
Richardson, Patrick, Westbrook &

9
Brickman, LLC

10
174 E. Bay Street
Charleston, SC  29401

11
T:  (843) 727-6564

12
Thomas F. Campbell, Esq.            **Attorneys for Plaintiffs**

13
Campbell Law, P.C.
100 Concourse Parkway, Suite 115

14
Birmingham, AL  35244
T:  (205) 278-6650

15

16
Douglas B. Brown, Esq.              **Attorneys for Defendants**
Daniel Gerber, Esq.

17
Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400

18
300 South Orange Ave.
Orlando, FL  32802-1873

19
T:  (407) 872-7300
F:  (407) 841-2133

20

21
Michael W. Davis, Esq.             **Attorneys for Defendants**
Theodore R. Scarborough, Esq.

22
Kara L. McCall, Esq.
SIDLEY AUSTIN LLP

23
1 S. Dearborn Street
Chicago, IL  60603

24
Tel.:  (312) 853-7000
Fax:  (312) 853-7036

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

# EXHIBIT A

1  Mark L. Eisenhut, Bar No. 185039
   Matthew R. Orr, Bar No. 211097
2  CALL, JENSEN & FERRELL
3  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
4  Tel.:  (949) 717-3000
   Fax:  (949) 717-3100
5  meisenhut@calljensen.com
6  morr@calljensen.com

7  Of Counsel:

8  Michael W. Davis, Esq.
   Theodore R. Scarborough, Esq.
9  Kara L. McCall, Esq.
10 SIDLEY AUSTIN LLP
   1 S. Dearborn Street
11 Chicago, IL  60603
   Tel.:  (312) 853-7000
12 Fax:  (312) 853-7036
13 tscarborough@sidley.com
   kmccall@sidley.com
14
   Douglas B. Brown, Esq.
15 Daniel Gerber, Esq.
   RUMBERGER, KIRK & CALDWELL, P.A.
16 Lincoln Plaza, Suite 1400
17 300 South Orange Avenue
   Orlando, Florida  32802-1873
18 Tel.:  (407) 872-7300
   Fax:  (407) 841-2133
19 dbrown@rumberger.com
20 dgerber@rumberger.com

21 Attorneys for Defendants Orkin, Inc. (f/k/a Orkin
   Exterminating Co., Inc.), and Rollins, Inc.
22

23              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
24

25 RONALD KRZYZANOWSKI AND            Case No.  3:07-cv-05362-MJJ
   ILEANA KRZYZANOWSKI, on behalf of
26 themselves and all others similarly situated,

27         Plaintiffs,                **DECLARATION IN SUPPORT OF**
                                      **MOTION TO COMPEL BY**
28         vs.                        **DEFENDANTS ORKIN, INC. (f/k/a**

| | |
|---|---|
| ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC.<br><br>Defendants. | **ORKIN EXTERMINATING CO., INC.) AND ROLLINS, INC.** |

I, Theodore R. Scarborough, hereby declare the following:

1.     I am a partner at the law firm of Sidley Austin LLP, counsel for defendants Orkin, Inc. and Rollins, Inc. ("Defendants") in this action.  I make this Declaration in support of Defendants' Motion to Compel.  Unless otherwise stated, the matters contained in this declaration are of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2.     Defendants' First Set of Interrogatories and Defendants' First Set of Requests for Production of Documents were served on Plaintiffs on or about March 7, 2008.

3.     Plaintiffs served their Responses to Defendants' First Set of Interrogatories (a true and accurate copy of which is attached to Defendants' Motion to Compel as Ex. B) and Responses to Defendants' First Set of Requests for Production of Documents (a true and accurate copy of which is attached to Defendants' Motion to Compel as Ex. C) on or about April 18, 2008.

4.     On May 1, 2008, Defendants' counsel and Plaintiffs' counsel held a telephonic meet and confer session to discuss Plaintiffs' responses to Defendants' first set of discovery.

C07-05362 JL

1        5.    On June 6, 2008, Defendants' counsel sent a letter to Plaintiffs'

2    counsel (a true and accurate copy of which is attached to Defendants' Motion to

3    Compel as Ex. D) again asking for Plaintiffs' response as to the outstanding discovery

4    issues raised during the May 1, 2008 meet and confer session.

5

6        6.    The parties held an in-person meet and confer session in Atlanta,

7    Georgia on June 24, 2008, in addition to several other telephonic meet and confer

8    sessions including calls on June 23, 25, and 30, 2008.

9

10       7.    On June 25, 2008, defense counsel sent a letter to Plaintiffs' counsel

11   Dan Bradley (a true and accurate copy of which is attached to Defendants' Motion to

12   Compel as Ex. E), discussing several outstanding discovery issues.

13

14       8.    A true and accurate copy of a July 21, 2008 letter from Plaintiffs'

15   counsel is attached to Defendants' Motion to Compel as Ex. F.

16

17       9.    On or about June 13, 2008, Defendants served their Second Set of

18   Interrogatories (a true and accurate copy of which is attached to Defendants' Motion to

19   Compel as Ex. G) and their Second Set of Requests for Production of Documents (a

20   true and accurate copy of which is attached to Defendants' Motion to Compel as Ex.

21   H).

22

23       10.    Plaintiffs have not yet served written responses to Defendants'

24   Second Set of Requests for Production of Documents or Defendants' Second Set of

25   Interrogatories, despite assurances that such responses would be forthcoming.

26

27

28

1        I declare under penalty of perjury that the foregoing is true and correct and

2    that this declaration was executed on _August 20____, 2008 in Chicago, Illinois.

3

4

5    Dated: _August 20_, 2008          _Theo R. Scarborough_

6                                     Theodore R. Scarborough

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CH1 4373127v.2

# EXHIBIT B

H. TIM HOFFMAN, SBN 49141
ARTHUR W. LAZEAR, SBN 83603
MORGAN M. MACK SBN 212659
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700
Fax: (510) 835-1311

CHRISTIAN H. HARTLEY, *pro hac*
DANIEL M. BRADLEY. *pro hac*
MATHEW D. HAMRICK
RICHARDSON PATRICK WESTBROOK & BRICKMAN, LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, SC 29464
Phone: 843-727-6500
Fax: 843-881-6183

THOMAS F. CAMPBELL, *pro hac*
CAMPBELL LAW
A PROFESSIONAL CORPORATION
100 Concourse Parkway, Suite 115
Birmingham, AL 35244
Telephone: (205) 278-6650
Fax: (205)278-6654

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KRZYZANOWSKY AND ILEANA KRZYZANOWSKY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC.<br><br>Defendants. | Case No.   C07-05362 SBA<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES DATED APRIL 18, 2008** |

## SPECIAL INTERROGATORIES

Pursuant to The Federal Rules of Civil Procedure Rule 33, Plaintiffs, Ronald Krzyzanowsky and Ileana  Krzyzanowsky ("PLAINTIFFS" or "KRYZYZANOWSKY"), hereby respond and object to the First Set of Interrogatories (the "Interrogatories") propounded by Defendant, Orkin, Inc. ("DEFENDANTS" or "ORKIN"), as follows:

## PRELIMINARY STATEMENT

PLAINTIFFS' objections are made subject to and without waiver of any questions or objections as to the competency, relevancy, materiality, privileged nature, admissibility, or for any other purpose, of any of the information referred to herein.

PLAINTIFFS' responses and objections are based upon information presently known. Therefore, these responses and objections are made without prejudice to PLAINTIFFS' right to amend and/or supplement them.

Putative class counsel has not fully completed investigation, discovery or trial preparation. The majority of the documentary discovery requires extensive analysis and counsel has yet to serve discovery. Legal research concerning the facts known to date and that which will be known in the future remains to be done.

The additional work may result in making new or different factual and legal claims or the pursuit of different theories. Likewise, the answers may need to be supplemented or changed in the future for the reasons described above and if additional information is remembered. Consequently, PLAINTIFFS reserve the right to change any and all responses.

//

//

//

## GENERAL OBJECTIONS

A.    PLAINTIFFS object to ORKIN'S interrogatories to the extent they purport to impose on PLAINTIFFS' duties and obligations which exceed, or are different from, those imposed by the applicable Rules of Civil Procedure and/or the Local Rules of this Court.

B.    PLAINTIFFS object to ORKIN'S interrogatories insofar as they request information protected by attorney-client privilege, embody the thoughts, mental impressions or other confidential work-product of PLAINTIFFS' attorneys, or any other applicable privilege or immunity (collectively referred to as "Privileges").

C.    PLAINTIFFS do not waive and expressly reserves all objections as to the genuineness, foundation, competence, relevance, materiality, privileged status or admissibility of this response, or any of them, and the information provided therein, as evidence in connection with any proceeding or at trial of this or any other action.

D.    PLAINTIFFS and their attorneys have not completed their investigation of the facts relating to this case and have not completed their preparation for trial. This response is made without prejudice to PLAINTIFFS' right to utilize subsequently discovered evidence at trial or in connection with pretrial proceedings, or to amend this response in the event that any information is subsequently acquired or learned by PLAINTIFFS or inadvertently omitted in this response. PLAINTIFFS expressly reserve the right to amend, modify, or supplement the responses and objections stated herein. PLAINTIFFS further reserve the right to rely on any facts, documents, or other evidence which may develop or come to PLAINTIFFS' attention at a later date. PLAINTIFFS further reserve the right to rely on expert testimony.

E.    PLAINTIFFS object to ORKIN'S interrogatories insofar as they are duplicative of each other and thus place an unnecessary burden on PLAINTIFFS.

F.    PLAINTIFFS object to each and every interrogatory to the extent that it seeks information neither relevant to any issue in the instant action nor reasonably calculated to lead to the discovery of admissible evidence.

G.    PLAINTIFFS object to each and every interrogatory as unduly burdensome, oppressive, harassing, and abusive of the discovery process to the extent it seeks information in Defendants' control, already produced to Defendants or within the possession, custody, or control of third parties or public records, and therefore equally available to them.

H.    PLAINTIFFS object to each and every interrogatory as unduly burdensome, oppressive, harassing, and abusive of the discovery process to the extent it seeks information within the possession, custody, or control of Defendants.

I.    PLAINTIFFS object to each and every interrogatory as unduly burdensome, oppressive, harassing, and abusive of the discovery process to the extent it seeks information not in PLAINTIFFS' possession, custody, or control.

J.    PLAINTIFFS incorporate by reference each General Objection set forth above in the specific responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving or limiting the above-asserted General Objections and incorporating each and every such objection by reference into each of the Responses below, PLAINTIFFS further respond to each Interrogatory as follows:

## INTERROGATORIES

### INTERROGATORY 1.

List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the person has knowledge.

**ANSWER:**    **Plaintiffs object to this interrogatory to the extent that it calls for information protected by the attorney-client privilege or the work product doctrine and on the grounds that the interrogatory is overly broad, vague, and ambiguous. Furthermore, Plaintiffs object that this interrogatory is unduly burdensome because Defendants are in the best position to know the names and addresses of most or all of the people with knowledge of Defendants' actions in this lawsuit.**

**Without waiving said objections, Plaintiffs believe that other than named Plaintiffs and their attorneys there are none at this time.  Defendants' files likely contain the names, addresses and contact information of the people with knowledge of the Defendants' conduct which is relevant to this action.  Plaintiffs' reserve the right to supplement this answer after obtaining discovery from the Defendants.**

### INTERROGATORY 2.

Identify each occasion on which you have communicated with Orkin, or any current or former employee or agent, or independent contractor of Orkin, whether by telephone, in writing, or otherwise.    Identify the person with whom you communicated, the date of such communication, and the substance of such communication.

<u>ANSWER:</u>     Plaintiffs object to this interrogatory to the extent that it calls for information protected by the attorney-client privilege or the work product doctrine and on the grounds that the interrogatory is overly broad, vague, ambiguous and a meaningful response to this interrogatory is not possible at this time as it uses undefined terms. Plaintiffs further object to this interrogatory because it seeks irrelevant information not germane to the claims in this lawsuit.

Without waiving said objections, Plaintiffs recall having various conversations with Defendants' employees that have visited Plaintiffs' property and has had numerous contacts with Defendants' representatives who spoke about the services which were to be provided and the level of satisfaction with Defendants' services. Statements by Defendants' representatives corresponded to those in Defendants' written materials. Plaintiff relied on Defendants to use their professional expertise to do what was necessary and required in order to prevent termite infestations including the identification of conditions that may exist and possibly interfere with the termite prevention services.

Plaintiffs recall discussing the evidence of termite infestations around their home and what remedial work would be required to stop the infestation including, for example, removal of insulation in certain areas to allow for better inspection. Plaintiffs further recall discussing the installation of french drains along the foundation and under slabs adjoined to the house and being reassured by Defendants that this would not interfere with their termite protection plan. Additionally, although not material to class claims, Plaintiffs recall having been giving verbal reassurances on multiple occasions regarding the termite infestations and that all problems had been taken care of by Defendants.

**INTERROGATORY 3.**

Identify all facts that support or relate to the following class action allegations, with respect to each putative class defined in the complaint or any subsequent amended complaint:

(a)     the putative class is so numerous that joinder of all members is impracticable;

(b)     common questions of law and fact predominate over any individual questions;

(c)     claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d)     you and the putative class counsel will fairly and adequately represent the interests of the class; and

(e)     a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:**     **Plaintiffs object to this interrogatory as premature to the extent that it calls for information that is not readily available to the Plaintiffs and information that will need to be provided by Defendants through the course of discovery.   Plaintiffs further object that this interrogatory calls for a legal conclusion and disclosure of attorney-client privilege and/or attorney work-product.**

**Without waiving said objections, Plaintiffs direct Defendants to Plaintiffs' Complaint generally which states as follows:**

> **a.  Upon information and belief, the number of customers Orkin has placed under a repair or service agreement since 1987 is believed to be in the thousands.  Orkin does business in many major cities in California and Orkin's website, in a press release, claims that "Orkin, Inc. provides essential pest control services to approximately 1.6 million residential and**

commercial customers." Orkin's website discusses acquisitions of competitors in California, further supporting the allegation that Orkin's California customers have numbered in the thousands. Supporting records are likely in the sole possession of the Defendants. Plaintiffs will likely supplement this answer at the time of filing their class certification motion.

b. Upon information and belief, the common questions of law and fact applicable to all class members are believed to include

(a)     Defendants failure to perform the services necessary to make the necessary recommendations for alterations to structures or foundation areas so as to make application of a complete chemical barrier an effective preventative or control measure against termites;

(b)     Defendants failure to make complete, proper and adequate initial inspections or annual re-inspections as required by law and by contract of the California properties under contract;

(c)     Defendants failure to apply a full label rate application of termiticide chemicals in accordance with labels and good practice;

(d)     Defendants failure to apply and maintain a proper termite chemical barrier as required by contract and law;

(e)     Defendants failure to maintain chemical barriers which were applied after they were know to have probably become ineffective;

(f)     Defendants failure to perform adequate treatments in accordance with label and industry standards;

(g)     Defendants failure to inform consumers of the failure of protective measures to induce additional payments, premiums, and alternative control or prevention services;

(h)     Defendants illegal raising annual renewal fees;

(i)     Defendants failure to apply complete applications of chemical to all critical areas when providing chemical barrier protection in a stand-alone service or in combination with a baiting system;

(j)     Defendants failure to disclose that its baiting system did not act as a "bait" or lure for termites;

(k)     Defendants false advertising and selling of prevention and control services as baits without providing a bait for termites;

(l)     Defendants failure to refund premiums and charges to customers after it knew or should have known that its prior service was no longer reasonably expected to be delivering a complete barrier to termite infestation;

(m)     Defendants failure to conduct quality control checks that were reasonably designed to fix prior faulty service;

(n)     Defendants actively concealed past service failures by making incomplete remedial treatments at the direction of Rollins and Orkin executives and high level managers;

(o)     Defendants continued to accept premiums from customers for "Lifetime" protection contracts when its executives and high level managers were disclosing to industry insiders that it could not fulfill said promises;

(p)     Defendants Inserted limitations of remedies and damages clauses into contracts to conceal its wrongdoing;

(q)     Defendant made deceptive claims about its ability to identify "new" termite damage;

(r)     Defendants engaged in deceptive practices of killing known or suspected live termite infestations to create reasons to deny claims for termite damages occurring during the course of termite treatments;

(s)     Defendant intentionally deceived customers about the quality and thoroughness of remedial termite chemical applications;

(t)     Defendants switched customers to different services to conceal past wrongdoing;

(u)     Defendants failure to correct false statements about the incidence of termite infestation;

(v)     Defendants failure to refund monies it has held without providing the promised services;

(w)     Defendants discouraged property owners from obtaining services from other vendors by concealing its failures of performance;

(x)     Defendants collected money from customers without disclosing any of the above or performing the services described above; and,

(y)     Defendants failure to make the necessary inspections to discover the extent of termite damage and termite treatment deficiencies.

c.     Upon information and belief, it is believed, based on Defendants' use of standardized form contracts, standardized marketing materials, legal requirments under

California law, and Defendants' standardized policies and procedures, that the above-listed common questions of law and fact relate to all potential class members and likewise form the bases for any claims the class may have. Prior to completion of discovery, Defendants are in the best position to identify the evidence supporting Plaintiffs' allegations. Information obtained by certain counsel in other cases supports Plaintiffs' allegations, but discovery in this case is in its infancy. Plaintiffs will provide any separately obtained evidence as part of the discovery process.

       d.      Plaintiffs object to this Interrogatory to the extent that it calls for a legal conclusion and invades the attorney-client privilege and/or seeks disclosure of attorney work-product. Plaintiffs further object to this interrogatory as premature in that it seeks information which would be part of a motion to certify the class. Subject to and without waiving their objections, Plaintiffs state they are parties to a standard, form contract. Plaintiffs understand the duties of a class representative and will act accordingly. Plaintiffs' Counsel have extensive experience in class action litigation throughout the United States and work with firms known for work in complex litigation and termite related litigation against these same Defendants. Upon information and belief, based on the above listed common questions of fact and law, Plaintiffs believe the facts relating to their case are common to the whole class and consistent with the claims of other class members. Counsels' experiences with other cases suggest Orkin's conduct is uniform and discovery will illuminate this issues. Defendants possess the information which supports these allegations.

       e.      This interrogatory is premature and cannot be meaningfully answered without substantial discovery from Defendants. Plaintiffs further object to this

interrogatory to the extent it seeks a legal conclusion about the propriety of class certification. Subject to and without waiving their objections, Plaintiffs state that based on the above listed common questions of fact and law, Plaintiffs believe that as a result of Defendants' standardized business practices and central control of policies and procedures, numerous customers were placed under the same or substantially similar repair or retreatment contracts that contain standardized language and that Orkin's conduct would be the same or substantially similar in all cases such that unitary adjudication would be inferior and involve thousands of separate lawsuits based on the same patterns and practices of Defendants. Furthermore, due to the costs of litigation, it would not be economical for any individual customer to litigate these claims to conclusion. Maintenance of separate lawsuits would be impractical and cost-prohibitive for the individual plaintiffs and would require the parties to duplicate efforts. Furthermore, unitary adjudication of the same claims for each of Defendants' thousands of California victims would unnecessarily waste judicial resources. As discovery is in its infancy, Plaintiffs will provide additional supporting evidence when they file their motion for class certification.

**INTERROGATORY 4.**

Identify all administrative proceedings or lawsuits filed in state or federal court in which you have been involved, or are currently involved, as a party or class member. For each such lawsuit, identify: (i) the case number, venue, and judge; (ii) whether you were a plaintiff or a defendant; and (iii) the status or disposition of the proceeding or lawsuit, whether by judgment, settlement, or otherwise.

**ANSWER:**    Plaintiffs object to this interrogatory as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory to the extent that it calls for information protected by the attorney-client privilege or the work product doctrine and on the grounds that the interrogatory is overly broad, vague, ambiguous and a meaningful response to this interrogatory is not possible at this time as any other administrative proceedings or lawsuits in which Plaintiffs have been involved are not the subject of or the basis for Plaintiffs' contentions in this litigation.

Without waiving said objections, Plaintiffs employment as a city building inspector for the City of San Francisco routinely requires him to testify in various types of building disputes. However, to best of their recollection, neither named Plaintiff has previously been named as a party to any lawsuit or administrative proceeding. Plaintiffs' reserve the right to supplement this answer if necessary.

**INTERROGATORY 5.**

Identify all damages that you allegedly incurred or that you seek to recover in this action as a result of the matters described in your complaint or any subsequent amended complaint. For each category or type of damages, provide the basis for such damages and the amount of such damages.

**ANSWER:**    Plaintiffs object to this interrogatory to the extent that it calls for information protected by the work product doctrine and on the grounds that the interrogatory is vague, ambiguous and a meaningful response to this interrogatory is not possible at this time as Plaintiffs have not completed their investigation or discovery.

Further, at this time Plaintiffs require information currently only in the possession of the Defendants in order to make a reasonable damages calculation.

Without waiving said objections, Plaintiffs refer Defendants to the allegations contained in the Complaint as the basis for any damages including but not limited to damages for breach of contract, money paid and lost for services either never rendered or incompletely rendered, the cost to apply a full barrier to protect from termites in accordance with California State Law and label requirements, as well as any incidental, consequential, statutory and punitive damages that may be applicable. Plaintiffs also seek equitable relief.

**INTERROGATORY 6.**

To the extent that you are claiming termite damage, please describe with specificity each area of termite damage for which you claim Orkin is responsible and identify and describe (i) the extent of that subterranean termite damage, (ii) when the damage was first discovered, (iii) whether live termites accompanied the damage, (iv) the reasons that you believe the damage is termite-related, (v) any actions taken in response to the damage, and (vi) the cost of repairing that damage. Your answer should identify the basis of your opinions or contentions and identify the persons with knowledge about those subjects.

**ANSWER:    Plaintiffs object to this interrogatory as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory to the extent that it calls for information protected by the attorney-client privilege or the work product doctrine and on the grounds that the interrogatory is overly broad, vague, ambiguous and a meaningful**

response to this interrogatory is not possible as it attempts to misdirect the claims of the class in an attempt to circumvent the class allegations.

Without waiving said objections, Plaintiffs have not requested damages for specific termite damage to their home as part of this suit. Rather, Plaintiffs claims are based on the allegations set forth in the complaint. Plaintiffs have no protection from termites which the Defendants have contracted to provide to them.

**INTERROGATORY 7.**

Please identify each time you or any of your agents observed evidence of active termite infestation or possible termite infestation. Your answer should include the date of the observation and describe in detail what the person observed and any actions that were taken in response to said observation(s).

**ANSWER:** Plaintiffs object to this interrogatory as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, ambiguous and a meaningful response to this interrogatory is not possible as it uses undefined terms including "active infestation," "possible infestation," and "observation."

Subject to, and without waiving said objections, Plaintiffs state that they discovered possible termite infestation at the time immediately preceding buying termite prevention services from the Defendants and at various times since contracting with Defendants, they have been informed of termite activity and possible infestations.

**INTERROGATORY 8.**

---

Please identify each pest control employee (including Orkin employees), home inspector, contractor, engineer, appraiser, lawyer, consultant, or expert who visited the property that is the subject of this suit, identifying the person who visited the property, the date of the visit, and the purpose of their inspection(s).

**ANSWER:** **Plaintiffs object to this interrogatory as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory to the extent that it calls for information protected by the attorney-client privilege or the work product doctrine and on the grounds that the interrogatory is overly broad, vague, ambiguous and a meaningful response to this interrogatory is not possible as it uses undefined terms.**

**Without waiving said objections, Plaintiffs' attorneys visited Plaintiffs' home in order to assess the potential claims Plaintiffs may have against Defendants. Defendants are in the best position to know which of their employees visited Plaintiffs' property, when and for what purpose.**

**INTERROGATORY 9.**

Please identify each allegedly false promotional material, material omission, or oral misstatement that you contend forms the basis in whole or in part of any claim in this action. For each alleged material omission or oral misstatement, identify (i) the content of the statements or omissions, (ii) when they were made, (iii) by whom they were made, (iv) where they were made, (v) how they were made, (vi) the basis for Plaintiffs' claim that they were false, and (vii) how Plaintiff was injured by such alleged statements or omissions.

**ANSWER:** **Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, ambiguous, and a meaningful response to this interrogatory is not**

possible as it uses undefined terms.    Plaintiffs further object in that this interrogatory calls for information that is not readily available to the Plaintiffs and information that Defendants shall provide through the course of discovery.

Without waiving said objections, Plaintiffs were provided sales materials, brochures, and other literature by the Defendants' in connection with and at the time the services Orkin contracted to provide.  Plaintiffs contend that these materials contained false and misleading information and omissions that the Defendants knew were false and misleading and promises that the Defendants knew it had no intention of fulfilling.  As a result of the information contained in Defendants promotional literature and contracts, Plaintiffs entered into a contract with Defendants for services that were never provided by Defendants. Plaintiffs are unaware of any oral misstatements.

**INTERROGATORY 10.**

Please set forth in detail the factual basis for Plaintiffs' breach of contract claim, including, but not limited to (i) what actions constitute the breach, (ii) when the breach occurred, (iii) whether and how Plaintiff was injured by each such alleged breach, (iv) whether and how Plaintiff mitigated his damages, (v) whether and how Plaintiff fulfilled his or her own contractual obligations.

**ANSWER:**    Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, ambiguous, and a meaningful response to this interrogatory is not possible as it uses undefined terms. Plaintiffs further object in that this interrogatory calls for information that is not readily available to the Plaintiffs at this time and information that will need to be provided by Defendants through the course of discovery.  Plaintiffs

further object in that this interrogatory calls for information that has been alleged in the complaint and is therefore redundant and burdensome.

Subject to, and without waiving said objections, Plaintiffs contend, as detailed in the Complaint, that Defendants knowingly failed to provide the necessary services as they were obligated to under the terms of the contract, laws and legal duties and that are designed to prevent termite infestations through use of professional expertise by a regulated service providers. Plaintiffs' believe these services should include application and maintenance of a complete chemical barrier in accordance with law and professional duties and use of products that fulfill their promises (e.g., a "bait" should lure termites), all in compliance with the minimum standards. Plaintiffs lack the expertise and knowledge needed to provide proper service and rely on experts and attorneys who are experienced in the field. The breach continues to occur every day that these services were not provided by the Defendants. As a result of this breach, Plaintiffs are entitled to, *inter alia*, the return of the contract amount paid and the cost to apply a full and effective chemical barrier to protect the property from termites. Plaintiffs believe that they preformed all duties required of them to eliminate conditions conducive to termite infestation when and as instructed by Defendants. As discovery is in its infancy, Plaintiffs will provide Defendants further information at the appropriate time.

**INTERROGATORY 11.**

Please describe in detail any Orkin policy or practice regarding subterranean termite services, sales, treatments, retreatments, applications, reapplications, inspections, or reinspections that you contend violate Orkin's contract, industry standards, or some other duty owed by Orkin to Plaintiff, and that you intend to establish on a class wide basis.

**ANSWER:**    Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, and ambiguous.  A meaningful response to this interrogatory is not possible as it uses undefined terms and it calls for information that is not readily available to the Plaintiffs at this time and will need to be provided by Defendants through the course of discovery.

Without waiving said objections, upon information and belief Plaintiffs contend, as detailed in the Complaint, that Defendants knowingly failed to provide the necessary services as they were obligated to under the terms of the contract and in order to fulfill customers' reasonable expectations of protection from termite infestations. Plaintiffs further contend, as detailed in the Complaint, that Defendants routine practice and policy is to intentionally not provide services in accordance with label requirements and California law.   Defendant possesses the information necessary to support these allegations.   As discovery commences, Plaintiffs will provide Defendants additional examples of Defendants' documents and conduct which may be responsive to this Interrogatory.

**INTERROGATORY 12.**

For each termiticide that you contend Orkin used during the relevant time period at the property that is the subject of this litigation, please state (i) the date on which the termiticide was applied, (ii) the method by which the termiticide was applied, (iii) the time period or range of time that the termiticide became ineffective, and (iv) the reason that the termiticide became ineffective.

**ANSWER:**    Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, and ambiguous.  A meaningful response to this interrogatory is not

possible as it uses undefined terms and it calls for information that is not readily available to the Plaintiffs at this time and will need to be provided by Defendants through the course of discovery. This Interrogatory is also unduly burdensome because Defendants already possess this information in their records.

Without waiving said objections and upon information and belief, Plaintiffs allege that on or about July 2, 1999, both the termiticides Prelude and Timbor were applied in unknown quantities or methods to some of the exterior portions of the home. It is well known by Defendants that the expected life of this type of treatment, using the various products available to Defendants, is less than five years do to the natural breakdown and leaching of the chemicals.

**INTERROGATORY 13.**

Please identify the factual basis for your contention that Orkin had a duty to perform a comprehensive retreatment of Plaintiffs' property after a certain period of time, even if there was no evidence of an infestation at the property.

**ANSWER:**    Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, and ambiguous. A meaningful response to this interrogatory is not possible as it uses undefined terms and it calls for information that is not readily available to the Plaintiffs at this time and will need to be provided by Defendants through the course of discovery. This Interrogatory is also unduly burdensome because Defendants already possess this information in their records.

Without waiving said objections, Plaintiffs contend, as detailed in the Complaint, that Defendants knowingly failed to provide the necessary services as they were obligated to under the terms of the contract, laws and legal duties and that are designed to prevent

termite infestations through use of professional expertise by a regulated service providers. Plaintiffs' believe these services should include application and maintenance of a complete chemical barrier in accordance with law and professional duties and use of products that fulfill their promises (e.g., a "bait" should lure termites), all in compliance with the minimum standards. Plaintiffs lack the expertise and knowledge needed to provide proper service and rely on experts and attorneys who are experienced in the field. In order to perform their duties, Defendants would be required to perform a reapplication of chemicals after such time period that Defendants knew or should have known the previous applications of chemicals had worn off. Defendants, as experts in the field of termite protection, had a duty to use reasonable care in discharging their duties under the contract.

**INTERROGATORY 14.**

Please describe all conducive conditions at Plaintiffs' property that Orkin had a duty to warn of and/or correct prior to treating the property for subterranean termites.

**ANSWER:**    Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, and ambiguous. A meaningful response to this interrogatory is not possible as it uses undefined terms and it calls for information that is not readily available to the Plaintiffs at this time and will need to be provided by Defendants through the course of discovery. This Interrogatory is also unduly burdensome because Defendants already possess this information in their records.

Without waiving said objections, Plaintiffs contend, as detailed in the Complaint, that Defendants knowingly failed to provide the necessary services as they were obligated to under the terms of the contract, laws and legal duties and that are designed to prevent

termite infestations through use of professional expertise by a regulated service providers. Plaintiffs' believe these services should include application and maintenance of a complete chemical barrier in accordance with law and professional duties and use of products that fulfill their promises (e.g., a "bait" should lure termites), all in compliance with the minimum standards. Plaintiffs lack the expertise and knowledge needed to provide proper service and rely on experts and attorneys who are experienced in the field. Plaintiffs believe Defendants, as experts in the field, had a duty to warn about conditions such as those that would prevent Defendants from applying and maintaining a proper chemical barrier in accordance with label requirements and California law. Alternatively, Defendants had a duty to warn about such conditions.

**INTERROGATORY 15.**

For each termiticide or baiting system you contend Orkin used during the relevant time period at Plaintiffs' property, please state what specific disclosure should have been provided to Plaintiff.

**ANSWER:**    Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, and ambiguous. A meaningful response to this interrogatory is not possible as it uses undefined terms and it calls for information that is not readily available to the Plaintiffs at this time and will need to be provided by Defendants through the course of discovery. This Interrogatory is also unduly burdensome because Defendants already possess this information in their records.

Without waiving said objections, under the terms of the standardized service agreement Defendants were obligated to disclose the shortcomings of such a system and the true nature of the product(s) used which were known and/or knowable to the

Defendants as experts in their field, including the fact certain termiticides wear off over time and that bait systems do not attract termites due to the known biological behavior of termites and the known ecological properties of termite colonies.

**INTERROGATORY 16.**

Identify each allegedly common issue of law or fact that you intend to try on a class wide basis, *see* Fed. R. Civ. P. 23(a)(2), and *identify the common evidence that you will use to* prove the elements of each substantive claim based on each such law or fact. If you do not already have the common evidence in your possession or under your control, identify the type of evidence you intend to use.

**ANSWER:**   *Plaintiffs object to this interrogatory on the grounds that the interrogatory is overly broad, vague, and ambiguous. A meaningful response to this interrogatory is not possible as it uses undefined terms and it calls for information that is not readily available to the Plaintiffs at this time and will need to be provided by Defendants through the course of discovery. This Interrogatory is also unduly burdensome because Defendants already possess this information in their records. Plaintiffs further object that this interrogatory calls for a legal conclusion and disclosure of attorney-client privilege and/or attorney work-product.*

Subject to, and without waiving their objections, Plaintiffs will address what evidence to present at such a time when the required evidence is under their control and routine discovery, including depositions, has yielded potential evidence.   Generally, Plaintiffs anticipate using Defendants' standardized contracts, standardized marketing materials, standardized training materials, internal records of pesticide use, evidence of Defendants' policies and procedures, evidence of label requirements for termiticide

product use and any other materials obtained in discovery.   In addition, Plaintiffs
anticipate offering expert testimony on termite control methods and about the
development of the state-of-the-art in termite control over time.


DATED: April 18, 2008

By: /s/ Daniel M. Bradley
DANIEL M. BRADLEY, *pro hac*
Attorney for Plaintiffs

DANIEL M. BRADLEY, *pro hac*
CHRISTIAN H. HARTLEY, *pro hac*
MATHEW D. HAMRICK
RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, SC  29464
Phone: 843-727-6500
Fax: 843-881-6183
Email: dbradley@rpwb.com
Email: chartley@rpwb.com
Email: mhamrick@rpwb.com

H. TIM HOFFMAN, SBN 49141
ARTHUR W. LAZEAR, SBN 83603
MORGAN M. MACK SBN 212659
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700
Fax: (510) 835-1311
Email: hth@hoffmanandlazear.com
Email: awl@hoffmanandlazear.com
Email: mmm@hoffmanandlazear.com

THOMAS F. CAMPBELL, *pro hac*
CAMPBELL LAW
A PROFESSIONAL CORPORATION
100 Concourse Parkway, Suite 115
Birmingham, AL  35244
Telephone: (205) 278-6650
Fax: (205)278-6654
Email: tcampbell@campbelllitigation.com

# EXHIBIT C

H. TIM HOFFMAN, SBN 49141
ARTHUR W. LAZEAR, SBN 83603
MORGAN M. MACK SBN 212659
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700
Fax: (510) 835-1311

CHRISTIAN H. HARTLEY, *pro hac*
DANIEL M. BRADLEY, *pro hac*
MATHEW D. HAMRICK
RICHARDSON PATRICK WESTBROOK & BRICKMAN, LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, SC 29464
Phone: 843-727-6500
Fax: 843-881-6183

THOMAS F. CAMPBELL, *pro hac*
CAMPBELL LAW
A PROFESSIONAL CORPORATION
100 Concourse Parkway, Suite 115
Birmingham, AL 35244
Telephone: (205) 278-6650
Fax: (205)278-6654

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KRZYZANOWSKY AND ILEANA KRZYZANOWSKY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC.<br><br>Defendants. | Case No.   C07-05362 SBA<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DATED APRIL 18, 2008** |

## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION
## GENERAL OBJECTIONS

1.    Plaintiffs object to each of the requests to the extent it calls for attorney work product and/or communications protected by the attorney-client privilege.

2.    Plaintiffs object to each of the requests to the extent it calls for information as to consulting experts, which is privileged and protected from discovery; similarly each request is objectionable to the extent it seeks information or testimony from opinion experts, which is premature, and which will be provided in accordance with the Court's scheduling order.

3.    Plaintiffs object to all of the requests as unduly burdensome to the extent they seek production of all evidence in support of the allegations, prior to the date on which plaintiffs have been allowed to conduct the discovery necessary to provide a complete response.

4.    Plaintiffs object to all of the requests as unduly burdensome to the extent that the information requested is in the possession of the propounding defendants, is more easily obtained by the defendants, or is information that should be produced by the defendants in connection with discovery in this litigation.

Each of Plaintiffs' responses is subject to all of the foregoing objections.

## REQUESTS FOR PRODUCTION

1.    All documents – including but not limited to correspondence, notes, advertisements, brochures, or contracts – relating to or referring to any contract(s) or services provided thereunder (including the negotiation of any contracts) between either Plaintiffs and Orkin or Plaintiffs and any other pest control companies for treatment of termites or other insects for the property located at 33755 Weyland Court, Union City, California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**     Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.

2.     All bills sent to Plaintiffs by Orkin for termite prevention or control services, and all documents showing proof of payment to Orkin for termite services rendered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**     Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.

3.     All documents – including but not limited to correspondence, logs, notes, calendars, emails, estimates, bids, invoices, bills, or proposals – that relate to, refer to, or discuss termite infestations, termite damage, or repairs for termite damage, at the property located at 33755 Weyland Court, Union City, California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**     Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.

4.     All documents relating or referring to any physical inspection of the property located at 33755 Weyland Court, Union City, California for any purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**     **Plaintiffs incorporate each of the general objections above.  Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.**

5.     All documents evidencing complaints or demands by Plaintiffs to any person or entity – including but not limited to Orkin, other companies providing pest control services, or any governmental agency – about termites or other pests at the property located at 33755 Weyland Court, Union City, California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**     **Plaintiffs incorporate each of the general objections above.  Subject to and without waiver of the foregoing objections, Plaintiffs state that non-privileged responsive documents will be produced.**

6.     All blueprints for, plans for, or appraisals of the property located at 33755 Weyland Court, Union City, California, and any and all documents relating to buying or selling said property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**     **Plaintiffs incorporate each of the general objections above.  Subject to and without waiver of the foregoing objections, Plaintiffs state that non-privileged responsive documents will be produced.**

7.    All documents – including but not limited to promotional materials and brochures – supporting or relating to Plaintiffs' claim that Orkin misrepresented facts or made material omissions of fact that induced Plaintiffs to enter into any subterranean termite contract or contract renewal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**    Plaintiffs **incorporate each of the general objections above. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.**

8.    All insurance policies covering the property and claims for property damage that are the subject of this suit from the date of construction to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**    Plaintiffs **incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs respond that there are no known insurance policies covering the claims alleged by Plaintiffs in this suit.**

9.    All documents that reference or constitute standards concerning the treatment of or inspection for subterranean termites that Plaintiff contend Orkin violated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**    Plaintiffs **incorporate each of the general objections above, particularly, General Objection No. 4. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just**

commencing. Subject to and without waiver of the foregoing objections, Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and are more readily available to the Defendants.

10.    Any documents relating or referring to any practice or policy of Orkin – including but not limited to advertising, sales, treatments, or inspection – that you claim fails to meet industry standards or applicable federal or state law.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**    Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing. Subject to and without waiver of the foregoing objections, Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and are more readily available to the Defendants.

11.    All documents relating to any damages allegedly sustained by Plaintiff for which recovery (in an individual or representative capacity) is sought pursuant to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**    Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing. Subject to and without waiver of the foregoing objections, Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and are more readily available to the Defendants.

12.    All documents identified in response to Defendant Orkin's First Set of Interrogatories to Plaintiff, or that plaintiffs referred to or relied upon in responding to such interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**    **Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time.**

13.    All documents reflecting or relating in any way to any communications between Plaintiffs and Orkin regarding the incidents or practices alleged in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**    **Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.**

14.    All documents evidencing, reflecting, or relating in any way to the incidents or practices alleged in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**    **Plaintiffs incorporate each of the general objections above. Subject to and without waiver of the foregoing objections, Plaintiffs state all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and any documents responsive to this**

request are Defendants' own documents that are already in the possession of Defendants and as such are more readily available to Defendants.

15.   All documents prepared by, provided to, communicated to, shown to, or relied upon by any expert who may or will provide expert testimony in connection with class certification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**   **Plaintiffs** incorporate each of the general objections above, particularly, General Objection Nos. 1, 2 and 3.   Subject to and without waiver of the foregoing objections, Plaintiffs state that no testifying experts have been retained at this time.

16.   All documents required to be produced pursuant to Fed. R. Civ. P. 26(a)(2).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**   **Plaintiffs** incorporate each of the general objections above particularly, General Objection Nos. 1, 2 and 3.   Subject to and without waiver of the foregoing objections, Plaintiffs state that no testifying experts have been retained at this time.

17.   Any documents reflecting or relating in any way to communications between you or your agents and any other potential members of the putative classes alleged in the complaint or any subsequent amendment thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**   **Plaintiffs** incorporate each of the general objections above, particularly, General Objection Nos. 1, 2, 3 and 4.   Subject to and without waiver of the foregoing objections, Plaintiffs state that all the service records and marketing materials in possession of Plaintiffs were identified in Plaintiffs' initial disclosures and constitutes all documents in Plaintiffs' possession at this time and that non-privileged responsive documents will be produced.

18.    All documents evidencing the contract for performance of attorney services in prosecution of this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**    Plaintiffs incorporate each of the general objections above, particularly, General Objection Nos. 1, 2, 3 and 4.

19.    All documents related to the following class action allegations, with respect to each putative class defined in the complaint or any subsequent amended complaint:

(a)    class is so numerous that joinder of all members is impracticable;

(b)    questions of law or fact are common to the class and such questions predominate over any individual questions;

(c)    claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d)    you and your counsel will fairly and adequately represent the interests of the class; and

(e)    a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**    Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation and that discovery is only just commencing. Subject to and without waiver of the foregoing objections, Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and as such are more readily available to the Defendants.

20.    All documents that reflect or relate to the allegedly common evidence you identified in response to Interrogatory 16.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**    Plaintiffs incorporate each of the general objections above, particularly, General Objection No. 4. Plaintiffs further object to this request on the grounds that it is premature in that Plaintiffs have not yet completed their investigation in that discovery is only just commencing. Subject to and without waiver of the foregoing objections, Plaintiffs state that any documents responsive to this request are Defendants' own documents that are already in the possession of Defendants and as such are more readily available to the Defendants.

DATED: April 18, 2008

By: /s/ Daniel M. Bradley
DANIEL M. BRADLEY, *pro hac*
Attorney for Plaintiffs

DANIEL M. BRADLEY, *pro hac*
CHRISTIAN H. HARTLEY, *pro hac*
MATHEW D. HAMRICK
RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, SC  29464
Phone: 843-727-6500
Fax: 843-881-6183
Email: dbradley@rpwb.com
Email: chartley@rpwb.com
Email: mhamrick@rpwb.com

Additional Plaintiffs Counsel on Next Page

1    H. TIM HOFFMAN, SBN 49141
2    ARTHUR W. LAZEAR, SBN 83603
     MORGAN M. MACK SBN 212659
3    HOFFMAN & LAZEAR
     180 Grand Avenue, Suite 1550
4    Oakland, CA 94612
     Telephone: (510) 763-5700
5    Fax: (510) 835-1311
     Email: hth@hoffmanandlazear.com
6    Email: awl@hoffmanandlazear.com
7    Email: mmm@hoffmanandlazear.com

8

9    THOMAS F. CAMPBELL, *pro hac*
     CAMPBELL LAW
10   A PROFESSIONAL CORPORATION
     100 Concourse Parkway, Suite 115
11   Birmingham, AL 35244
     Telephone: (205) 278-6650
12   Fax: (205)278-6654
     Email: tcampbell@campbelllitigation.com

# EXHIBIT D

# CALL, JENSEN & FERRELL

A PROFESSIONAL CORPORATION

**LAWYERS**

610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE (949) 717-3000
FACSIMILE (949) 717-3100
www.calljensen.com

June 6, 2008

OUR FILE NUMBER
ORK01-02

Daniel M. Bradley, Esq.
Richardson, Patrick, Westbrook & Brickman, LLC
174 E. Bay Street
Charleston, SC 29401

Thomas F. Campbell, Esq.
Campbell Law, P.C.
100 Concourse Parkway, Suite 115
Birmingham, AL 35244

Morgan M. Mack, Esq.
Hoffman & Lazear
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Fax: (510) 835-1311

Re:     Krzyzanowsky v. Orkin Exterminating Company, et al.

Dear Counsel:

Enclosed please find Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories and Document Requests.

We are still waiting to hear your response as to the outstanding issues remaining from the meet and confer process we engaged in regarding Plaintiffs' discovery responses. It would be most appreciated if you would provide your input by no later than close of business June 13, 2008 as to those issues.

Also, as we have emphasized throughout this litigation, it is of the utmost importance that we coordinate the discovery processes in this case with those in the Sheppard case. If you intend to serve discovery for the Sheppard matter, please do so promptly so that Orkin may respond while it is preparing responses and gathering documents for the Krzyzanowski matter. Further,

June 6, 2008
Page 2

should you have any concerns about the enclosed discovery responses, please let us know by close of business June 13, 2008, so that we can keep all discovery efforts on a coordinated track.

Very truly yours,

Matthew R. Orr
For Call, Jensen & Ferrell
A Professional Corporation

MRO/js
Enclosure

# EXHIBIT E



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

tscarborough@sidley.com
(312) 853-2236

| BEIJING | LOS ANGELES |
| BRUSSELS | NEW YORK |
| CHICAGO | SAN FRANCISCO |
| DALLAS | SHANGHAI |
| FRANKFURT | SINGAPORE |
| GENEVA | SYDNEY |
| HONG KONG | TOKYO |
| LONDON | WASHINGTON, D.C |

FOUNDED 1866

June 25, 2008

**Via Email (dbradley@rpwb.com) and Post**

Daniel M. Bradley
Richardson Patrick Westbrook & Brickman LLC
174 E. Bay Street
Charleston, SC 29401

     Re:   *Krzyzanowski v. Orkin, Inc.*

Dear Dan:

     Based on Mr. Kryrzanowski's deposition testimony given on May 20, 2008, there are several areas in which it appears his previous discovery responses are lacking. We ask that you supplement his discovery responses as follows:

     1)    In Document Request No. 1, Mr. Krzyzanowski was asked to produce all documents – including advertisements or brochures – relating to any contract he entered into with Orkin. At his deposition, Mr. Krzyzanowski stated that he may have received a document substantially similar to Exhibit 7 to his deposition prior to entering into the 1999 contract (Dep. at 138-140, 142). This 1998 brochure (or another substantially similar brochure) has not been produced; we ask that Mr. Krzyzanowski conduct a diligent search for the brochure and produce it if it is in his possession.

     2)    In Interrogatory No. 5, Mr. Krzyzanowski was asked to "identify all damages that you allegedly incurred or that you seek to recover in this action . . . [and] provide the basis for such damages and the amount of such damages." Damage calculations were also required to be provided as part of the Rule 26 initial disclosures. Additionally, in Document Request No. 11, Mr. Krzyzanowski was asked to produce all documents "relating to any damages allegedly sustained by Plaintiff for which recovery . . . is sought pursuant to this lawsuit." At his deposition, Mr. Krzyzanowski claimed that part of the damages sought in this case are damages for missed work (Dep. at 169-172). We ask that you provide the responsive information regarding these damages as soon as possible.



Daniel M. Bradley
June 25, 2008
Page 2

      3)    In Interrogatory No. 8, Mr. Krzyzanowski was asked to identify each pest control employee and home inspector who visited his property, including the person who visited the property, the date of the visit, and the purpose of the inspection. As Mr. Krzyzanowski stated at his deposition, a company called Termwright appears to have inspected the property as part of the sale to the Krzyzanowskis (Dep. at 47-50 ). He also stated that other inspections took place as part of the sale (*id.* at 52-53). We ask that you provide all identifying information with respect to these inspections, including the date, name of the inspector, purpose of the inspection, and any results of the inspection. Moreover, in Document Request No. 4, Mr. Krzyzanowski was asked to produce "all documents relating to any physical inspection" of his property. Accordingly, we ask that you produce any documents (including but not limited to contracts or reports) related to said inspections.

      4)    Finally, the interrogatory responses that we received were not verified by Mr. Krzyzanowski as required by Federal Rule 33(b)(5). We ask that you provide said verification immediately (*see also* Dep. at 206).

Very truly yours,

*J. Robert Scarborough /km*

T. Robert Scarborough

cc:    Douglas B. Brown
       Mark Eisenhut

# EXHIBIT F



## RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

Daniel M. Bradley
843.727.6541 Direct Dial No.
843.881.6183 Direct Fax No.
dbradley@rpwb.com

Daniel M. Bradley
James C. Bradley
Michael J. Brickman
Elizabeth Middleton Burke
J. David Butler
William M. Connelly
Aaron R. Dias
Jerry Hudson Evans
Nina H. Fields
Thomas P. Gressette, Jr.
H. Blair Hahn
Daniel S. Haltiwanger
Matthew D. Hamrick
Christian H. Hartley
David Hendricks
Gregory A. Lofstead
Christiaan A. Marcum
Katie McElveen
Daniel O. Myers
Karl E. Novak
Kimberly Keevers Palmer
Charles W. Patrick, Jr.
Gordon C. Rhea (CA, DC & USVI only)
Terry E. Richardson, Jr.
Thomas O. Rogers
A. Hoyt Rowell, III
Matthew J. Thiesing
T. Christopher Tuck
James L. Ward, Jr.
Edward J. Westbrook
Kenneth J. Wilson
Robert S. Wood
Walter McBrayer Wood

Of Counsel:
James H. Rion, Jr.
Howard Siegel (DC & MD only)
David L. Suggs (MN & NY only)
Robert M. Turkewitz

July 21, 2008

Robert Scarborough
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
tscarborough@sidley.com

Re: Outstanding discovery issues
   *Krzyzanowski v. Orkin*  Case No.: C07- 05362 JL
   *Sheppard v. Orkin*, Case No.: 4:07-CV-01183-WRW

Dear Counsel:

On June 22, 23, and 28, 2008 we met and conferred on efforts regarding outstanding discovery in both the *Sheppard* and *Krzyzanowski* cases. Based on these meetings, Plaintiffs' counsel has agreed to clarify their responses to interrogatories propounded on Plaintiffs and to supplement responses to requests for production as necessary.

In the responses, Plaintiffs indicated that they produced all documents known to exist at this time. Plaintiffs have not intentionally withheld any documents or records. Since these responses were served, Orkin has made supplemental requests for additional documents and clarifications they believe to be responsive. The Krzyzanowskis will conduct a thorough search of their records to locate any additional documentation that may have been inadvertently omitted and are responsive to these supplemental requests.

The Krzyzanowskis will supplement their responses to the first set of interrogatories in order to clarify the answers already provided. Specifically, interrogatories 3, 5, 6, 7, 8, 10, 11, 12, 13, 15, and 16 will be supplemented.

In answering discovery requests, Mr. Sheppard will make every attempt to address the issues raised by Defendants in the Krzyzanowski responses to interrogatories. Mr. Sheppard further agrees to provide you with all responsive documentation in his possession that are not otherwise privileged or protected. It should be noted, that we do not foresee withholding any documents at this time.

If you have further questions or concerns at this time, please do not hesitate to contact me.

Sincerely,

Daniel M. Bradley

DMB/ths
cc:    Bob Davidson
        Tom Campbell

# EXHIBIT G

Mark L. Eisenhut, Bar No. 185039
Matthew R. Orr, Bar No. 211097
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel.: (949) 717-3000
Fax: (949) 717-3100
meisenhut@calljensen.com
morr@calljensen.com

Of Counsel:

Michael W. Davis, Esq.
Theodore R. Scarborough, Esq.
Kara L. McCall, Esq.
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
tscarborough@sidley.com
kmccall@sidley.com

Douglas B. Brown, Esq.
Daniel Gerber, Esq.
RUMBERGER, KIRK & CALDWELL, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, Florida 32802-1873
Tel.: (407) 872-7300
Fax: (407) 841-2133
dbrown@rumberger.com
dgerber@rumberger.com

Attorneys for Defendants Orkin, Inc. (f/k/a Orkin
Exterminating Co., Inc.), and Rollins, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

RONALD KRZYZANOWSKY AND
ILEANA KRZYZANOWSKY, on behalf
of themselves and all others similarly
situated,

Case No. C07-05362 SBA

        Plaintiffs,

- 1 -

C07-05362 SBA

ORKIN, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF, RONALD KRZYZANOWSKY DATED
MARCH 7, 2008

ALL, JENSEN &
FERRELL
PROFESSIONAL
ORPORATION

1

2

vs.

3

ORKIN EXTERMINATING COMPANY,
INC.; ROLLINS, INC.,

4

Defendants.

5

6

7

8

**ORKIN, INC.'S SECOND SET OF
INTERROGATORIES
TO PLAINTIFF, RONALD
KRZYZANOWSKY DATED MARCH
7, 2008**

9 Defendant, Orkin, Inc. (f/k/a Orkin Exterminating Co., Inc.) ("Orkin"), in

10 accordance with the Rules of the Federal Rules of Civil Procedure, propounds upon the

11 Plaintiff, Ronald Krzyzanowsky, the following interrogatories to be responded to in

12 writing and under oath within thirty (30) days from the date of service hereof. When

13 answering these interrogatories, please refer to the definitions and instructions attached

14 hereto.

15

16 ## DEFINITIONS AND INSTRUCTIONS

17 These instructions and definitions pertain to the foregoing discovery request:

18 1.    The word "person(s)" means any natural person, individual, entity,

19 including but not limited to, joint owners, companies, partnerships, joint ventures,

20 corporations, trusts, estates, limited partnerships, associations, proprietorships, firms,

21 other business enterprises, or government bodies.

22 2.    The word "document(s)" means all written, recorded, or graphic matter,

23 however produced or reproduced, pertaining in any manner to the subject matter

24 indicated and including without limiting the generality of the foregoing, all originals,

25 copies and drafts of all correspondence, office memoranda, memoranda of telephone

26 conversations, telegrams, messages, contracts, studies, cancelled checks, graphs,

27 photographs, releases, newspaper or magazine articles, books, financial statements,

28 ledgers, transcripts, affidavits, tapes, tape recordings and phonograph records, whether

ALI, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION

- 2 -                                                    C07-05362 SBA
ORKIN, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF, RONALD KRZYZANOWSKY DATED
MARCH 7, 2008

1   originals, and all non-identical copies, or drafts, however produced or reproduced. The

2   term "document(s)" also includes all information stored on any computers, hard drives,

3   disk drives, or other digital storage. The term "document(s)" is intended to have the

4   broadest possible meaning under the applicable rules of civil procedure.

5       3.    "Communication" means any oral statement or writing.

6       4.    As used herein, the singular and masculine form of noun or pronoun shall

7   embrace, and be read and applied as the plural or the feminine or neuter, as

8   circumstances may make appropriate.

9       5.    The word "identify" when used with respect to a person means:

10          A.    State the full name, present address, and telephone number of said

11              person; and,

12          B.    State the full name, address, and telephone number of each of his /

13              her employers, each corporation of which he is an officer or

14              director, and each business in which he is a principal.

15      6.    The word "identify" when used with respect to a document means:

16          A.    Describe the document by date and subject matter;

17          B.    Identify the person or persons that authored, wrote, signed, initialed,

18              dictated, or otherwise participated in the creation of the document;

19              and

20          C.    Identify the name, address, and telephone number of the person who

21              has custody of the document.

22      7.    Unless otherwise specified herein, the discovery requests cover the time

23   period from June 1, 1999 to the present.

24      8.    "You," "Plaintiff," or "Plaintiffs" shall mean Ronald and Ileana

25   Krzyzanowsky, and all of their agents, including attorneys, investigators, contractors,

26   consultants, experts, and other representatives.

27      9.    To the extent the Plaintiff asserts any privilege to any information

28   requested and refuses to provide such information based on that privilege, please

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

- 3 -                                          C07-05362 SBA
ORKIN, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF, RONALD KRZYZANOWSKY DATED
MARCH 7, 2008

1    produce an itemized privilege log of all information withheld at the time the response to
2    the request is served.   The log should include (1) the privilege(s) asserted, (2) a
3    description of the information withheld on the grounds of the privilege, (3) all authors,
4    (4) all recipients, and (5) the date the information was created.
5
6                                    **INTERROGATORIES**
7    **INTERROGATORY 17.**
8        Please identify all dates between July 2, 1999 and October 19, 2007 on which
9    you communicated or met with any attorney – whether or not retained and including but
10   not limited to your attorneys in this action – regarding Orkin's treatment of your
11   property.  Your answer should identify the name of the attorney as well as the date of
12   such communication or meeting.
13
14   Dated: June 13, 2008                   CALL, JENSEN & FERRELL
                                            A Professional Corporation
15                                          Mark L. Eisenhut
                                            Matthew R. Orr
16
17                                     By: _____
18                                          Matthew R. Orr
19                                          Attorneys for Defendants Orkin Exterminating
                                            Company, Inc. and Rollins, Inc.
20
21
22
23
24
25
26
27
28

ALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION                                - 4 -                        C07-05362 SBA
ORKIN, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF, RONALD KRZYZANOWSKY DATED
MARCH 7, 2008

1

2

## CERTIFICATE OF SERVICE
(United States District Court)

3

4    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

5

6    On June 13, 2008, I have served the foregoing document described as **ORKIN, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF, RONALD KRZYZANOWSKY DATED MARCH 7, 2008** on the following person(s) in the manner(s) indicated below:

7

8

9    ### SEE ATTACHED SERVICE LIST

10

11    [  ]  (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

12

13    [ X ]  (BY MAIL)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

14

15

16

17    [  ]  (BY OVERNIGHT SERVICE)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

18

19

20

21

22

23    [  ]  (BY FACSIMILE TRANSMISSION)  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

24

25

26

27

28    [  ]  (BY E-MAIL)  I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

1

2  [  ]   (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User
3  for this District of the United States District Court.

4  [ X ]   (FEDERAL)  I declare that I am employed in the office of a member of the Bar
   of this Court at whose direction the service was made.
5

6       I declare under penalty of perjury under the laws of the United States of America
   that the foregoing is true and correct, and that this Certificate is executed on June 13,
7  2008, at Newport Beach, California.

8

9                                          Jackie Sohn

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
   FERRELL
A PROFESSIONAL
  CORPORATION

1

**SERVICE LIST**

2

3

4

5

6

| H. Tim Hoffman, Esq. | **Attorneys for Plaintiffs** |
|---|---|

H. Tim Hoffman, Esq.
Arthur W. Lazear, Esq.
Morgan M. Mack, Esq.
Hoffman & Lazear
180 Grand Avenue, Suite 1550
Oakland, CA 94612
T: (510) 763-5700
F: (510) 835-1311

7

8

9

10

11

Christian Hartley, Esq.                    **Attorneys for Plaintiffs**
Daniel M. Bradley, Esq.
Richardson, Patrick, Westbrook &
Brickman, LLC
174 E. Bay Street
Charleston, SC 29401
T: (843) 727-6564

12

13

14

15

Thomas F. Campbell, Esq.                   **Attorneys for Plaintiffs**
Campbell Law, P.C.
100 Concourse Parkway, Suite 115
Birmingham, AL 35244
T: (205) 278-6650

16

17

18

19

20

Douglas B. Brown, Esq.                     **Attorneys for Defendants**
Daniel Gerber, Esq.
Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Ave.
Orlando, FL 32802-1873
T: (407) 872-7300
F: (407) 841-2133

21

22

23

24

25

Michael W. Davis, Esq.                     **Attorneys for Defendants**
Theodore R. Scarborough, Esq.
Kara L. McCall, Esq.
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036

26

27

28

CALL, JENSEN &
FERRELL
\ PROFESSIONAL
CORPORATION

# EXHIBIT H

1  Mark L. Eisenhut, Bar No. 185039
2  Matthew R. Orr, Bar No. 211097
   CALL, JENSEN & FERRELL
3  610 Newport Center Drive, Suite 700
   Newport Beach, CA 92660
4  Tel.: (949) 717-3000
   Fax: (949) 717-3100
5  meisenhut@calljensen.com
6  morr@calljensen.com

7  Of Counsel:

8  Michael W. Davis, Esq.
   Theodore R. Scarborough, Esq.
9  Kara L. McCall, Esq.
   SIDLEY AUSTIN LLP
10 1 S. Dearborn Street
   Chicago, IL 60603
11 Tel.: (312) 853-7000
   Fax: (312) 853-7036
12 tscarborough@sidley.com
13 kmccall@sidley.com

14
   Douglas B. Brown, Esq., Bar No. 0242527
15 Daniel Gerber, Esq., Bar No. 0764957
   RUMBERGER, KIRK & CALDWELL, P.A.
16 Lincoln Plaza, Suite 1400
   300 South Orange Avenue
17 Orlando, Florida 32802-1873
   Tel.: (407) 872-7300
18 Fax: (407) 841-2133
19 dbrown@rumberger.com
   dgerber@rumberger.com
20
21 Attorneys for Defendants Orkin, Inc. (f/k/a Orkin
   Exterminating Co., Inc.), and Rollins, Inc.
22

23              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
24
25 RONALD KRZYZANOWSKY AND        | Case No. C07-05362 SBA
   ILEANA KRZYZANOWSKY, on behalf |
26 of themselves and all others similarly |
   situated,                      |
27                                |
28              Plaintiffs,        |

ALL, JENSEN &
FERRELL
PROFESSIONAL
ORPORATION

:383398_1:6-13-08                    - 1 -                    C07-05362 SBA
DEFENDANT ORKIN'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, RONALD
                    KRZYZANOWSKY DATED MARCH 7, 2008

<table>
<tr><td>1</td><td></td><td></td></tr>
</table>

vs.

ORKIN EXTERMINATING COMPANY,
INC.; ROLLINS, INC.

      Defendants.

**DEFENDANT ORKIN, INC.'S
SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO
PLAINTIFF, RONALD
KRZYZANOWSKY DATED MARCH
7, 2008**

       Defendant Orkin Exterminating Company, Inc. n/k/a Orkin, Inc. ("Orkin"), by and

through its undersigned counsel, submits the following Request for Production of

documents to Plaintiffs Ronald and Ileana Krzyzanowsky in accordance with Fed. R. Civ.

Proc. 34.  Please produce the documents identified below within thirty (30) days, or as

otherwise agreed upon between counsel.  When responding to these requests, please refer

to the definitions and instructions attached hereto.

## DEFINITIONS AND INSTRUCTIONS

       These instructions and definitions pertain to the foregoing discovery

requests:

      The word "person(s)" means any natural person, individual, or entity, including

but not limited to, joint owners, companies, partnerships, joint ventures, corporations,

trusts, estates, limited partnerships, associations, proprietorships, firms, other business

enterprises, or government bodies.

      The word "document(s)" means all written, recorded, electronic, or graphic

matter, however produced or reproduced, pertaining in any manner to the subject matter

indicated and including without limiting the generality of the foregoing, all originals,

copies, and drafts of all correspondence, office memoranda, memoranda of telephone

conversations, telegrams, messages, contracts, studies, cancelled checks, graphs,

photographs, releases, newspaper or magazine articles, books, financial statements,

ALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION

383398_1:6-13-08                                    - 2 -                                    C07-05362SBA
DEFENDANT ORKIN'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, RONALD
KRZYZANOWSKY DATED MARCH 7, 2008

1  ledgers, transcripts, affidavits, tapes, tape recordings and phonograph records, whether
2  originals or copies, and all non-identical copies, or drafts, however produced or
3  reproduced.  The term "document(s)" also includes all information stored on any
4  computers, hard drives, disk drives, or other digital storage.  The term "document(s)" is
5  intended to have the broadest possible meaning under the applicable rules of civil
6  procedure.

7  "Communication" means any oral statement or writing.

8  As used herein, the singular and masculine form of noun or pronoun shall
9  embrace, and be read and applied as the plural or the feminine or neuter, as
10  circumstances may make appropriate.

11  "Plaintiff" or "Plaintiffs" shall mean Ronald and Ileana Krzyzanowsky, and all of
12  their agents including attorneys, investigators, contractors, consultants, experts, and
13  other representatives.

14  To the extent Plaintiff asserts any privilege to any document requested and
15  refuses to produce such document based on that privilege, please produce an itemized
16  privilege log of all documents withheld from production at the time the response to the
17  request is served.  The log should include (1) the privilege(s) asserted, (2) a description
18  of the document withheld on the grounds of the privilege, (3) the author(s) of the
19  document, (4) the recipient(s) of the document, and (5) the date the document was
20  created.

21
22  ## REQUESTS FOR PRODUCTION

23  21.    Please produce any and all cancelled checks or bank statements reflecting
24  payments made to Orkin, Inc., Orkin Exterminating Co., Inc., Rollins, Inc. or any other
25  entity for services provided to you by Orkin, Inc., Orkin Exterminating Co., Inc., and
26  Rollins, Inc. in 1999, 2000, 2001, and 2002 (including but not limited to records
27  referred to at pages 122-134 of your deposition).

28  / / /

'ALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION

:383398_1:6-13-08                    - 3 -                    C07-05362SBA

DEFENDANT ORKIN'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, RONALD
KRZYZANOWSKY DATED MARCH 7, 2008

1    22.    Please produce any and all permits for remodeling or construction work

2 that has been done on any area of your home between 1999 and 2007, as referenced at

3 page 118 of your deposition.

4

5    23.    Please produce any and all demand letters that you made to Orkin or

6 Rollins pursuant to the California Civil Code Section 1782 prior to filing this suit.

7

8    24.    Please produce any and all DOCUMENTS which evidence, reflect,

9 reference, or otherwise indicate all dates between July 2, 1999 and October 19, 2007 on

10 which you communicated or met with any attorney – whether or not retained and

11 including but not limited to your attorneys in this action – regarding Orkin's treatment

12 of your property.

13

14 Dated: June 13, 2008                      CALL, JENSEN & FERRELL
                                            A Professional Corporation
15                                          Mark L. Eisenhut
                                            Matthew R. Orr
16

17

18                                          By:_____
                                               Matthew R. Orr
19
                                            Attorneys for Defendants Orkin Exterminating
20                                          Company, Inc. and Rollins, Inc.

21

22

23

24

25

26

27

28

ALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION

:383398_1:6-13-08                              - 4 -                        C07-05362SBA
DEFENDANT ORKIN'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, RONALD
KRZYZANOWSKY DATED MARCH 7, 2008

## CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On June 13, 2008, I have served the foregoing document described as **ORKIN, INC.'S SECOND SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, RONALD KRZYZANOWSKY DATED MARCH 7, 2008** on the following person(s) in the manner(s) indicated below:

## SEE ATTACHED SERVICE LIST

[ ]  (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[X]  (BY MAIL)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ]  (BY OVERNIGHT SERVICE)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ]  (BY FACSIMILE TRANSMISSION)  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ]  (BY E-MAIL)  I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(es) indicated.

CALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION

1

2  [ ]  (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User

3  for this District of the United States District Court.

4  [ X ]  (FEDERAL)  I declare that I am employed in the office of a member of the Bar

5  of this Court at whose direction the service was made.

6       I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct, and that this Certificate is executed on June 13,

7  2008, at Newport Beach, California.

8

9  Jackie Sohn

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION

1

## SERVICE LIST

2

| | |
|---|---|
| H. Tim Hoffman, Esq. | **Attorneys for Plaintiffs** |

3

Arthur W. Lazear, Esq.
Morgan M. Mack, Esq.

4

Hoffman & Lazear
180 Grand Avenue, Suite 1550

5

Oakland, CA 94612
T: (510) 763-5700

6

F: (510) 835-1311

7

8

Christian Hartley, Esq.                    **Attorneys for Plaintiffs**
Daniel M. Bradley, Esq.

9

Richardson, Patrick, Westbrook &
Brickman, LLC

10

174 E. Bay Street
Charleston, SC 29401

11

T: (843) 727-6564

12

Thomas F. Campbell, Esq.                   **Attorneys for Plaintiffs**
Campbell Law, P.C.

13

100 Concourse Parkway, Suite 115

14

Birmingham, AL 35244
T: (205) 278-6650

15

16

Douglas B. Brown, Esq.                     **Attorneys for Defendants**
Daniel Gerber, Esq.

17

Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400

18

300 South Orange Ave.
Orlando, FL 32802-1873

19

T: (407) 872-7300

20

F: (407) 841-2133

21

Michael W. Davis, Esq.                     **Attorneys for Defendants**
Theodore R. Scarborough, Esq.

22

Kara L. McCall, Esq.
SIDLEY AUSTIN LLP

23

1 S. Dearborn Street

24

Chicago, IL 60603
Tel.: (312) 853-7000

25

Fax: (312) 853-7036

26

27

28

ALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION

Mark L. Eisenhut, Bar No. 185039
Matthew R. Orr, Bar No. 211097
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel.: (949) 717-3000
Fax: (949) 717-3100
meisenhut@calljensen.com
morr@calljensen.com

Of Counsel:

Michael W. Davis, Esq.
Theodore R. Scarborough, Esq.
Kara L. McCall, Esq.
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
tscarborough@sidley.com
kmccall@sidley.com

Douglas B. Brown, Esq.
Daniel Gerber, Esq.
RUMBERGER, KIRK & CALDWELL, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, Florida 32802-1873
Tel.: (407) 872-7300
Fax: (407) 841-2133
dbrown@rumberger.com
dgerber@rumberger.com

Attorneys for Defendants Orkin, Inc. (f/k/a Orkin
Exterminating Co., Inc.), and Rollins, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KRZYZANOWSKI AND ILEANA KRZYZANOWSKI, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. | Case No. 3:07-cv-05362-SBA (EDL) <br><br> **[PROPOSED] ORDER GRANTING MOTION TO COMPEL BY DEFENDANTS ORKIN, INC. (f/k/a ORKIN EXTERMINATING CO., INC.) AND ROLLINS, INC.** |

ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC.,

        Defendants.

**NOTICED FOR HEARING ON SEPTEMBER 30, 2008 AT 9:00 A.M.**

      Having considered the Motion to Compel by Defendants Orkin, Inc. (f/k/a Orkin Exterminating Co., Inc.) and Rollins, Inc., and Plaintiffs' response thereto, and having heard argument on said motion on September 30, 2008, Defendants' Motion to Compel is hereby GRANTED.   Plaintiffs shall provide full and complete discovery responses on or before 15 days after entry of this order.

Dated: _____

                      _____
                      ELIZABETH D. LAPORTE
                      United States Magistrate Judge

1
2

# CERTIFICATE OF SERVICE
### (United States District Court)

3
4
5

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

6
7
8

     On August 20, 2008, I have served the foregoing document described as **[PROPOSED] ORDER GRANTING MOTION TO COMPEL BY DEFENDANTS ORKIN, INC. (f/k/a ORKIN EXTERMINATING CO., INC.) AND ROLLINS, INC.** on the following person(s) in the manner(s) indicated below:

9

## SEE ATTACHED SERVICE LIST

10
11

**[ X ]**  (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

12
13
14
15
16

**[ ]**  (BY MAIL)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

17
18
19
20
21
22

**[ ]**  (BY OVERNIGHT SERVICE)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

23
24
25
26

**[ ]**  (BY FACSIMILE TRANSMISSION)  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

27
28

**[ ]**  (BY E-MAIL)  I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

**[ X ]**   (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

**[   ]**   (FEDERAL)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on August 20, 2008, at Newport Beach, California.

*s/Matthew R. Orr*
Matthew R. Orr

# SERVICE LIST

H. Tim Hoffman, Esq.                    **Attorneys for Plaintiffs**
Arthur W. Lazear, Esq.
Morgan M. Mack, Esq.
Hoffman & Lazear
180 Grand Avenue, Suite 1550
Oakland, CA  94612
T:  (510) 763-5700
F:  (510) 835-1311

Christian Hartley, Esq.                  **Attorneys for Plaintiffs**
Daniel M. Bradley, Esq.
Richardson, Patrick, Westbrook &
Brickman, LLC
174 E. Bay Street
Charleston, SC  29401
T:  (843) 727-6564

Thomas F. Campbell, Esq.                 **Attorneys for Plaintiffs**
Campbell Law, P.C.
100 Concourse Parkway, Suite 115
Birmingham, AL  35244
T:  (205) 278-6650

Douglas B. Brown, Esq.                   **Attorneys for Defendants**
Daniel Gerber, Esq.
Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Ave.
Orlando, FL  32802-1873
T:  (407) 872-7300
F:  (407) 841-2133

Michael W. Davis, Esq.                   **Attorneys for Defendants**
Theodore R. Scarborough, Esq.
Kara L. McCall, Esq.
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL  60603
Tel.:  (312) 853-7000
Fax:  (312) 853-7036