H. TIM HOFFMAN, SBN 49141
ARTHUR W. LAZEAR, SBN 83603
MORGAN M. MACK SBN 212659
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700

CHRISTIAN HARTLEY
DANIEL M. BRADLEY
RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
174 E. Bay Street
Charleston, SC  29401
Telephone: (843) 727-6564

THOMAS F. CAMPBELL
CAMPBELL LAW
A PROFESSIONAL CORPORATION
100 Concourse Parkway, Suite 115
Birmingham, AL  35244
Telephone: (205) 278-6650

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KRZYZANOWSKY AND ILEANA KRYZANOWSKY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC.<br><br>Defendants, | Case No.: C07-05362-JLL<br><br>**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL** |

I, Daniel M. Bradley, hereby declare the following:

DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

1.      I am an associate with the law firm Richardson Patrick Westbrook & Brickman, LLC, and one of the attorneys for the Plaintiffs.

2.      Plaintiffs' First Set of Interrogatories and Requests for Production were served on Defendants on or about April 17, 2008.

3.      Defendants served their Responses and Objections to Plaintiffs' First Set of Interrogatories and Document Requests (attached to Plaintiffs' Motion to Compel as Exhibit A) on or about June 6, 2008.

4.      The Parties held numerous telephonic meet and confer sessions to discuss both parties responses to discovery requests.

5.      The parties held an in-person meet and confer session in Atlanta, Georgia on June 24, 2008, and several follow up telephonic meet and confer sessions including calls on June 23, 25, and 30, 2008.

6.      A true and correct copy of Defendants' July 18, 2008 letter regarding these meet and confer sessions is attached to Plaintiffs' Motion to Compel as Exhibit B.

7.      Although Defendants have agreed to Produce some items they deem responsive to Plaintiffs' Discovery requests, to date this has not been done.


I declare under penalty of perjury that the forgoing is true and correct and that this declaration was executed on September 8, 2008 in Charleston, South Carolina.


Dated this September 8, 2008


                                              /s/ Daniel M. Bradley
                                              DANIEL M. BRADLEY
                                              Attorney for Plaintiffs


DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

# EXHIBIT A

**EXHIBIT A**

1  Mark L. Eisenhut, Bar No. 185039
   Matthew R. Orr, Bar No. 211097
2  CALL, JENSEN & FERRELL
   610 Newport Center Drive, Suite 700
3  Newport Beach, CA 92660
   Tel: (949) 717-3000
4  Fax: (949) 717-3100
   meisenhut@calljensen.com
5  morr@calljensen.com

6  Of Counsel:

7  Michael W. Davis, Esq.
   Theodore R. Scarborough, Esq.
8  Kara L. McCall, Esq.
   SIDLEY AUSTIN LLP
9  1 South Dearborn Street
   Chicago, IL 60603
10 Tel.: (312) 853-7000
   Fax: (312) 953-7036
11 tscarborough@sidley.com
   kmccall@sidley.com
12
   Douglas B. Brown, Esq.
13 Daniel Gerber, Esq.
   RUMBERGER, KIRK & CALDWELL,
14 P.A.
   Lincoln Plaza, Suite 1400
15 300 South Orange Avenue
   Orlando, Florida 32802-1873
16 Tel: (407) 872-7300
   Fax: (407) 941-2133
17 dbrown@rumberger.com
   dgerber@rumberger.com
18
   Attorneys for Defendants Orkin
19 Exterminating
   Company, Inc., n/k/a/ Orkin, Inc., and
20 Rollins, Inc.

21

22              UNITED STATES DISTRICT COURT

23             NORTHERN DISTRICT OF CALIFORNIA

24 RONALD KRZYZANOWSKI AND          )  Case No.  CO7-05362 SBA
   ILEANA KRZYZANOWSKI, on behalf   )
25 of themselves and all others similarly )
   situated,                        )  DEFENDANTS' RESPONSES AND
26                                   )  OBJECTIONS TO PLAINTIFFS'
                  Plaintiffs,        )  FIRST SET OF
27                                   )  INTERROGATORIES AND
        vs.                         )  DOCUMENTS REQUESTS
28                                   )
   ORKIN EXTERMINATING              )

| 1 | COMPANY, INC.; ROLLINS, INC., | ) | Complaint Filed: | October 19, 2007 |
| 2 | Defendants. | | Trial Date: | None Set |

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS

Defendants, Orkin, Inc. (f/k/a Orkin Exterminating Company, Inc.) and Rollins, Inc. ("Orkin" or "Defendants"), by their attorneys, hereby submit their responses and objections to Plaintiffs Ronald Krzyzanowski's and Ileana Krzyzanowski's ("Plaintiffs") First Set of Interrogatories and Document Requests.

**PRELIMINARY STATEMENT**

Defendants do not waive and expressly reserve all objections as to the genuineness, foundation, competence, relevance, materiality, privileged status, or admissibility of these responses and the information and documents provided therein as evidence in connection with any proceeding or at trial of this or any other action, or for any other purpose.

Defendants and their attorneys have not completed their investigation of the facts relating to this case and have not completed their preparation for trial. These responses are made without prejudice to Defendants' right to utilize subsequently discovered evidence at trial or in connection with pretrial proceedings, or to amend these responses in the event that any information is subsequently acquired or learned by Defendants or inadvertently omitted in these responses. The majority of the documentary discovery requires extensive analysis. Legal and fact research concerning the facts known to date and that which will be

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    known in the future remains to be done. The additional work may result in new or

2    different factual responses, objections, and defenses. Defendants expressly reserve

3    the right to amend, modify, or supplement the responses and objections stated

4    herein. Defendants further reserve the right to rely on any facts, documents, or

5    other evidence that may develop or come to Defendants' attention at a later date.

6    Defendants further reserve the right to rely on expert testimony.

7

8

### <u>GENERAL OBJECTIONS</u>

      The following objections are hereby incorporated by reference, as though

9

10    fully set forth therein, in each and all of the specific responses set forth below.

11        1.    Defendants object to Plaintiffs' interrogatories and document

12    requests to the extent that they purport to impose on Defendants duties and obligations

13    that exceed, or are different from, those imposed by the applicable Rules of Civil

14    Procedure or the Local Rules of this Court.

15

16        2.    Defendants object to Plaintiffs' interrogatories and document

17    requests to the extent that they request communications, information, or documents

18    protected by attorney-client privilege or work-product privilege; embody the thoughts,

19    mental impressions or other confidential work-product of Defendants' attorneys; or

20    request information or documents protected by any other applicable privilege or

21    immunity (collectively referred to as "Privileges"). Defendants hereby claim such

22    Privileges to the extent implicated by each interrogatory and document request, and

23    exclude privileged and protected information from their responses. An inadvertent

24    production of privileged or protected information shall not constitute a waiver of such

25    privilege and protections and shall not preclude Defendants from objecting to the use

26    of such information.

27        3.    Defendants object to Plaintiffs' interrogatories and document

28    requests to the extent that they seek the disclosure of confidential or proprietary

3

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

knowledge or business or commercial information without a protective order having been entered by the parties to the proceeding. Defendants will not produce any documents containing confidential or proprietary information unless and until a mutually agreed upon protective order has been entered.

4. Defendants object to Plaintiffs' interrogatories and document requests to the extent that they are duplicative of each other and thus place an unnecessary burden on Defendants.

5. Defendants object to Plaintiffs' interrogatory and document requests to the extent that they seek information neither relevant to any issue in the instant action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendants object to Plaintiffs' interrogatory and document requests as unduly burdensome, oppressive, harassing, and abusive of the discovery process to the extent that they seek information not in Defendants' possession, custody, or control; information in Plaintiffs' possession, custody, or control; information already produced to Plaintiffs; or information within the possession, custody, or control of third parties or public records, and therefore equally available to Plaintiffs.

7. Defendants object to Plaintiffs' interrogatories and document requests to the extent that they call for information as to consulting experts, which is privileged and protected from discovery. Similarly, Plaintiffs' interrogatories and document requests are objectionable to the extent that they seek information or testimony from opinion experts, which is premature, and which will be provided in accordance with the Court's scheduling order.

4

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

8.     Defendants object to Plaintiffs' interrogatories and document requests as unduly burdensome to the extent that they seek information and/or production of all evidence in support of Defendants' defenses to Plaintiffs' allegations, prior to the date on which Defendants have been allowed to conduct the discovery necessary to provide complete responses.

9.     Defendants object to the definition of the "RELEVANT TIME PERIOD" contained in Plaintiffs' interrogatories and document requests (1987 to the present), as this time period of more than two decades is grossly overbroad, unduly burdensome, seeks irrelevant information, and demonstrates a lack of good faith in discovery.   Specifically, Defendants object to producing information or documents from more than four years before this suit was filed, or October 2003, because any claims that arose prior to that date are barred by the applicable statute of limitations, the longest of which is four years.[1]  Defendants remain willing to work with Plaintiffs on an agreed upon length of time.

10.     Defendants object to Plaintiffs' interrogatories and document requests to the extent that they seek information or documents that regard putative class members before any class has been certified.   Further, Defendants would be required to review potentially tens of thousands of individual customer files, interview employees, and engage experts to view and inspect the property of each putative class member if we are required to identify defenses or answer interrogatories about each

---

[1]  Count I of the Complaint for breach of contract and warranty is subject to a four-year statute of limitations, while claims in Counts II, III, and IV all sound in tort and are subject to a one- or two-year limitations period. *See* Cal. Code of Civil Procedure §§ 337 (contract), 335.1 (tort); *Krupnick v. Duke Energy Morro Bay, L.L.C.* 115 Cal. App. 4th 1026, 9 Cal. Rptr. 3d 767 (Cal. Ct. App. 2004) (holding that § 335.1 is not retroactive and that claims accrued before January 1, 2003, are subject to the former one-year statute of limitations).  The statute of limitations for Counts V and VI, which allege violations of the Business and Professions Code, is four years; the statute of limitations for Count VII's claim for violation of the Consumers Legal Remedies Act is three years.  *See* Cal. Business and Professions Code § 17208; Cal. Civil Code §1783.  Finally, California's catch-all statute of limitations is four years. Cal. Code of Civil Procedure § 343.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

putative class member.  Such pre-certification discovery would be premature, and incredibly wasteful.

11.    Defendants object to Plaintiffs' interrogatories and document requests to the extent that they are not limited in geographic scope.  Defendants further object to providing documents regarding any state other than California because the putative class is limited to California customers of Orkin.  Requests for documents or information not related to California are irrelevant and not likely to lead to the discovery of admissible evidence, grossly overbroad, and unreasonably burdensome.

12.    Defendants object to Plaintiffs' interrogatories and document requests in that that they define "Wood Destroying Organism" and "WDO Services" to encompass services broader than subterranean termite control services, which are the only services at issue in this action.  (*See* Complaint at ¶¶ 1, 21.)  Defendants further object to the foregoing definitions on grounds of standing, as the named Plaintiffs contracted for subterranean termite treatment only.  Treatment for non-subterranean termites and other wood destroying organisms is fundamentally different than treatment for subterranean termites.

13.    The fact that Defendants have responded or objected to an interrogatory or document request or any part thereof should not be taken as an admission of the existence of any information or documents described or assumed.  Defendants are not representing that any information or document actually exists, but rather that they are making a good faith search and attempt to ascertain whether information or documents responsive to the request exists, and if so, what they will provide.

14.    Responses to any interrogatories or production of any document by Defendants in response to an interrogatory or document request or any portion thereof,

6

1   or the voluntary provision of information or documents not precisely called for by an

2   individual interrogatory or document request, is not to be deemed a waiver of the right

3   to object to the provision of other information or the production of other documents of

4   the kind called for in a given interrogatory or document.

5           15.    Orkin objects to Plaintiffs' request that all documents be produced

6   in their native format.  Such a request is both unduly burdensome and unnecessary

7   given the general nature of the documents requested.  Orkin, however, will agree to

8   work with Plaintiffs to reach agreement as to a proper format for production,

9   depending on the type of document and its source.

10          16.    Defendants object to providing information or documentation from

11  the files of customers other than the named Plaintiffs because it is confidential and

12  proprietary and, therefore, not the proper subject of discovery.

13

14          17.    Defendants object to re-producing documents that are the subject

15  of the parties' letter of agreement of June 5, 2008.

16

17  **SPECIFIC OBJECTIONS AND RESPONSES**

18          **Subject to and without waiving or limiting the above-asserted**

19  **General Objections and incorporating each and every objection by reference into**

20  **each of the responses below**, Defendants further respond to each interrogatory and

21  document request as follows:

22  **INTERROGATORIES**

23          **Interrogatory No. 1:**    During the RELEVANT TIME PERIOD,

24  IDENTIFY each person or entity who purchased, received, was transferred, assumed,

25  novated, or otherwise obtained rights under any WDO SERVICES contract with

26  DEFENDANTS in California which was annually renewable or renewable on some

27  other periodic basis.

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    **Response to Interrogatory No. 1**: Defendants object to this

2    interrogatory because it is overly broad and calls for the production of irrelevant

3    information that is not likely to lead to the discovery of admissible evidence. Among

4    other reasons, the information sought is completely irrelevant to the named Plaintiffs'

5    individual claims or to the issue of whether class certification is appropriate. Prior to

6    class certification the facts and circumstances surrounding the merits of each

7    individual putative class member's claims are irrelevant to any of the elements of Rule

8    23 and whether a class should be certified. *See Eisen v. Carlisle and Jacquelin*, 417

9    U.S. 156, 177 (1974); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th

10    Cir. 1992). Moreover, the request is burdensome because it would require a file-by-

11    file review of over ten thousand files; Orkin does not have computerized records

12    sufficient to identify every person listed in the interrogatory for the entire

13    RELEVANT TIME PERIOD. Subject to and without waiving the foregoing and

14    General Objections, Defendants state they will supplement this interrogatory response

15    to provide the number of active subterranean termite contracts for customers in

16    California between October 2003 and the date of filing of Plaintiffs' Complaint.

17

18    **Interrogatory No. 2**: IDENTIFY all customers of DEFENDANTS

19    during the RELEVANT TIME PERIOD who fit the class definition in the

20    COMPLAINT and who have already commenced an individual civil action or action

21    in arbitration against any DEFENDANT relating to the subject matter of this

22    litigation.

23    **Response to Interrogatory No. 2**: Defendants object to this

24    interrogatory because it seeks irrelevant information not reasonably calculated to lead

25    to the discovery of admissible evidence. Among other reasons, this request seeks

26    information regarding disputes that have been settled and, therefore, the plaintiffs in

27    such actions are not members of the putative class; in addition, the merits, *vel non*, of

28    their individual claims are irrelevant to whether the elements of Fed. R. Civ. P. 23

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    could be satisfied in this case.  Defendants further object on the ground that the
2    phrases "relating to the subject matter of this litigation" and "fit the class definition"
3    are vague and ambiguous, calling for speculation.    Moreover, the request is
4    burdensome because it would require a file-by-file review because Orkin does not
5    have computerized records sufficient to identify every person listed in the
6    interrogatory for the entire RELEVANT TIME PERIOD.    Subject to and without
7    waiving the foregoing and General Objections, Defendants state that, between October
8    2003 and the filing of this Complaint, and excluding small claims matters, Orkin has
9    only been sued once in California relating to termite treatment and that action was
10   settled before this action was filed.

11

12   **Interrogatory No. 3:**    IDENTIFY all customers of DEFENDANTS
13   during the RELEVANT TIME PERIOD who fit the class definition in the
14   COMPLAINT and who have signed a release of claims (or any other DOCUMENT
15   which may relieve DEFENDANTS of potential legal obligations) related to WDO
16   services, WDO infestation or WDO damage.

17   **Response to Interrogatory No. 3:**    Defendants object to this
18   interrogatory because it is overly broad, unduly burdensome, and seeks irrelevant
19   information not reasonably calculated to lead to the discovery of admissible evidence.
20   Among other reasons, the request is improper because it seeks information about
21   individual putative class members, which is completely irrelevant prior to class
22   certification.  Moreover, this interrogatory is unduly burdensome because any releases
23   responsive to this request are not maintained in a central location but, rather, are
24   maintained in over ten thousand individual customer or claim files, requiring a file-by-
25   file review.  Subject to and without waiving the foregoing and General Objections,
26   and pursuant to Fed. R. Civ. P. 33(d), Defendants will produce manuals identified in
27   response to Interrogatory 10 that contain exemplar releases that may have been used
28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1  in the course of Orkin's subterranean termite treatment business in California between

2  October 2003 and the filing of the Complaint.

3

4  **Interrogatory No. 4:**   IDENTIFY all customers of DEFENDANTS

5  during the RELEVANT TIME PERIOD who fit the class definition in the

6  COMPLAINT and for whom DEFENDANTS maintain they have defenses for non-

7  payment, breach of contract, or other claims or defenses excusing DEFENDANTS'

8  performance, liability, and/or limiting damages under a WDO SERVICE contract.

9  **Response to Interrogatory No. 4:**   Defendants object to this

10  interrogatory because it is overly broad, unduly burdensome, and calls for irrelevant

11  information not reasonably calculated to lead to the discovery of admissible evidence.

12  In particular, this interrogatory is unduly burdensome because it would require, at a

13  minimum, for over ten thousand putative class members: (1) a review of each branch

14  file for each putative class member; (2) interviews with current and former branch

15  employees; (3) discovery from each putative class member; and (4) a property

16  inspection of each property.  Moreover, prior to class certification, the merits of each

17  putative class member's claim are irrelevant.  The purpose of the class certification

18  inquiry under Fed. R. Civ. P. 23 is to determine whether there is a common body of

19  proof that would permit the named Plaintiffs, in proving their own claims, to

20  necessarily prove the claims of all other absent class members.  *See In re Rubber*

21  *Chemicals Antitrust Litig.*, 232 F.R.D. 346, 352 (N.D. Cal. 2005).   With few

22  exceptions, none of which are applicable here, the merits of the claims of the putative

23  class members are not relevant to the class certification inquiry.  *See Eisen*, 417 U.S.

24  at 177; *see also Hanon*, 976 F.2d at 509.  Defendants further object to the extent that

25  the request invades the financial privacy of Defendants' customers.

26

27  **Interrogatory No. 5:**  Describe, in detail and with specificity, each fact

28  which supports each claim or defense DEFENDANTS claim they have as to each

10

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    customer or property identified in response to Interrogatory Number 4 and, as to each

2    customer or property, IDENTIFY the person with the most knowledge of such claims

3    or defenses.

4    **Response to Interrogatory No. 5:** Defendants hereby incorporate by

5    reference their Response to Interrogatory No. 4.

6

7    **Interrogatory No. 6:** Describe, in detail and with specificity, including

8    itemizations and calculations of how much money it would cost to reimburse

9    Plaintiffs and all other members of the Class as defined in the COMPLAINT for all

10   monies paid to DEFENDANTS during the RELEVANT TIME PERIOD plus pre-

11   judgment interest, and IDENTIFY all persons and entities all DOCUMENTS

12   consulted or referenced in answering this request.

13   **Response to Interrogatory No. 6:** Defendants object to this

14   interrogatory because it is overly broad, unduly burdensome, and seeks irrelevant

15   information not reasonably calculated to lead to the discovery of admissible evidence.

16   Among other reasons, the request is improper because Plaintiffs have not yet

17   identified their theory of damages, and because the facts regarding reimbursements

18   owed to particular members are completely irrelevant prior to class certification.

19   Defendants further object on the ground that the interrogatory is vague and ambiguous

20   because it does not specify for what Plaintiffs are seeking reimbursement, nor what

21   they mean by "cost to reimburse" all putative class members. Defendants further

22   object to the request to calculate putative damages or "pre-judgment interest" because

23   it calls for legal analysis or expert testimony and cannot be determined on the basis of

24   year-end reports.

25

26   **Interrogatory No. 7:** Describe, in detail and with specificity, including

27   itemizations and calculations of all assets of DEFENDANTS or other sources

28   available to DEFENDANTS to pay the totals of the money calculated in response to

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    Interrogatory Number 6 should DEFENDANTS be ordered to pay them and

2    IDENTIFY all persons, entities, and DOCUMENTS consulted or referenced in

3    answering this request.

4        **Response to Interrogatory No. 7:**  Defendants hereby incorporate by

5    reference their Response to Interrogatory No. 6.  Subject to and without waiving the

6    foregoing and General Objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants

7    will make available for inspection and copying at a mutually agreeable time and place

8    all annual financial reports filed with the SEC (Form 10-K) for 2003, 2004, 2005,

9    2006, and 2007.

10

11        **Interrogatory No. 8:**  IDENTIFY by name, product label and effective

12    dates (and dates of any revisions of product label), all liquid chemical termiticides and

13    "baiting" systems used for purposes of preventing or controlling subterranean

14    (ground) termites at DEFENDANTS' initial issuance of a WDO SERVICE contract or

15    plan to its customers during the RELEVANT TIME PERIOD.

16        **Response to Interrogatory No. 8:**  Defendants object to this request as

17    vague and ambiguous.  It is also overly broad and not reasonably restricted as to time,

18    location, or subject matter and, therefore, calls for irrelevant information not

19    reasonably calculated to lead to the discovery of admissible evidence.  Without

20    limiting the foregoing, the request is improper because it covers a twenty-one year

21    period well beyond the application limitations period, and covers wood-destroying

22    organisms other than subterranean termites.  Subject to and without waiving the

23    foregoing and General Objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants

24    will make available for inspection and copying at a mutually agreeable time and place

25    labels for products used to treat subterranean termites in California between October

26    2003 and the present.  In addition, Defendants will provide a preliminary list of the

27    names of the relevant products and the approximate dates they were used in

28    California:

12

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF<br>INTERROGATORIES AND DOCUMENTS REQUESTS

| | Termiticide / Bait / Monitoring System / Borates | Active Ingredient | Manufacturer |
|---|---|---|---|
| 1999 | Prelude | Permethrin Pyrethroid | Zeneca |
| 1999 2002 | Tim-bor | Disodium Octaborate Tetrahydrate | Nisus |
| 2000 2001 2002 2003 2004 2005 2006 2007 2008 | First Line | Sulfluramid | FMC |
| 2000 2001 2002 2003 | Premise 0.5 SC and Premise 75 WP | Imidacloprid Pyrethroid | Bayer |
| 2002 | Bora-Care | Disodium Octaborate Tetrahydrate | Nisus |

13

| | Termiticide / Bait / Monitoring System / Borates | Active Ingredient | Manufacturer |
|---|---|---|---|
| 2003 2004 2005 2006 2007 2008 | Termidor SC Termidor 80 WG (Pretreatments only) | Fipronil Fiprole | Aventis |

**Interrogatory No. 9:** IDENTIFY by name, product label and effective dates (and dates of any revisions of product label), all liquid chemical termiticides and "baiting" systems used for purposes of preventing or controlling subterranean (ground) termites for purposes other than DEFENDANTS' initial issuance of a WDO SERVICE contract or plan to its customers during the RELEVANT TIME PERIOD.

**Response to Interrogatory No. 9:** Defendants incorporate by reference herein their Response to Interrogatory No. 8.

**Interrogatory No. 10:** Describe, in detail and with specificity, DEFENDANTS' policies, practices, procedures, guidelines or standards during the RELEVANT TIME PERIOD for determining how treatment is actually to be performed in order to place a structure under a WDO SERVICE contract or bond, including, but not limited to, how any information is taken from field notes, an initial graph, or inspection report or other source, to a job work order or other DOCUMENT specifying the work to be performed at the property, and IDENTIFY the RELEVANT

14

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND DOCUMENTS REQUESTS

1    TIME PERIODS that any such policies, practices, procedures, guidelines or standards
2    were effective, were in use, were changed, or were available for use.

3    **Response to Interrogatory No. 10:** Defendants object to this
4    interrogatory because it is overly broad and calls for irrelevant information not
5    reasonably calculated to lead to the discovery of admissible evidence. Without
6    limiting the foregoing, the request covers twenty years and all wood-destroying
7    organisms even thought the Complaint is limited to subterranean termites. Defendants
8    further object to this interrogatory on the ground that the phrases "how treatment is
9    actually to be performed," and "how any information is taken from field notes, an
10   initial graph, [etc.]" are vague and ambiguous, calling for speculation. Defendants
11   further object to the request to identify, without substantive limitation, all changes in
12   policies, practices, procedures, guidelines, or standards, on grounds that it would be
13   unduly burdensome to do so, and because the production of such information is not
14   likely to lead to the discovery of admissible evidence.

15   Subject to and without waiving the foregoing and General Objections,
16   and pursuant to Fed. R. Civ. P. 33(d), on or about May 9 and 12, 2008, Defendants
17   produced copies of numerous documents that reflect Orkin's general policies and
18   practices regarding the treatment of subterranean termites in California. (*See* Focus 1-
19   3540; K-LP 1-2733; K-SA 1-274; K-TB 1-268; TTEM 1-979). In addition, Orkin has
20   produced other general policy and practice documents in connection with *McCord*
21   *Properties, Ltd., et al. v. Orkin Exterminating Co., Inc.,* No. 2002-4981 (Jefferson
22   County); *Junkin v. Orkin Exterminating Co., Inc.,* No. CV-2001-1038 (Tuscaloosa
23   County); *Knopf v. Orkin Exterminating Co., Inc.,* No. CV04-2693 (Jefferson County);
24   *and Hanson v. Orkin Exterminating Co., Inc.,* No. CV01-06 (Tallapoosa County).
25   Subject to Plaintiffs' countersignature, pursuant to a letter agreement dated June 5,
26   2008 (the "Letter Agreement"), Orkin has permitted Plaintiffs to use those documents
27   in this action (consistent with the terms of that Letter Agreement) and Plaintiffs have
28   agreed that Orkin need not reproduce such documents. In addition, to the extent

15

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

Defendants have not already done so, and to the extent that the following exist, Defendants will make available for inspection and copying at a mutually agreeable time and place the Orkin: (1) Termite Treatment Expectations Manual; (2) FOCUS Administrative Manual; (3) General Office Procedure Manual; (4) The Orkin Professional Initial Termite Control Training Manual; (5) Initial Termite Treatment Control Training Certified Field Trainer Handbook; (6) Service Manager(s) Manual; (7) Branch Manager Manual; (8) Region Manager Manual; (9) Sales Training Manual; (10) Service Alerts; (11) Technical Bulletin; and (12) Lesson Plans. Defendants will produce the foregoing documents for the period October 2003 to the present as they relate to the allegations of the Complaint and to the extent not previously produced to Plaintiffs' counsel.

**Interrogatory No. 11:** Describe, in detail and with specificity, DEFENDANTS' policies, practices, procedures, guidelines or standards during the RELEVANT TIME PERIOD for recording treatment work done at a structure on an application record, or other document(s) used to record such information, and IDENTIFY the RELEVANT TIME PERIODS that any such policies, practices, procedures, guidelines, standards or form documents were effective, were in use, were changed, or were available for use.

**Response to Interrogatory No. 11:** Defendants object to this interrogatory because it is overly broad and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that the phrase "recording treatment work done at a structure on an application record, or other document(s)" is vague and ambiguous, calling for speculation. Defendants further object to the request to identify, without substantive limitation, all changes in policies, practices, procedures, guidelines, or standards, on grounds that it would be unduly burdensome to do so, and because the production of such information is not likely to lead to the discovery of admissible

16

1  evidence.  Subject to and without waiving the foregoing and General Objections,

2  Defendants direct Plaintiffs to the documents identified in their Response to

3  Interrogatory No. 10.

4      **Interrogatory No. 12:**    Describe, in detail and with specificity,

5  DEFENDANTS' policies, practices and procedures during the RELEVANT TIME

6  PERIOD for acquiring a waiver from its customers of any termite treatment standards

7  originating from any source, including but not limited to product label directions,

8  regulatory requirements, or DEFENDANTS' own company standards, and

9  IDENTIFY THE RELEVANT TIME PERIODS that any such policies, practices or

10  procedures were effective, were in use, were changed, or were available for use.

11      **Response to Interrogatory No. 12:**    Defendants object to this

12  interrogatory because it is overly broad and seeks irrelevant information not

13  reasonably calculated to lead to the discovery of admissible evidence.  Among other

14  reasons, the information sought is irrelevant because no claims or issues regarding

15  "waivers" are identified in the Plaintiffs' Complaint.  Defendants further object on

16  grounds that the phrase "a waiver from its customers of any termite treatment

17  standards originating from any source" is vague and ambiguous, calling for

18  speculation.    Moreover, Defendants object to the request to identify, without

19  substantive limitation, all changes in policies, practices, procedures, guidelines or

20  standards, on grounds that it would be unduly burdensome to do so, and because the

21  production of such information is not likely to lead to the discovery of admissible

22  evidence.  Subject to and without waiving the foregoing and General Objections,

23  Defendants direct Plaintiffs to the documents identified in their Response to

24  Interrogatory No. 10.

25

26      **Interrogatory No. 13:**    Describe, in detail and with specificity,

27  DEFENDANTS' policies, practices and procedures during the RELEVANT TIME

28  PERIOD regarding internal use of information collected at inspections at structures

17

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    for all purposes involved in provision of WDO SERVICES to prospective, new or

2    existing customers, including but not limited to any internal categorization of

3    inspections (for example sales inspection, initial inspection, annual renewal

4    inspection, inspection for suspected infestation or damage, quality audit inspections

5    by branch managers, or other), and for the disclosure of any such information to

6    customers, and IDENTIFY the RELEVANT TIME PERIODS that any such policies,

7    practices and procedures were effective, were in use, were changed, or were available

8    for use.

9          **Response to Interrogatory No. 13:**    Defendants object to this

10    interrogatory because it is overly broad and seeks irrelevant information not

11    reasonably calculated to lead to the discovery of admissible evidence.  Defendants

12    further object on grounds that the phrase "internal use" of information is vague and

13    ambiguous, calling for speculation.   Defendants further object to the request to

14    identify, without substantive limitation, all changes in policies, practices, procedures,

15    guidelines, or standards, on grounds that it would be unduly burdensome to do so, and

16    because the production of such information is not likely to lead to the discovery of

17    admissible evidence.   Subject to and without waiving the foregoing and General

18    Objections, Defendants direct Plaintiffs to the documents identified in their Response

19    to Interrogatory No. 10.

20

21          **Interrogatory No. 14:**   Describe, in detail and with specificity, and

22    IDENTIFY by name all advertising campaigns used by DEFENDANTS in the State

23    of California during the RELEVANT TIME PERIOD which relate to WDO

24    SERVICES and IDENTIFY each time period when each was used by month(s) and

25    year(s).

26          **Response to Interrogatory No. 14:**    Defendants object to this

27    interrogatory because it is overly broad and calls for irrelevant information not

28    reasonably calculated to lead to the discovery of admissible evidence.  Among other

1  reasons, this request seeks information about advertisements that Plaintiffs testified on

2  May 20 and 22 that they never saw or heard; therefore, they have no standing to assert

3  claims based on such advertisements.  Defendants further object to this interrogatory

4  on the ground that what is meant by "advertising campaigns" is vague and ambiguous,

5  calling for speculation.  Subject to and without waiving the foregoing and General

6  Objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants will make available for

7  inspection and copying sales brochures for subterranean termite treatments, including

8  monitoring and baiting, that were used in California between 2003 and the present.

9  **Interrogatory No. 15:**  Describe, in detail and with specificity, the

10  subject matter of any investigation of DEFENDANTS by regulatory agencies, state

11  Departments of Agriculture or any Federal agency, department, or commission, etc.

12  during  the  RELEVANT  TIME  PERIOD  related  to  complaints  regarding

13  DEFENDANTS'  WDO  SERVICES,  DEFENDANTS'  business  practices,  or

14  DEFENDANTS' advertising, all limited to investigations more broad in scope than

15  investigation of a customer complaint regarding WDO SERVICES performed at a

16  single structure.

17  **Response to Interrogatory No. 15:**  Defendants object to this

18  interrogatory because it is overly broad and calls for irrelevant information not

19  reasonably calculated to lead to the discovery of admissible evidence.  Among other

20  reasons, the request is not limited to the allegations of the Complaint (indeed, it is not

21  even limited to subterranean termites) but, rather, seeks information regarding

22  investigations on just about any conceivable topic for the past twenty-one years in any

23  state in the country.  Defendants further object on grounds that the phrase

24  "investigations more broad in scope than investigation of a customer complaint

25  regarding WDO SERVICES performed at a single structure" is vague and ambiguous,

26  calling for speculation.  Subject to and without waiving the foregoing and General

27  Objections, Defendants state that, other than routine inquiries a pest control operator

28  may receive from time to time in connection with a particular customer question or

19

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1  complaint, the State of California, including the State Attorney General, the Structural

2  Pest Control Board, or the California Environmental Protection Agency have not

3  undertaken any investigation of Orkin's termite treatment business or practices in

4  California between October 2003 and the present.

5

6      **Interrogatory No. 16:**  Describe, in detail and with specificity, the

7  methods used during the RELEVANT TIME PERIOD to provide uniform relief to

8  DEFENDANTS' customers pursuant to settlements, consent decrees and/or plea

9  agreements between DEFENDANTS and state Departments of Agriculture, regulatory

10  agencies or any Federal agency, department, commission, etc.

11      **Response to Interrogatory No. 16:**  Defendants object to this

12  interrogatory because it is overly broad and calls for irrelevant information not

13  reasonably calculated to lead to the discovery of admissible evidence.  Among other

14  reasons, the request is not limited to the allegations of the Complaint (indeed, it is not

15  even limited to subterranean termites) but, rather, seeks information regarding

16  investigations on just about any conceivable topic for the past twenty-one years in any

17  state in the country.  Defendants further object to this request because the phrases

18  "uniform relief," and "etc." are vague and ambiguous, calling for speculation.  Subject

19  to and without waiving the foregoing and General Objections, Defendants state that

20  they have not entered into any settlements, consent decrees, or plea agreements with

21  any governmental body regarding Orkin's termite treatment business or practices in

22  California subsequent to October 2003.

23

24      **Interrogatory No. 17:**  Describe, in detail and with specificity, how,

25  during the RELEVANT TIME PERIOD, DEFENDANTS' licensed employees and

26  agents assure DEFENDANTS' unlicensed employees' and agents' proper observation

27  and carrying out of DEFENDANTS' policies, practices, and procedures as evidenced

28  by DOCUMENTS responsive to Requests for Production 45 and 46.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1       **Response to Interrogatory No. 17:** Defendants object to this

2 interrogatory because it is overly broad and calls for irrelevant information not

3 reasonably calculated to lead to the discovery of admissible evidence. Defendants

4 further object to the terms "unlicensed employee" and "proper observations" as vague

5 and ambiguous, calling for speculation. Subject to and without waiving the foregoing

6 and General Objections, Orkin states that as a matter of policy, Orkin uses only

7 properly licensed employees to perform pest control activities that require such

8 licensure. Orkin requires both new and existing employees to meet state training and

9 licensure requirements, as well as its own internal training requirements, which in

10 many instances exceed the requirements of state governments. Orkin's training

11 policies and procedures are being produced pursuant to Fed. R. Civ. P. 33(d) in

12 response to Interrogatory No. 10.

13       **Interrogatory No. 18:** Describe, in detail and with specificity,

14 DEFENDANTS' procedures, policies, and process(es) with regard to assuring that

15 their advertising during the RELEVANT TIME PERIOD and as described by

16 DEFENDANTS in responses to requests throughout this pleadings, and the statements

17 or representations therein concerning structural pest control were not unfair,

18 deceptive, untrue, or misleading pursuant to Regulation 1999.5. The response to this

19 request should include but not be limited to any investigations of the bases of any

20 statement or representation to assure it is not unfair, untrue, deceptive, or misleading.

21       **Response to Interrogatory No. 18:** Defendants object to this

22 interrogatory because it is overly broad and calls for irrelevant information not

23 reasonably calculated to lead to the discovery of admissible evidence. Among other

24 reasons, this request seeks information about advertisements that Plaintiffs testified on

25 May 20 and 22 that they never saw or heard; therefore, they have no standing to assert

26 claims based on such advertisements.

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    **Interrogatory No. 19:**  Describe in detail and with specificity how,
2    during the RELEVANT TIME PERIOD, DEFENDANTS' WDO SERVICES
3    inspectors (of each classification) were paid and IDENTIFY the relevant time period
4    that each payment method was in use.

5    **Response to Interrogatory No. 19:**  Defendants object on grounds that
6    this interrogatory is overly broad and calls for the production of irrelevant information
7    not reasonably calculated to lead to the discovery of admissible evidence.  Among
8    other reasons, the interrogatory is improper because it requests information about
9    inspectors that had no connection or involvement whatsoever with the treatment or
10   inspection of Plaintiffs' property.  Subject to and without waiving the foregoing and
11   General Objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants will make
12   available for inspection and copying documents sufficient to identify how inspectors
13   who performed inspections for subterranean termites were compensated between
14   October 2003 and the present.

15   **Interrogatory No. 20:**  Describe in detail and with specificity how,
16   during the RELEVANT TIME PERIOD, DEFENDANTS' WDO SERVICES branch
17   managers and their corresponding district or region managers, vice presidents,
18   department heads, presidents, and other executives were paid and/or received bonus
19   pay and IDENTIFY the relevant time period that each payment method was in use.

20   **Response to Interrogatory No. 20:**    Defendants object to this
21   interrogatory on grounds that the request is overly broad and calls for the production
22   of irrelevant information not reasonably calculated to lead to the discovery of
23   admissible evidence.  Among other reasons, it requests information about employees
24   or executives that had no connection or involvement whatsoever with the treatment or
25   inspection of Plaintiffs' property.  It also seeks to harass Defendants regarding the
26   compensation of more senior officers and executives, which is irrelevant to any issue
27   raised in the Complaint.  Subject to and without waiving the foregoing and General
28   objections, Defendants will make available for inspection and copying documents

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1  sufficient to identify how termite service and branch managers were compensated
2  between October 2003 and the present.

3

4       **Interrogatory No. 21.**  IDENTIFY all members of the Class as identified
5  in the complaint whose WDO SERVICE contracts or services were acquired by the
6  DEFENDANTS' during the RELEVANT TIME PERIOD from any person or entity,
7  whether DEFENDANTS' provision of services under any such contracts or issuance
8  of a new contract to such customers is characterized as a purchase or acquisition of
9  their contracts, as a pick-up of any such contracts or services, a buyout, or any other
10  characterization effectively resulting in DEFENDANTS' taking over provision of
11  WDO SERVICES for any such customers

12       **Response to Interrogatory No. 21:**   Defendants object to this
13  interrogatory on grounds that it is overly broad and calls for the production of
14  irrelevant information not reasonably calculated to lead to the discovery of admissible
15  evidence.  Among other reasons, the request is improper because any contracts that
16  putative class members entered with termite treatment companies prior to Orkin are
17  not the contracts at issue in this lawsuit.   Defendants further object to this
18  interrogatory on the ground that the request is unduly burdensome to the extent that it
19  requires a contract-by-contract, file-by-file review.  Subject to and without waiving
20  the foregoing and General Objections, the only acquisitions in California after October
21  2003 were as follows, listed by name, location, and date of acquisition: (1) Urban
22  Entomology Associates, San Dimas, CA, January 1, 2006; (2) Pacific Pest Control,
23  San Clemente, CA, March 3, 2006; (3) Providence Pest Control, San Mateo, CA, May
24  18, 2006; (4) Jim Batchelor Exterminating, San Luis Obispo, CA, November 7, 2006;
25  and (5) Bull's Eye Pest Control (purchase of pest control accounts only), San Diego,
26  CA, August 31, 2007.

27

28  **DOCUMENT REQUESTS**

23

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1

2  **Document Request No. 1**: Please produce all documents and things

3 relating, in any way, to each property and to each person or entity identified in

4 response to Interrogatory Number 1 which are reasonably necessary to determining

5 what representations were made to customers concerning the performance and quality

6 of WDO SERVICES and which are reasonably necessary to determining whether

7 initial and all subsequent WDO SERVICES were performed in compliance with

8 applicable product labels, DEFENDANTS' own policies and procedures, and with

9 applicable laws and regulations. This response should include, but is not limited to,

10 contracts, graphs, reports of any kind, completion certificates, chemical or "bait" use

11 records, all directly-mailed billing documents, correspondence, and advertising

12 materials, etc. from the following, non-exhaustive list of sources: customer files,

13 property files, branch files, region files, district files, claim files, home office or home

14 office department files, complaint files (whether individual or state or federal or any

15 combination), computer data storage systems or programs, etc.

16  **Response to Document Request No. 1:** Defendants object to this

17 request because, taken as a whole, it is vague and incomprehensible, calling for

18 speculation. In addition, it is overly broad and calls for the production of irrelevant

19 information that is not likely to lead to the discovery of admissible evidence. Among

20 other reasons, the information sought (1) is completely irrelevant to the named

21 Plaintiffs' individual claims or to the issue of whether class certification is

22 appropriate, (2) covers over twenty years of termite customers whose claims are

23 clearly time-barred, and (3) and is not limited to subterranean termites. Moreover, the

24 request would be effectively impossible to answer (and therefore is burdensome)

25 because it would require interviews with possibly hundreds of employees, if not more,

26 to determine, if possible, what representations they made to individual customers and

27 would require a file-by-file review of over ten thousand customer files. Additionally,

28 information relating to other customers is confidential and proprietary and, therefore,

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1  not the proper subject of discovery.  Defendants further object to the term "things"

2  and the phrase "reasonably necessary to determining," as vague and ambiguous,

3  calling for speculation.

4

5  **Document Request No. 2**:  Produce all DOCUMENTS and things

6  relating in any way to DEFENDANTS' policies, practices and/or procedures during

7  the RELEVANT TIME PERIOD regarding performance of WDO SERVICES,

8  including but not limited to, sales, inspection services, treatment services, "bait"

9  services, retreatment services, damage or other claims, and other services necessary to

10  protect the properties of customers from WDOs and IDENTIFY the RELEVANT

11  TIME PERIODS that any such policies, practices and procedures were effective, in

12  use, were changed, or were available for use.

13  **Response to Document Request No. 2:**  Defendants object to this

14  request because it is overly broad and calls for irrelevant information not reasonably

15  calculated to lead to the discovery of admissible evidence.  Among other reasons, the

16  information sought covers over twenty years and is not limited to subterranean

17  termites.  Defendants further object on grounds of relevance, attorney/client privilege,

18  and the work-product doctrine to the extent that the request seeks documents

19  regarding how "claims" are handled.  Defendants further object that the request to

20  "identify" certain time periods is an improper document request.[2]  Defendants further

21  object to the term "things" and the phrases "other services necessary to protect the

22

23

24  [2] Many of Plaintiffs' document requests are accompanied by a request for "identification"
    of the time periods during which the requested documents were effective, in use, changed,
25  or available for use.  Requests for identification fall within the province of interrogatories
    because they seek information rather than documentation.  Because Fed. R. Civ. P. 33(a)(1)
26  caps the number of interrogatories that a party may serve at 25, Plaintiffs should not be
    permitted to circumvent that cap by adding additional interrogatories under the guise of
27  document requests.

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    properties of customers" and "relating in any way to Defendants' policies" because
2    they are vague and ambiguous, calling for speculation.

3         Subject to and without waiving the foregoing and General Objections, on
4    or about May 9 and 12, 2008, defendants produced copies of numerous documents
5    that reflect Orkin's general policies and practices regarding the treatment of
6    subterranean termites in California. (*See* Focus 1-3540; K-LP 1-2733; K-SA 1-274;
7    K-TB 1-268; TTEM 1-979). In addition, Orkin has produced other general policy and
8    practice documents in connection with *McCord Properties, Ltd., et al. v. Orkin*
9    *Exterminating Co., Inc.*, No. 2002-4981 (Jefferson County); *Junkin v. Orkin*
10   *Exterminating Co., Inc.*, No. CV-2001-1038 (Tuscaloosa County); *Knopf v. Orkin*
11   *Exterminating Co., Inc.*, No. CV04-2693 (Jefferson County); *and Hanson v. Orkin*
12   *Exterminating Co., Inc.*, No. CV01-06 (Tallapoosa County)*. Subject to Plaintiffs'
13   countersignature, pursuant to a letter agreement dated June 5, 2008, Orkin has
14   permitted Plaintiffs to use those documents in this action (consistent with the terms of
15   that Letter Agreement) and Plaintiffs have agreed that Orkin need not reproduce such
16   documents. In addition, to the extent Defendants have not already done so, and to the
17   extent that the following exist, Defendants will make available for inspection and
18   copying at a mutually agreeable time and place the Orkin: (1) Termite Treatment
19   Expectations Manual; (2) FOCUS Administrative Manual; (3) General Office
20   Procedure Manual; (4) The Orkin Professional Initial Termite Control Training
21   Manual; (5) Initial Termite Treatment Control Training Certified Field Trainer
22   Handbook; (6) Service Manager(s) Manual; (7) Branch Manager Manual; (8) Region
23   Manager Manual; (9) Sales Training Manual; (10) Service Alerts; (11) Technical
24   Bulletin; and (12) Lesson Plans. Defendants will produce the foregoing documents
25   for the period October 2003 to the present as they relate to the allegations of the
26   Complaint and to the extent not previously produced to Plaintiffs' counsel.

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

**Document Request No. 3**: Produce exemplars of all form documents available for use by DEFENDANTS during the RELEVANT TIME PERIOD in the sale of and the subsequent provision of WDO SERVICES, whether or not actually used, and IDENTIFY the RELEVANT TIME PERIODS that any such documents were in use, were changed, or were available for use by DEFENDANTS. (Footnote from original omitted.)

**Response to Document Request No. 3:** Defendants object to this request because it is overly broad and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Among other reasons, it seeks documents over a twenty-year period, is not limited to subterranean termites, and seeks documents "whether or not actually used." Defendants further object that the request to "identify" certain time periods is an improper document request. Subject to and without waiving the foregoing and General Objections, Defendants agree to produce (1) contracts, including graphs, with the named Plaintiffs; (2) form subterranean contracts used in California subsequent to October 2003; and (3) marketing materials used at the point-of-sale in California subsequent to October 2003.

**Document Request No. 4**: Produce all DOCUMENTS constituting a release of claims (or any other DOCUMENT which may relieve DEFENDANTS of potential legal obligations) related to WDO services, WDO infestation or WDO damage which relate to or concern the customers identified in DEFENDANTS' response to Interrogatory Number 3 and produce all DOCUMENTS relating to the execution of such DOCUMENTS from the customers or properties identified in response to interrogatory number 3.

**Response to Document Request No. 4:** Defendants object to this request because it is overly broad, unduly burdensome, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

27

1  Among other reasons, the request is improper because it seeks information about

2  individual putative class members, which is completely irrelevant prior to class

3  certification.  Moreover, this request is unduly burdensome because releases are not

4  maintained in a central location but, rather, are maintained in over ten thousand

5  individual customer or claim files, requiring a file-by-file review.  Subject to and

6  without waiving the foregoing and General Objections, Defendants will produce

7  manuals identified in response to Interrogatory 10 that contain exemplar releases that

8  may have been used in the course of Orkin's subterranean termite treatment business

9  in California between October 2003 and the filing of the Complaint.

10

11  **Document Request No. 5**:  Produce all documents and things relating to

12  your responses to Interrogatory Number 5.

13  **Response to Document Request No. 5:**  Defendants object to this

14  request because it is overly broad, unduly burdensome, and seeks irrelevant

15  information not reasonably calculated to lead to the discovery of admissible evidence.

16  In addition, it seeks documents over a twenty-year period and is not limited to

17  subterranean termites.  This request is unduly burdensome because it would require, at

18  a minimum: (1) a review of each branch file for each putative class member; (2)

19  interviews with current and former branch employees; (3) discovery from each

20  putative class member; and (4) a property inspection of each property.  Moreover,

21  prior to class certification, the merits of each putative class member's claim are

22  irrelevant.  The purpose of the class certification inquiry under Fed. R. Civ. P. 23 is to

23  determine whether there is a common body of proof that would permit the named

24  Plaintiffs, in proving their own claims, to necessarily prove the claims of all other

25  absent class members.  *See In re Rubber Chemicals*, 232 F.R.D. at 352.  With few

26  exceptions, none of which is applicable here, the merits of the claims of the putative

27  class members are not relevant to the class certification inquiry.  *See Eisen*, 417 U.S.

28  at 177; *see also Hanon*, 976 F.2d at 509.  Defendants further object to the extent that

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    the request invades the financial privacy of Defendants' customers.   Defendants

2    further object to the term "things" as vague and ambiguous, calling for speculation.

3

4        **Document Request No. 6**:   Produce all DOCUMENTS relating to

5    internal audits (whether done in whole or in part by DEFENDANTS' employees,

6    agents, or subcontractors or others) of DEFENDANTS' WDO SERVICES and to

7    DEFENDANTS' policies, practices, procedures or from DOCUMENTS regarding

8    internal audits of DEFENDANTS' WDO SERVICES during the RELEVANT TIME

9    PERIOD and actions taken in response thereto including, but not limited to:

10   determining whether WDO services at structures serviced by DEFENDANTS

11   satisfied any legal requirements, including but not limited to, product label

12   requirements, California regulatory requirements, and/or DEFENDANTS' internal

13   standards or requirements; whether details of WDO services were recorded properly;

14   whether inspections were performed properly; whether graphs were drawn properly

15   and effectively; and whether and to what extent customers were informed of all

16   material facts they needed to know to make informed decisions related to the

17   protection of their properties from WDOs.   IDENTIFY the RELEVANT TIME

18   PERIODS that any such policies, practices, procedures or form DOCUMENTS were

19   effective, were changed, were in use, or were available for use.  This response should

20   include but not be limited to DOCUMENTS relating to the "Quality Assurance

21   Program," the "Retreatment Credit Program," Operation Zero Termites," individual

22   branch audits, individual region or district audits, and any other similar programs.

23       **Response to Document Request No. 6:**   Defendants object to this

24   request because it is overly broad and calls for irrelevant information not reasonably

25   calculated to lead to the discovery of admissible evidence.  Among other reasons, the

26   information sought covers over twenty years and is not limited to subterranean

27   termites.  The request is also ambiguous because it is not clear what audits Plaintiffs

28   are referring to and therefore calls for speculation.  To the extent the request seeks

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1  documents reflecting Defendants' responses to such audits, it is not reasonably
2  calculated to lead to the discovery of admissible evidence because, under Federal Rule
3  of Evidence 407, evidence of subsequent remedial measures is inadmissible.
4  Defendants further object that the request to "identify" when certain documents were
5  effective is an improper document request.

6

7  **Document Request No. 7**:  Produce all DOCUMENTS related to or
8  concerning how DEFENDANTS calculated the amounts of money to charge
9  California customers for initially placing a structure under a WDO SERVICE contract
10  and IDENTIFY the time periods that the policies, practices and procedures reflected
11  in any such DOCUMENTS were effective, in use, changed, or available for use. The
12  response to this request should include but not be limited to the provision of all "Rate
13  Cards."

14  **Response to Document Request No. 7**:  Defendants object to this
15  request because it is overly broad, irrelevant, and seeks the disclosure of confidential
16  or proprietary knowledge and/or business or commercial information.  Among other
17  reasons, the request is improper because it is not limited to subterranean termites and
18  purports to cover a twenty-one year period.  Moreover, *how* Defendants determine
19  their prices is completely irrelevant to any claims in the Plaintiffs' Complaint, which
20  does not challenge the method by which Orkin sets its prices.  As to the actual prices
21  charged to California customers (as opposed to the method for calculating such
22  prices), the request is also improper because the amount of such charges are irrelevant
23  to any issue for class certification or liability and are relevant only as to damages in
24  the event that the putative class is certified.  Defendants further object that the request
25  to "identify" when certain documents were effective is an improper document request.
26  Defendants further object to this request on grounds that the phrase "things relating
27  to" is vague and ambiguous, calling for speculation.  Subject to and without waiving
28  the foregoing and General Objections, Defendants will make available for inspection

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1  and copying at a mutually agreeable time and place the rate cards available for use in

2  California between October 2003 and the present.

3

4  **Document Request No. 8**:  Produce all product labels and all revisions

5  thereof for liquid chemical termiticides and "baiting" systems identified in response to

6  Interrogatories 8 and 9.

7  **Response to Document Request No. 8:**  Defendants object to this

8  request as vague and ambiguous.  The request is also overly broad and calls for

9  irrelevant information not reasonably calculated to lead to the discovery of admissible

10  evidence to the extent it covers termiticides used in states other than California, the

11  period preceding October 2003, and wood-destroying organisms other than

12  subterranean termites.  Subject to and without waiving the foregoing and General

13  Objections, Defendants will make available for inspection and copying at a mutually

14  agreeable time and place labels for products used to treat subterranean termites in

15  California between October 2003 and the present.

16

17  **Document Request No. 9**:  Produce all DOCUMENTS relating to the

18  factors or criteria used by DEFENDANTS to determine the product used to treat its

19  [sic] WDO customers' properties during the RELEVANT TIME PERIOD.

20  **Response to Document Request No. 9:**  Defendants object to this

21  request on the ground that the phrase "factors or criteria" is vague and ambiguous,

22  calling for speculation.  Defendants further object that this request is overly broad and

23  calls for irrelevant information not reasonably calculated to lead to the discovery of

24  admissible evidence.  Among other reasons, the request seeks documents regarding

25  treatment of all wood-destroying organisms, and is not limited to subterranean

26  termites, nor the State of California.  Subject to and without waiving the foregoing

27  and General Objections, Defendants will make available for inspection or copying at

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    a mutually agreeable time and place Orkin's annual product information memoranda

2    between October 2003 and April 2008.

3         **Document Request No. 10**:  Produce all DOCUMENTS and things

4    relating to DEFENDANTS' treatment methods and specifications for subterranean

5    (ground) termite treatment during the RELEVANT TIME PERIOD, and IDENTIFY

6    the RELEVANT TIME PERIODS that any such treatment methods/specifications

7    were in use, were changed, or were available for use.

8         **Response to Document Request No. 10:**  Defendants object to this

9    request on the ground that the phrase "methods or specifications" is vague and

10   ambiguous, calling for speculation.  Defendants further object to the term "things" as

11   vague and ambiguous, calling for speculation.  To the extent that the request, in

12   calling for the production of "things" is literally requesting equipment and tools used

13   by Orkin in connection with the treatment of subterranean termite jobs, it is overly

14   broad, unduly burdensome, disruptive of Orkin's business, and calls for irrelevant

15   things not reasonably calculated to lead to the discovery of admissible evidence.

16   Moreover, the request is overly broad and calls for irrelevant information because,

17   among other reasons, it seeks documents over a twenty-year period and is not limited

18   to the State of California.

19        Subject to and without waiving the foregoing and General Objections, on

20   or about May 9 and 12, 2008, Defendants produced copies of numerous documents

21   that reflect Orkin's general policies and practices regarding the treatment of

22   subterranean termites in California.  (*See* Focus 1-3540; K-LP 1-2733; K-SA 1-274;

23   K-TB 1-268; TTEM 1-979).  In addition, Orkin has produced other general policy and

24   practice documents in connection with *McCord Properties, Ltd., et al. v. Orkin*

25   *Exterminating Co., Inc.,* No. 2002-4981 (Jefferson County); *Junkin v. Orkin*

26   *Exterminating Co., Inc.,* No. CV-2001-1038 (Tuscaloosa County); *Knopf v. Orkin*

27   *Exterminating Co., Inc.,* No. CV04-2693 (Jefferson County); *and Hanson v. Orkin*

28   *Exterminating Co., Inc.,* No. CV01-06 (Tallapoosa County).  Subject to Plaintiffs'

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

countersignature, pursuant to a letter agreement dated June 5, 2008 (the "Letter Agreement"), Orkin has permitted Plaintiffs to use those documents in this action (consistent with the terms of that Letter Agreement) and Plaintiffs have agreed that Orkin need not reproduce such documents. In addition, to the extent Defendants have not already done so, and to the extent that the following exist, Defendants will make available for inspection and copying at a mutually agreeable time and place the Orkin: (1) Termite Treatment Expectations Manual; (2) FOCUS Administrative Manual; (3) General Office Procedure Manual; (4) The Orkin Professional Initial Termite Control Training Manual; (5) Initial Termite Treatment Control Training Certified Field Trainer Handbook; (6) Service Manager(s) Manual; (7) Branch Manager Manual; (8) Region Manager Manual; (9) Sales Training Manual; (10) Service Alerts; (11) Technical Bulletin; and (12) Lesson Plans.    Defendants will produce the foregoing documents for the period October 2003 to the present as they relate to the allegations of the Complaint and to the extent not previously produced to Plaintiffs' counsel.

**Document Request No. 11**:    Produce all DOCUMENTS and things relating to which treatment methods/specifications identified in response to the immediately previous request, were required to satisfy: (a) termiticide product label requirements, (b) state regulatory requirements, and (c) DEFENDANTS' internal requirements, and IDENTIFY the RELEVANT TIME PERIODS that any such unit operations were used, were changed, or were available for use.

**Response to Document Request No. 11:**    Defendants object to this request because, in its entirety, it is vague and ambiguous, incomprehensible, and cannot be answered as phrased.    Moreover, the request is clearly a disguised interrogatory and, therefore, it is an improper document request. Ultimately, given the problems with the request, it is also overly broad and calls for the production of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.    Among other reasons, it covers a twenty-year period and is not limited to

33

the State of California.  Finally, to the extent not covered, Defendants incorporate by reference their objections to Document Request No. 10 as if set forth fully herein.

**Document Request No. 12**:  Produce all DOCUMENTS relating to DEFENDANTS' policies, practices, procedures, guidelines, standards or form documents used during the RELEVANT TIME PERIOD to determine how treatment is actually to be performed in order to place a structure under a WDO SERVICE contract or bond, including how any information is taken from field notes, an initial graph or inspection report, or other document, to a job work order or other DOCUMENT specifying the work to be performed at the property as described in response to Interrogatory 10.

**Response to Document Request No. 12:**    Defendants object to this request because the phrases "how treatment is actually to be performed in order to place a structure under a WDO SERVICE contract or bond," and "information taken from field notes" are vague and ambiguous, incomprehensible, and, therefore, cannot be answered as phrased.  Moreover, the request is overly broad and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Among other reasons, all documents that merely "relate" to the actual policies and procedures followed by Orkin have no bearing on Plaintiffs' claims.  Moreover, the request covers all wood-destroying organisms and is not limited to subterranean termites, and seeks documents over a twenty-year period.  Subject to and without waiving the foregoing and General Objections, Defendants direct Plaintiffs to the documents produced in their Responses to Document Request Nos. 2 and 10.

**Document Request No. 13**:  Produce all DOCUMENTS relating to DEFENDANTS' policies, practices, procedures, guidelines or standards for recording treatment work done at a structure on an application record, or other document(s) used to record such information as described in response to Interrogatory.

34

1  **Response to Document Request No. 13:**  Defendants object to this
2  request in that it is incomplete in failing to identify the Interrogatory to which it refers.
3  Defendants further object to this request because it is overly broad and calls for
4  irrelevant information not reasonably calculated to lead to the discovery of admissible
5  evidence.  Among other reasons, the request is not limited to subterranean termites,
6  and is not limited in time or to treatment performed in California.  Subject to and
7  without waiving the foregoing and General Objections, Defendants direct Plaintiffs to
8  the documents produced in their Responses to Document Request Nos. 2 and 10.
9
10  **Document Request No. 14:**  Produce all DOCUMENTS used to identify
11  treatment mechanics/specifications to be completed in performance of termite
12  treatment work to be performed at a structure, and IDENTIFY the RELEVANT TIME
13  PERIODS any such DOCUMENTS were effective, were in use, were changed, or
14  were available for use.
15  **Response to Document Request No. 14:**  Defendants object to this
16  request on grounds that the phrase "treatment mechanics" is vague and ambiguous,
17  calling for speculation.  Defendants further object to this request because it is overly
18  broad and calls for irrelevant information not reasonably calculated to lead to the
19  discovery of admissible evidence because, among other reasons, it covers a twenty-
20  year period, and is not limited to subterranean termites or the State of California.
21  Moreover, Defendants object that the request to "identify" when certain documents
22  were effective is an improper document request.  Subject to and without waiving the
23  foregoing and General Objections, Defendants direct Plaintiffs to the documents
24  produced in their Responses to Document Request Nos. 2 and 10.
25
26  **Document Request No. 15:**  Produce all DOCUMENTS and things
27  relating to DEFENDANTS' policies, practices and procedures or form documents
28  during the RELEVANT TIME PERIOD for investigations, inspections, and

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1  treatment(s) performed in response to discovery of WDO infestation or damage at a

2  structure, and IDENTIFY the RELEVANT TIME PERIODS that any such policies,

3  practices and procedures were effective, were in use, were changed, or were available

4  for use.

5

6  **Response to Document Request No. 15:**  Defendants object to this

7  request on grounds that the terms "investigations" and "things" are vague and

8  ambiguous, calling for speculation.  Defendants further object to this request because

9  it is overly broad and calls for irrelevant information not reasonably calculated to lead

10  to the discovery of admissible evidence.   Among other reasons, the information

11  sought covers more than twenty years and is not limited to subterranean termites or

12  the State of California, and seeks the production of hundreds if not thousands of tools

13  and machines that may have been used in connection with any so-called

14  "investigations."   Finally, Defendants object that the request to "identify" when

15  certain documents were effective is an improper document request.  Subject to and

16  without waiving the foregoing and General Objections, Defendants direct Plaintiffs to

17  the documents produced in their Responses to Document Request Nos. 2 and 10.

18

19  **Document Request No. 16:**  Produce all DOCUMENTS and things

20  relating to DEFENDANTS' training during the RELEVANT TIME PERIOD of all

21  technicians or other personnel relating to performance of treatment or "bait"

22  installation at structures for all purposes involved in providing WDO SERVICES to

23  prospective, new or existing customers, including but not limited to any internal

24  categorization of treatments (for example pretreatment, initial treatment, post-

25  construction treatment, spot treatment, remedial treatment, the "Retreatment Credit

26  Program," or other), and IDENTIFY the RELEVANT TIME PERIODS that any such

27  training was used, was effective, was changed, or was available for use.

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

**Response to Document Request No. 16:** Defendants object to this request on grounds that the phrase "internally categorized" is vague and ambiguous, calling for speculation. Defendants further object to this request because it is overly broad and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Among other reasons, the information sought covers more than twenty years and is not limited to subterranean termites. Finally, Defendants object that the request to "identify" when certain documents were effective is an improper document request. Subject to and without waiving the foregoing and General Objections, Defendants direct Plaintiffs to the documents produced in their Responses to Document Request Nos. 2 and 10.

**Document Request No. 17:** Produce all DOCUMENTS relating to DEFENDANTS' policies, practices, procedures, guidelines, standards or form documents used or available for use during the RELEVANT TIME PERIOD in tracking purchase of termiticide chemicals and "bait" stations, systems, or station inserts used at structures under a WDO SERVICE bond or contract, and IDENTIFY the RELEVANT TIME PERIODS that any such policies, practices, procedures, guidelines, standards or form documents were effective, were in use, were changed, or were available for use.

**Response to Document Request No. 17:** Defendants object to this request because it is overly broad and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Among other reasons, the information sought covers over twenty years and is not limited to subterranean termites. Moreover, documents regarding aggregate purchases, without any limitation to a geographic location consistent with Plaintiffs' Complaint, are irrelevant. Defendants state that the only documentation available is the customer files, which contain the type and amount of chemical applied that was generated from the tank by flometer. Accordingly, this request is unduly burdensome in that it requires a file-by-

37

1  file review of customer files.  Moreover, Defendants object on the ground that the

2  request to "identify" when certain documents were effective is an improper document

3  request.

4

5      **Document Request No. 18**:  Produce all DOCUMENTS relating to

6  DEFENDANTS' policies, practices, procedures, guidelines, standards or form

7  DOCUMENTS used or available for use during the RELEVANT TIME PERIOD in

8  tracking the use of termiticide chemicals and "bait" stations, systems, or station inserts

9  at structures (including but not limited to identification of the product, the amount and

10  concentration used, where the product was applied, and the rate at which it was

11  applied), and IDENTIFY the RELEVANT TIME PERIODS that any such policies,

12  practices, procedures, guidelines, standards or form documents were effective, were in

13  use, were changed, or were available for use.

14      **Response to Document Request No. 18:**  Defendants incorporate by

15  reference herein their Response to Document Request No. 17.

16

17      **Document Request No. 19**:  Produce all DOCUMENTS and things

18  relating to DEFENDANTS' policies, practices, procedures, guidelines, standards or

19  form documents used during the RELEVANT TIME PERIOD in controlling its

20  inventory of termiticide chemicals and "bait" stations, systems, or station inserts,

21  including but not limited to: determining which of these products to purchase and how

22  much; how these products are checked out for use at a structure, how products

23  checked out but not used at a structure are checked back in, how it is determined

24  whether the proper amount of product was used, and whether the proper amount of

25  product was returned, and IDENTIFY the RELEVANT TIME PERIODS that any

26  such policies, practices, procedures, guidelines, standards or form documents were

27  effective, were in use, were changed, or were available for use.

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1       **Response to Document Request No. 19:** Defendants object that the

2 phrase "controlling inventory" and "things" (as used in the context of this document

3 request) is vague, calling for speculation. Defendants further object to this request

4 because it is overly broad and calls for irrelevant information not reasonably

5 calculated to lead to the discovery of admissible evidence. Among other reasons, the

6 information sought covers more than twenty years and is not limited to subterranean

7 termites, and documents regarding aggregate purchases, without any limitation to a

8 geographic location consistent with Plaintiffs' Complaint, are irrelevant. Moreover,

9 Defendants object on the ground that the request to "identify" when certain documents

10 were effective is an improper document request.

11       **Document Request No. 20:** Produce all DOCUMENTS and things

12 relating to DEFENDANTS' policies, practices and procedures for acquiring a waiver

13 from its customers of termite treatment standards originated from any source,

14 including but not limited to product label directions, regulatory requirements, or

15 DEFENDANTS' own company standards, and any form waivers as described in

16 response to Interrogatory 12.

17       **Response to Document Request No. 20:** Defendants object because the

18 phrase "a waiver from its customers" is vague and ambiguous, calling for speculation.

19 Defendants also object on the grounds of relevance because, among other reasons, no

20 claims or issues regarding "waivers" are identified in the Plaintiffs' Complaint.

21 Defendants further object to the term "things"(in the context of this document request)

22 as vague and ambiguous, calling for speculation. Defendants further object to the

23 request to "identify," as an improper document request. Subject to and without

24 waiving the foregoing and General Objections, Defendants agree to produce the

25 documents identified in their Responses to Document Request Nos. 2 and 10.

26

27       **Document Request No. 21:** Produce all DOCUMENT and things

28 relating to DEFENDANTS' policies, practices and procedures during the

39

1   RELEVANT TIME PERIOD for determining whether or not to re-apply termiticides
2   or service "bait" systems at structures under WDO SERVICE contracts issued by
3   DEFENDANTS, and under such contracts acquired, initiated or otherwise obtained by
4   DEFENDANTS, and IDENTIFY the RELEVANT TIME PERIODS that any such
5   policies, practices and procedures were effective, were in use, were changed, or were
6   available for use.

7        **Response to Document Request No. 21:**  Defendants object to this
8   request because it is overly broad and calls for irrelevant information not reasonably
9   calculated to lead to the discovery of admissible evidence.  Among other reasons, (1)
10  the information sought covers more than twenty years and is not limited to
11  subterranean termites, and (2) covers contracts acquired by Orkin, which could not be
12  included in the putative class.  Defendants further object to the term "things" (in the
13  context of this document request) as vague and ambiguous, calling for speculation.
14  Moreover, Defendants further object that the request to "identify" when certain
15  documents were effective is an improper document request.  Subject to and without
16  waiving the foregoing and General Objections, Defendants direct Plaintiffs to the
17  documents produced in their Responses to Document Request Nos. 2 and 10.

18
19       **Document Request No. 22:**  Produce all DOCUMENTS (including but
20  not limited to memoranda, data, research, cost-benefit analyses, surveys, studies,
21  reports, etc.) relating to decisions made by or reviewed by any officer, director, or
22  corporate department head of either DEFENDANT related to or concerning whether
23  DEFENDANTS would chemically treat, chemically retreat, or service "bait" systems
24  at properties of customers found to have or suspected of having an improper initial
25  treatment or "bait" WDO SERVICES according to any standards (approved label,
26  regulations, company policy or other).

27       **Response to Document Request No. 22:**  Defendants object to this
28  request because the phrases "improper initial treatment" and "'bait' WDO SERVICES

40

according to any standards" are vague and ambiguous, calling for speculation. The request is also overly broad and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Among other reasons, the request is not limited to subterranean termites, or the relevant class period. More generally, the request as a whole is so vague and overly broad that it does not fairly apprise Defendants of the particular documents sought.

**Document Request No. 23:** Produce all DOCUMENTS and things relating to DEFENDANTS' policies, practices and procedures during the RELEVANT TIME PERIOD relating to performing inspections at structures for all purposes involved in provision of WDO SERVICES to prospective, new or existing customers, including but not limited to any internal categorization of inspections (for example sales inspection, initial inspection, annual renewal inspection, inspection for suspected infestation or damage, quality audit inspections by branch managers, or other), and IDENTIFY the RELEVANT TIME PERIODS that any such policies, practices and procedures were effective, were in use, were changed, or were available for use.

**Response to Document Request No. 23:** Defendants object to this request because it is overly broad and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Among other reasons, the information sought covers more than twenty years and is not limited to subterranean termites. Defendants further object to the terms "things" (in the context of this document request) and "internal categorizations" as vague and ambiguous, calling for speculation. Moreover, Defendants further object that the request to "identify" when certain documents were effective is an improper document request. Subject to and without waiving the foregoing and General Objections, Defendants direct Plaintiffs to the documents produced in their Responses to Document Request Nos. 2 and 10.

41

1   **Document Request No. 24**:   Produce all DOCUMENTS and things

2   relating to DEFENDANTS' training during the RELEVANT TIME PERIOD of all

3   technicians or other personnel regarding performance of inspections at structures for

4   all purposes involved in providing WDO SERVICES to prospective, new or existing

5   customers, including but not limited to any internal categorization of inspections (for

6   example sales inspection, initial inspection, annual renewal inspection, inspection for

7   suspected infestation or damage, quality audit inspections by branch managers, or

8   other), and IDENTIFY the RELEVANT TIME PERIODS that any training was used,

9   was effective, was changed, or was available for use.

10      **Response to Document Request No. 24:**   Defendants object to this

11  request because it is overly broad and calls for irrelevant information not reasonably

12  calculated to lead to the discovery of admissible evidence.   Among other reasons, the

13  information sought covers more than twenty years and is not limited to subterranean

14  termites.   Defendants further object to the term "things" (in the context of this

15  document request) as vague and ambiguous, calling for speculation.   Moreover,

16  Defendants further object that the request to "identify" when certain documents were

17  effective is an improper document request.   Subject to and without waiving the

18  foregoing and General Objections, Defendants direct Plaintiffs to the documents

19  produced in their Response to Document Request No. 2, and agree to produce any

20  additional training manuals used in California since 2003 for the treatment of

21  subterranean termites.

22

23      **Document Request No. 25**:   Produce all DOCUMENTS relating to

24  DEFENDANTS' policies, practices, procedures and form documents regarding

25  internal use of information collected at inspections at structures for all purposes

26  involved in provision of WDO SERVICES to prospective, new or existing customers,

27  including but not limited to any internal categorization of inspections (for example

28  sales inspection, initial inspection, annual renewal inspection, inspection for suspected

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

infestation or damage, quality audit inspections by branch managers, or other), and relating to disclosure of any such information to customers as described in response to Interrogatory 13.

**Response to Document Request No. 25:**  Defendants object to this request because the phrases "information collected at inspections," "internal use of information," and "internal categorization" are vague and ambiguous, calling for speculation.  Defendants also object on the ground that the request is inconsistent to the extent that it requests "internal" information that was disclosed to customers.  The request is also overly broad and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence because, among other reasons, it is not limited to subterranean termites, or the relevant putative class period.  Subject to and without waiving the foregoing and General Objections, Defendants refer Plaintiffs to the documents produced in their Responses to Document Request Nos. 2 and 10, and Defendants will also make available for inspection and copying at a mutually agreeable time and place exemplar inspection report forms used in California since October 2003.

**Document Request No. 26:**  Produce all DOCUMENTS and things relating to all of DEFENDANTS' policies, practices and procedures during the RELEVANT TIME PERIOD regarding sales of contracts for the performance of WDO SERVICES, including but not limited to advertising, leads, inspection services, treatment services, and other services necessary to protect the properties of DEFENDANTS' customers from attack by WDOs, including termites, and IDENTIFY the RELEVANT TIME PERIODS that any such policies, practices and procedures were effective, were in use, were changed, or were available for use.

**Response to Document Request No. 26:**  Defendants object to this request because it is so overly broad and vague that it is incomprehensible and does not reasonably limit or identify the types of documents it seeks.  The request is also overly broad and calls for irrelevant information not reasonably calculated to lead to

43

1  the discovery of admissible evidence because, among other reasons, the information
2  sought covers more than twenty years and is not limited to subterranean termites.
3  Defendants further object to the term "things" (in the context of this document
4  request) as vague and ambiguous, calling for speculation.   Moreover, Defendants
5  further object that the request to "identify" when certain documents were effective is
6  an improper document request.   Subject to and without waiving the foregoing and
7  General Objections, Defendants direct Plaintiffs to the policies reflected in the
8  documents being produced pursuant to Document Request Nos. 2 and 10.  In addition,
9  Defendants will make available for inspection or copying at a mutually agreeable time
10  and place (1) form contracts used in California since October 2003 for the treatment of
11  subterranean termites; and (2) sales brochures used in California since October 2003
12  for subterranean termites.

13

14  **Document Request No. 27**: Produce all form DOCUMENTS used, or
15  available for use during the RELEVANT TIME PERIOD by DEFENDANTS during
16  the sales process for issuance of WDO SERVICE contracts including but not limited
17  to all advertising materials and IDENTIFY the RELEVANT TIME PERIODS during
18  which such form DOCUMENTS were in use, were changed, were effective, or were
19  available for use.

20  **Response to Document Request No. 27:**  Defendants object to this
21  request because it is overly broad and calls for irrelevant information not reasonably
22  calculated to lead to the discovery of admissible evidence.  Among other reasons:  (1)
23  this request seeks information about advertisements that Plaintiffs testified on May 20
24  and 22, 2008 that they never saw or heard; therefore, they have no standing to assert
25  claims based on such advertisements; and (2) it seeks documents over a twenty year-
26  period and is not limited to the sales of treatment for subterranean termites. Subject to
27  and without waiving the foregoing and General Objections, Defendants will make
28  available for inspection and copying sales brochures for subterranean termite

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    treatments, including monitoring and baiting, that were used in California between
2    October 2003 and the present.

3

4    **Document Request No. 28**:  Produce all DOCUMENTS and things
5    relating to DEFENDANTS' factors or criteria used during the RELEVANT TIME
6    PERIOD to determine whether or not it would place a property under a WDO
7    SERVICE contract, and IDENTIFY the RELEVANT TIME PERIODS that any such
8    factors or criteria were effective, were in use, were changed, or were available for use.
9    **Response to Document Request No. 28:**  Defendants object to this
10   request because it is overly broad and irrelevant to the extent it seeks the production of
11   "things." Defendants further object to the terms "things" and "factors" (in the context
12   of this document request) as vague and ambiguous, calling for speculation.  Moreover,
13   Defendants object that the request to "identify" when certain documents were
14   effective is an improper document request.  Defendants object to this request because
15   the phrase "things relating to DEFENDANTS' factors or criteria," is vague and
16   ambiguous, calling for speculation.  Subject to and without waiving the foregoing and
17   General Objections, Defendants agree to produce the guarantee matrices found in
18   Defendants' manuals available for use in California subsequent to October 2003.

19   **Document Request No. 29**:  Produce all DOCUMENTS related to or
20   concerning the advertising campaigns described in response to Interrogatory 14.

21   **Response to Document Request No. 29:**  Defendants object to this
22   request for the reasons stated in response to Interrogatory No. 14 and Document
23   Request No. 27, which are incorporated herein by reference.

24

25   **Document Request No. 30**:  Produce all DOCUMENTS and things
26   relating to DEFENDANTS' policies, practices, procedures, guidelines, standards or
27   form documents during the RELEVANT TIME PERIOD regarding determination of
28   charges or fees to customers for WDO SERVICES performed after the initial

45

1   placement of the structure under contract, and IDENTIFY the RELEVANT TIME
2   PERIODS that any such policies, practices, procedures, guidelines, standards, or form
3   documents were effective, were in use, were changed, or were available for use.

4       **Response to Document Request No. 30:**  Defendants object to this
5   request because it is overly broad, irrelevant, and seeks the disclosure of confidential
6   or proprietary knowledge and/or business or commercial information.  In particular,
7   how Defendants determine their prices is completely irrelevant to any claims in the
8   Plaintiffs' Complaint and is irrelevant to any issue for class certification or liability.
9   Moreover, the request seeks documents over a twenty year-period and is not limited to
10  the sales of treatment for subterranean termites.  Defendants further object that the
11  request to "identify" when certain documents were effective is an improper document
12  request.  Defendants further object to this request on grounds that the phrase "things
13  relating to" is vague and ambiguous, calling for speculation.  Subject to and without
14  waiving the foregoing and General Objections, Defendants agree to produce the rate
15  cards available for use in California subsequent to October 2003, subject to a
16  protective order and confidentiality agreement.

17
18      **Document Request No. 31**:  Produce all DOCUMENTS and things
19  relating to DEFENDANTS' policies, practices, procedures, training, guidelines, and
20  standards during the RELEVANT TIME PERIOD for taking its customers through the
21  process of selling them a WDO SERVICE contract, including but not limited to oral
22  representations and sales presentations, issuance of the bond (or contract) and
23  performance of the initial services, and IDENTIFY the RELEVANT TIME PERIODS
24  that any such policies, practices, procedures, guidelines or standards were effective,
25  were in use, were changed, or were available for use.

26      **Response to Document Request No. 31:**  Defendants object to this
27  request because the terms and phrases "things relating to," "the process of selling,"
28  and "bond" are vague and ambiguous, calling for speculation.  The request is also

46

overly broad and seeks the production of irrelevant documentation because, among other reasons, it seeks documents over a twenty year-period and is not limited to the sales of treatment for subterranean termites. Moreover, Defendants object that the request to "identify" when certain documents were effective is an improper document request. Subject to and without waiving the foregoing and General Objections, and in addition to the documents identified in Document Requests Nos. 2 and 10, Defendants will make available for inspection and copying at a mutually agreeable time and place the following documents, to the extent that they were used in California since October 2003 in connection with the sale of a subterranean termite job: (1) guarantee matrices; (2) rate cards; (3) form contracts; (4) sales brochures.

**Document Request No. 32:** Produce all DOCUMENTS and things relating to all factors or criteria considered by DEFENDANTS during the RELEVANT TIME PERIOD in determining whether a structure qualifies or does not qualify to be placed under a repair bond or contract for WDO SERVICES, and IDENTIFY the RELEVANT TIME PERIODS that any such policies, practices, procedures, guidelines or standards were effective, were in use, were changed, or were available for use.

**Response to Document Request No. 32:** Defendants object to this request because the phrase "things relating to all factors or criteria," and the terms "bond" and "things" (in the context of this document request) are vague and ambiguous, calling for speculation. Defendants further object because the request is overly broad and seeks irrelevant documentation because, among other reasons, it seeks documents over a twenty year-period and is not limited to the sales of treatment for subterranean termites. Moreover, Defendants object that the request to "identify" when certain documents were effective is an improper document request. Subject to and without waiving the foregoing and General Objections, Defendants will make available for inspection and copying at a mutually agreeable time and place guarantee

47

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1    matrices that have been used in California since October 2003 in connection with the

2    sale of subterranean termite jobs.

3

4    **Document Request No. 33.**   Produce all DOCUMENTS and things

5    relating to all factors or criteria considered by DEFENDANTS during the

6    RELEVANT TIME PERIOD in determining whether a structure qualifies or does not

7    qualify to be placed under a retreatment bond or contract for WDO SERVICES, and

8    IDENTIFY the RELEVANT TIME PERIODS that any such policies, practices,

9    procedures, guidelines or standards were effective, were in use, were changed, or were

10   available for use.

11   **Response to Document Request No. 33:**   This request is substantially

12   identical to Document Request No. 32 (repair v. re-treatment guarantees).  Defendants

13   therefore incorporate by reference their objections to Document Request No. 32 as if

14   set forth fully herein.

15

16   **Document Request No. 34:**   Produce all DOCUMENTS and things

17   relating to DEFENDANTS' policies, practices and procedures during the

18   RELEVANT TIME PERIOD for determining the WDO SERVICE contracts,

19   including the reasons for issuance of limited duration contracts as opposed to lifetime

20   protection contracts, and IDENTIFY the RELEVANT TIME PERIODS that any such

21   policies, practices and procedures were effective, were in use, were changed, or were

22   available for use.

23   **Response to Document Request No. 34:**   Defendants object to this

24   request because the phrase "things relating to," and the term "things" (in the context

25   of this document request) are vague and ambiguous, calling for speculation.

26   Defendants further object because the request is overly broad and seeks irrelevant

27   documentation because, among other reasons, it seeks documents over a twenty year-

28   period and is not limited to the sales of treatment for subterranean termites.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

1

2      **Document Request No. 35**:  Produce all DOCUMENTS relating to

3   DEFENDANTS' acquisition, during the RELEVANT TIME PERIOD, of the WDO

4   SERVICE contracts of any member of the Class as identified in the complaint from

5   any person or entity, whether DEFENDANTS' provision of services under any such

6   contracts or issuance of new contracts to such customers is characterized as a purchase

7   or acquisition of their contracts, as a pick-up of any such contracts or services, or

8   other characterization effectively resulting in DEFENDANTS' taking over provision

9   of WDO SERVICES for any such customers.

10     **Response to Document Request No. 35:**  Defendants object to this

11  request because it is overly broad and calls for the production of irrelevant documents

12  not reasonably calculated to lead to the discovery of admissible evidence.  Among

13  other reasons, the request is improper because (1) any customers Orkin acquired from

14  another company would not be proper members of the class (and, even if they were,

15  their identities are completely irrelevant prior to class certification); and (2) it covers

16  more than a twenty year-period and is not limited to the sales of treatment for

17  subterranean termites.   Defendants further object that the request is unduly

18  burdensome to the extent that it requires a contract-by-contract review.

19

20     **Document Request No. 36**:  Produce all DOCUMENTS and things

21  relating to policies, practices and procedures during the RELEVANT TIME PERIOD

22  for provision of WDO SERVICES to properties whose WDO SERVICE contracts

23  were acquired or otherwise received from any other entity or person.

24     **Response to Document Request No. 36:**  Defendants incorporate by

25  reference their objections to Document Request No. 35 as if set forth fully herein.  In

26  addition, Defendants object to this request because the phrase "things relating to" is

27  vague and ambiguous, calling for speculation.

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

**Document Request No. 37**:   Produce all purchase or acquisition agreements including, but not limited to, all attachments or exhibits or references related thereto of the WDO SERVICE companies and other structural pest control operators who previously serviced the relevant Class members identified in response to item 76 (including but not limited to purchases or acquisition of DEFENDANTS' licensees or franchisees) entered into by DEFENDANTS.

**Response to Document Request No. 37:**   Defendants incorporate by reference their objections to Document Request Nos. 35 as if set forth fully herein. (Defendants assume that reference to "Item 76" is meant to be document request 36; if that assumption is incorrect, the request is vague and calls for speculation).

**Document Request No. 38**:  Produce all DOCUMENTS relating to any investigations and methods to provide relief as described in response to Interrogatories 15 and 16.

**Response to Document Request No. 38:**  Defendants incorporate their responses and objections to Plaintiffs' Interrogatory Nos. 15 and 16 as if set forth fully herein.

**Document Request 39**:   Produce all DOCUMENTS relating to settlements, consent decrees or plea agreements DEFENDANTS have reached with state Departments of Agriculture, regulatory agencies or any Federal agency, department, commission, etc. during the RELEVANT TIME PERIOD.

**Response to Document Request No. 39:**  Defendants incorporate their responses and objections to Plaintiffs' Interrogatory Nos. 15 and 16 as if set forth fully herein.

**Document Request No. 40**:  Produce all DOCUMENTS relating to DEFENDANTS policies, practices, procedures, guidelines or form documents during

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

the RELEVANT TIME PERIOD for compliance with any settlements, consent decrees or plea agreements DEFENDANTS have reached with state Departments of Agriculture, regulatory agencies or any Federal agency, department, commission, etc.

**Response to Document Request No. 40:** Defendants incorporate their responses and objections to Plaintiffs' Interrogatory Nos. 15 and 16 as if set forth fully herein.

**Document Request No. 41:** Produce all monthly reports of pesticide use for each relevant California county which corresponds with the month that each property identified in response to Interrogatory 1 was initially serviced by DEFENDANTS or when service of the property was begun by DEFENDANTS.

**Response to Document Request No. 41:** Defendants object to this request on grounds that it is overly broad, as well as vague and ambiguous as to what reports are sought. Defendants further object that the call for reports of pesticide use in each California county is irrelevant to the extent it takes into account pesticides not produced by Defendants. Defendants further object that the request is unduly burdensome to the extent that it requires a file-by-file review of customer or employee records, especially those maintained solely at the branch level. Defendants incorporate their Response to Plaintiffs' Interrogatory No. 1 by reference herein.

**Document Request No. 42:** Produce all reports required under California Bus. & Prof. Code sections 8516 and 8518 and Regulation 1993 which correspond to each property identified in response to Interrogatory 1. The response should also include but not be limited to each triennial inspection report required under section 8516 (h)(3).

**Response to Document Request No. 42:** Defendants incorporate their Response to Plaintiffs' Document Request No. 41 by reference herein.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

**Document Request No. 43**:  Produce all job logs as required under Calif. Bus. & Prof. Code section 8516(h) and Regulation 1970(b) which correspond to each property identified in response to Interrogatory 1.

**Response to Document Request No. 43:**  Defendants incorporate their Response to Plaintiffs' Document Request No. 41 by reference herein.

**Document Request No. 44.**  Produce all certifications issued under Calif. Bus. & Prof. Code section 8519 which correspond to each applicable property identified in response to Interrogatory 1.

**Response to Document Request No. 44:**  Defendants incorporate their Response to Plaintiffs' Document Request No. 41 by reference herein.

**Document Request No. 45**:  Produce all DOCUMENTS relating to DEFENDANTS' policies, practices, and procedures during the RELEVANT TIME PERIOD for assuring that each of its licensed employees and agents "is qualified in the use and understanding of...the theory and practice of [the business of a Brach 3 operator/licensee (WDO SERVICES)]" pursuant to Calif. Bus. & Prof. Code section 8565.

**Response to Document Request No. 45:**  Defendants object to this request because it is overly broad and seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence because, among other reasons, it seeks documents over a twenty year-period and is not limited to subterranean termites.

**Document Request No. 46**:  Produce all DOCUMENTS relating to DEFENDANTS' policies, practices, and procedures during the RELEVANT TIME PERIOD for assuring its license employees and agents demonstrate to the California

52

Structural Pest Control Board the proper understanding of the topics listed at Calif. Bus. & Prof. Code 8565.5(c).

**Response to Document Request No. 46:** Defendants object because the request is overly broad and seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence because, among other reasons, it seeks documents over a twenty year-period and is not limited to subterranean termites.

**Document Request No. 47:** Produce all DOCUMENTS relating to the response to Interrogatory 18.

**Response to Document Request No. 47:** Defendants object to this request because it is overly broad and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Among other reasons, this request seeks information about advertisements that Plaintiffs testified on May 20 and 22, 2008 that they never saw or heard; therefore, they have no standing to assert claims based on such advertisements.

**Document Request No. 48:** Produce all DOCUMENTS relating to your responses to Interrogatories 19 and 20.

**Response to Document Request No. 48:** Subject to and without waiving the General Objections and their objections to Interrogatory Nos. 19 and 20, which are incorporated herein by reference, Defendants will produce documents identified in their Responses to Plaintiffs' Interrogatory Nos. 19 and 20. Defendants object to producing any documents "relating to [their] responses" as such a request is vague, overly broad, and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

Date: June 6, 2008

CALL, JENSEN & FERRELL
Mark L. Eisenhut
Matthew R. Orr

By: _Matt Orr_

_____
Matthew R. Orr
*Attorneys for Defendants Orkin*
*Exterminating Company, Inc., n/k/a/ Orkin,*
*Inc., and Rollins, Inc.*

54

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND DOCUMENTS REQUESTS

## CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On June 6, 2008, I have served the foregoing document described as **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND DOCUMENTS REQUESTS** on the following person(s) in the manner(s) indicated below:

### SEE ATTACHED SERVICE LIST

[ ]    (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[ ]    (BY MAIL)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ X ]    (BY OVERNIGHT SERVICE)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ]    (BY FACSIMILE TRANSMISSION)  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ]    (BY E-MAIL)  I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

[  ]    (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ X ]    (FEDERAL)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on June 6, 2008, at Newport Beach, California.

Jackie Sohn

1

### SERVICE LIST

2

H. Tim Hoffman, Esq.                          **Attorneys for Plaintiffs**

3

Arthur W. Lazear, Esq.
Morgan M. Mack, Esq.

4

Hoffman & Lazear                              **(By US Mail only)**
180 Grand Avenue, Suite 1550

5

Oakland, CA 94612
T: (510) 763-5700

6

F: (510) 835-1311

7

Christian Hartley, Esq.                        **Attorneys for Plaintiffs**

8

Daniel M. Bradley, Esq.
Richardson, Patrick, Westbrook &

9

Brickman, LLC
174 E. Bay Street

10

Charleston, SC 29401

11

T: (843) 727-6564

12

Thomas F. Campbell, Esq.                     **Attorneys for Plaintiffs**
Campbell Law, P.C.

13

100 Concourse Parkway, Suite 115

14

Birmingham, AL 35244
T: (205) 278-6650

15

Douglas B. Brown, Esq.                       **Attorneys for Defendants**

16

Daniel Gerber, Esq.
Rumberger, Kirk & Caldwell, P.A.             **(By US Mail only)**

17

Lincoln Plaza, Suite 1400

18

300 South Orange Ave.
Orlando, FL 32802-1873

19

T: (407) 872-7300
F: (407) 841-2133

20

21

Michael W. Davis, Esq.                        **Attorneys for Defendants**
Theodore R. Scarborough, Esq.

22

Kara L. McCall, Esq.
SIDLEY AUSTIN LLP                            **(By US Mail only)**

23

1 S. Dearborn Street

24

Chicago, IL 60603
Tel.: (312) 853-7000

25

Fax: (312) 853-7036

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

# EXHIBIT B

**EXHIBIT B**



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

tscarborough@sidley.com
(312) 853-2236

FOUNDED 1866

July 18, 2008

**By Email and Post**

Tom Campbell
D. Keiron McGowin
Campbell Law, P.C.
100 Concourse Parkway, Ste 115
Birmingham, AL 35244
tcampbell@campbelllitigation.com
kmcgowin@campbelllitigation.com

Daniel M. Bradley
Richardson Patrick Westbrook & Brickman
174 E. Bay Street
Charleston, SC 29401
dbradley@rpwb.com

        Re:    *Krzyzanowsky v. Orkin, Inc.*
               *Sheppard v. Orkin, Inc.*

Dear Counsel:

        We are writing to memorialize Orkin's position on the discovery issues raised in our several meet and confer sessions held in person in Atlanta (June 20) and by telephone (June 25 and 30) in connection with the above-referenced litigation. In this letter, we identify the documents and information that Orkin originally agreed to produce (Section I), and the additional documents and information Orkin would be willing to produce based on our discussions during the meet and confer process (Section II). We also address the document production regarding the named plaintiffs' property (Section III), and the documents and information on which the parties have been unable to reach an agreement (Section IV).

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

**SIDLEY AUSTIN LLP**

# SIDLEY

Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 2

**I.    Documents and Information Orkin Already Agreed to Produce In Its Written Responses Served on June 6, 2008.**

As we provided in our written discovery responses and as we discussed at the meet and confer sessions, Orkin has agreed to produce the following documents, to the extent that they exist:

- Complete customer files for named plaintiffs (Doc. Req. 1), including:

  o Contract(s) and Guarantee(s)
  o RAC document(s)
  o Authorization to begin work
  o Graph(s) (Inspection/Treating Report)
  o Customer information sheet(s)
  o Monitoring report(s)
  o Notice(s) of work completed
  o Building profile(s)
  o Customer service record(s)
  o Reinspection report(s)
  o Treatment and retreatment report(s)
  o WDO report(s)

- Identification of name, active ingredients, and manufacturers, as well as labels for subterranean termiticides and baiting systems used at residential properties in California and Arkansas (termiticides only) during the time period of October 2003 to June 2008 (Interr. 8, 9; Doc. Req. 8).

- Policy, procedure, and training manuals (Interr. 10-13, 17; Doc. Req. 2, 4, 10-16, 20, 21, 23-26, 31), including the following:

  o Termite Treatment Expectations Manual, including revisions between October 2003 and June 2008.

  o Focus Administrative Manual, including the following sections: (1) System and Administrative Overview; (2) Duties: Admin., Pest Control, Termite, Customer Service, Route Scheduler, New Customer Specialist; (3) Leads; (4) Sales; (5) Service; (6) Deposits; (7) Billing and Collections; (8) Cancellations; (9) Customer Maintenance;(10) RAC;

SIDLEY AUSTIN LLP
# SIDLEY

Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 3

(11) National Accounts; (12) Customer Service; (13) Claims; and (14) Operations and Management Reporting.  We have also agreed to produce revisions made to the Focus Administration Manual between October 2003 and June 2008.

o  General Office Procedure Manual (October 2003 to June 2008)

o  Orkin Professional Initial Termite Control Training Manual (October 2003 to June 2008)

o  Initial Termite Treatment Control Training Certified Field Trainer Handbook (October 2003 to June 2008)

o  Service Manager(s) Manual (October 2003 to June 2008)

o  Branch Manager Manual (October 2003 to June 2008)

o  Region Manager Manual (October 2003 to June 2008)

o  Sales Training Manual (October 2003 to June 2008)

o  Service Alerts (October 2003 to June 2008)

o  Technical Bulletins (October 2003 to June 2008)

o  Lesson Plans (October 2003 to June 2008)

- Exemplars of form residential subterranean termite contracts used in California and Arkansas between October 2003 and June 2008 (Doc. Req. 3, 26, 31).

- Rate cards used for pricing residential subterranean termite jobs in California and Arkansas between October 2003 and June 2008 (Doc. Req. 7, 30, 31).

- Sales brochures used in California and Arkansas between October 2003 and June 2008 for residential subterranean termite services (Interr. 14; Doc. Req. 3, 26, 27, 29, 31).

**SIDLEY** SIDLEY AUSTIN LLP

Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 4

- Guarantee matrices found in manuals available for use in California and Arkansas between October 2003 and June 2008 (Doc. Req. 28, 31, 32, 33).

- Annual Financial Reports for Rollins, Inc. (Form 10-K) for 2003 through 2007 (Interr. 7).

- Core criteria regarding compensation programs (by job type, not for individual employees) for termite inspectors, termite service managers, and branch managers between October 2003 and June 2008 (Interr. 19, 20, Doc. Req. 48).

- Additional manuals (to the extent not already identified above) containing exemplar releases that may have been used in the course of Orkin's residential subterranean termite treatment business in California and Arkansas between October 2003 and June 2008 (Interr. 3; Doc. Req. 4).

- Exemplar inspection report forms (to the extent not already identified above) that may have been used in the course of Orkin's residential subterranean termite treatment business in California and Arkansas between October 2003 and June 2008 (Doc. Req. 25).

- Information related to acquisitions of termite and pest control companies in California and Arkansas between October 2003 and June 2008 (Interr. 21).

- Annual relevant product information memoranda dated between October 2003 and June 2008 (Doc. Req. 9).

- Subject to the terms of the June 5, 2008 Letter Agreement, Orkin has agreed to permit plaintiffs to use documents produced in connection with *McCord Properties, Ltd., et al. v. Orkin Exterminating Co., Inc.*, No. 2002-4981 (Jefferson County); *Junkin v. Orkin Exterminating Co., Inc.*, No. CV-2001-1038 (Tuscaloosa County); *Knopf v. Orkin Exterminating Co., Inc.*, No. CV04-2693 (Jefferson County); and *Hanson v. Orkin Exterminating Co., Inc.*, No. CV01-06 (Tallapoosa County).



Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 5

**II.    Documents and Information Orkin Would Agree to Produce Based on Further Consideration After the Meet and Confer Process.**

Based on our discussions at the meet and confer sessions and further consideration with our client, Orkin also agrees to produce additional documents and information listed below. Unless otherwise noted, Orkin will produce documents only for California and Arkansas, only documents related to subterranean termite services, and documents created or used between January 1, 1999 to June 30, 2008. We believe these parameters are reasonable given that the classes are restricted to California and Arkansas, and the longest statute of limitation applicable to any claim is four years for California and six years for Arkansas. Moreover, while we currently believe that such documents do exist, to the extent that they are not found after a diligent search, they, obviously, will not be produced.

<u>Class Size Data</u>

- Plaintiffs have requested a sampling of Orkin files and have proposed a proctocol for identifying such a sample. Without expressing a view at this time as to the propriety of such sampling protocol, Orkin would agree to adhere to the following protocol requested by plaintiffs' counsel during the meet and confer process: Orkin will randomly select, using a randomization program selected or approved by plaintiffs, one claim that arose in the first quarter of each year between January 1, 1999 and June 1, 2008 in northern California and one claim that arose in the third quarter of each year between January 1, 1999 and June 1, 2008 in southern California. (Plaintiffs have not yet proposed a protocol for Arkansas). As used in this paragraph, a "claim" means a claim for property damage based on a contract entered into between Orkin and a residential customer for the treatment of subterranean termites. Once the claim has been identified using this protocol, Orkin would produce a copy of the paper file maintained in the branch, a paper claims file, if any, and any records maintained in FOCUS or OSCAR relating to the treatment at issue or the claim (Doc. Req. 1).

- List of customer identification numbers for residential subterranean termite customers in Arkansas and California who had contracts with Orkin for residential subterranean termite treatment services, which were

**SIDLEY**
SIDLEY AUSTIN LLP

Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 6

entered into between January 1, 1999 and June 1, 2008 to the extent that such numbers are reasonably retrievable based on Orkin's computer records (Interr. 1).

- List of residential subterranean termite customers in Arkansas and California who commenced litigation (other than small claims) or initiated arbitration against Orkin, if any, between January 1, 1999 and June 1, 2008 based on a contract for the treatment of subterranean termites (Interr. 2).

### Contracts, Rate Information, and Marketing Materials

- Exemplars of form residential subterranean contracts used in California and Arkansas between January 1, 1999 and October 2003 (Doc. Req. 3, 26, 31).

- Rate cards used for pricing residential subterranean termite jobs in California and Arkansas between January 1, 1999 and October 2003 (Doc. Req. 7, 30, 31).

- Sales brochures used in California and Arkansas between January 1, 1999 and October 2003 for residential subterranean termite services (Interr. 14; Doc. Req. 3, 26, 27, 29, 31).

- Guarantee matrices found in manuals available for use in California and Arkansas between January 1, 1999 and October 2003 (Doc. Req. 28, 31, 32, 33).

- Additional manuals (to the extent not already identified above) containing exemplar releases that may have been used in the course of Orkin's residential subterranean termite treatment business in California and Arkansas between January 1, 1999 and October 2003 (Interr. 3; Doc. Req. 4).

- Exemplar inspection report forms (to the extent not already identified above) that may have been used in the course of Orkin's residential subterranean termite treatment business in California and Arkansas between January 1, 1999 and October 2003 (Doc. Req. 25).



Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 7

- Information related to acquisitions of termite and pest control companies in California and Arkansas between January 1, 1999 and October 2003 (Interr. 21).

- Annual relevant product information memoranda dated between January 1, 1999 and October 2003 (Doc. Req. 9).

**Additional Policy & Procedure Documents** (Interr. 10-13, 17; Doc. Req. 2, 4, 10-16, 20, 21, 23-26, 31)

- Termite Treatment Expectation Manual revisions (January 1, 1999 to October 2003)

- Focus Administration Manual revisions (January 1, 1999 to October 2003)

- General Office Procedure Manual (January 1, 1999 to October 2003)

- Orkin Professional Initial Termite Control Training Manual (January 1, 1999 to October 2003)

- Initial Termite Treatment Control Training Certified Field Trainer Handbook (January 1, 1999 to October 2003)

- Service Manager(s) Manual (January 1, 1999 to October 2003)

- Branch Manager Manual (January 1, 1999 to October 2003)

- Region Manager Manual (January 1, 1999 to October 2003)

- Sales Training Manual (January 1, 1999 to October 2003)

- Additional Service Alerts (January 1, 1999 and October 2003)

- Additional Technical Bulletins (January 1, 1999 to October 2003)

- Additional Lesson Plans (January 1, 1999 to October 2003)



Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 8

- Identification of name, active ingredients, and manufacturers, as well as labels for subterranean termiticides and baiting systems used at residential properties in California and Arkansas (termiticides only) during the time period January 1, 1999 and October 2003 (Interr. 8, 9; Doc. Req. 8).

- Core criteria regarding compensation programs (by job type, not for individual employees) for termite inspectors, termite service managers, and branch managers between January 1, 1999 and October 2003 (Int. 19, 20, Doc. Req. 48).

### Audits & Financial Information

- Annual Financial Reports for Rollins, Inc. (Form 10-K) for 1999 through 2002 (Interr. 7).

- Quality Assurance audits that review work done at the properties of the named plaintiffs (if they exist) (Interr. 10; Doc. Req. 6).

**III.    Document Production Regarding Named Plaintiffs.**

In your emails dated May 21 and 22, 2008, you raised several issues with respect to our production of the named plaintiffs' customer files. (1) First, you asked for production of the "claims files" for each of the named plaintiffs. Because none of the named plaintiffs have made claims, no such claims files exist. (2) Second, you asked for the RAC file (*i.e.*, the financing documents) for each of the named plaintiffs. The retention policy for such documents is three years. Because all of the named plaintiffs entered into contracts more than three years ago, those documents no longer exist. (3) Third, you asked for the "Quality Audit File for 12/12/2002 audit reflected on KRZ 0060." The document produced at KRZ 0060 is simply the reverse side of a termite service report and is not an official "audit" performed by the branch or by the Termite Compliance Group. Any documents related to a branch audit of work performed on the named plaintiffs' property, if they existed, would have been contained in the customer branch file that was produced. (4) Fourth, you asked for the "daily route sheets for the technicians and others who serviced the property" of the named plaintiffs. The search for and production of such documents would be unduly burdensome, particularly given their limited (if any) relevance. (5) Fifth, you asked for "the GPS



SIDLEY AUSTIN LLP
**SIDLEY**

Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 9

records for the vehicles." Similar to the daily route sheets, a search for documents
related to vehicles that traveled to the named plaintiffs' properties would be unduly
burdensome. (6) Finally, you asked for "a copy of the report provided to the county
office for each occasion that the property was placed under contract." We are still
investigating the methods by which those documents are retained, and will agree to
produce monthly reports provided to the appropriate government entity for the
branches that serviced the named plaintiffs' property, dated between October 2003 and
the present, to the extent that they exist.

**IV.    Status of Remaining Document Requests and Interrogatories Based on Meet &
        Confer Process.**

        Regrettably, after many hours of meetings, the parties were unable to agree as to
the proper scope of the production with respect to many of the requests. The parties
were able to reach some agreements: (1) Plaintiffs agreed to hold in abeyance
Document Requests 41 and 42 (monthly reports of pesticide use) if Orkin would
identify the period of time that we maintain these records, and 43 (job logs) as long as
the information requested could be found in customer files.[1] (2) Plaintiffs conceded that
their definition of "things" in the document requests does not include tools, devices, or
other items physically used in connection with termite treatment and inspections; and
(3) Plaintiffs agreed to withdraw the portion of each document request that requested
Orkin to "identify" certain things in light of Orkin's objection that the request to
"identify" something in connection with a document request was an improper
interrogatory.

        To try to bridge the gap between the parties, Orkin suggested a document
custodian approach to the production, but that was rejected. Orkin also urged plaintiffs
to be more precise in their requests to provide each request with a reasonable limit so
Orkin would not have to guess as to its proper scope, but that, too, was rejected.
Plaintiffs expressed concern that wherever they agreed to a limit, Orkin would take
advantage of it and withhold documents from production. We explained repeatedly
that Orkin would not do so and, importantly from plaintiffs' perspective, could not do
so, given that: (1) plaintiffs' counsel already has extensive familiarity with Orkin's
documents based on prior litigation and the pest control industry; (2) plaintiffs can
confirm the scope of the production through depositions of document custodians and

---

[1] *See also Sheppard* Document Requests 41, 42, and 43.



Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 10

fact witnesses; and (3) plaintiffs can serve supplemental requests if they previously overlooked a category of documents. Plaintiffs rejected these ideas as insufficient, even though they are the ordinary tools of discovery.

Based on the meet and confer and subsequent discussions with our client, we set forth below the current status of document requests and interrogatories on which the parties cannot reach agreement:

**Interr. 3 and Doc. Req. 4.** Plaintiffs requested copies of releases by members of the putative class who have released their claims and therefore are not members of the class. Orkin has already agreed to produce manuals containing exemplar release forms. During the meet and confer, Orkin explained the difficulty in obtaining individual copies of all of the requested executed releases, and offered to work with plaintiffs informally on calculating an approximate number of Orkin customers who executed a release and, therefore, who are unlikely to be a member of the class. Plaintiffs rejected Orkin's offer.

**Interr. 4 , 5 and Doc. Req. 5.** Plaintiffs have requested that Orkin state every breach of contract claim it has against all putative class members. Orkin objected and explained that it could not do so absent a file-by-file review, interviews with Orkin employees and homeowners, and a property inspection conducted by Orkin's experts. During the meet and confer, the parties discussed a possible compromise in which Orkin would re-state the breach of contract defenses that could be asserted based on the contracts at issue in the case. Given that Orkin has already agreed to produce exemplar form contracts, pursuant to Fed. R. Civ. P. 33, plaintiffs can review for themselves the types of contract defenses Orkin may raise.

**Interr. 6 and Doc. Req. 7.** Plaintiffs have requested a detailed accounting of the alleged damages for the putative class. Orkin objected. During the meet and confer process, Orkin agreed to provide a narrative about the system capabilities to identify and quantify the monies paid by putative class members and then work with plaintiffs to gather such information if and when a class is certified. (Orkin has also agreed to produce its rate cards used between January 1, 1999 and June 1, 2008.) Plaintiffs rejected the offer because they said the information was relevant to whether a class should be certified under Fed. R. Civ. P.

SIDLEY

Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 11

23(b)(1)(B).  Given that there is almost certainly no risk that a claim of an individual class member "could substantially impair or impede" the ability of the putative class to recover money from Orkin, Rule 23(b)(1)(B) is inapplicable.

**Interr. 7.**  Plaintiffs requested financial information about Orkin.  Orkin agreed to produce various financial statements reflected in the annual reports of its parent company, Rollins, Inc.  Orkin does not, however, maintain separate financial statements.  Orkin will, therefore, stand on its objections and produce only the annual reports of its parent company, Rollins, Inc.

**Interr. 10-13, 17 and Doc. Req. 2, 4, 10-16, 20, 21, 23-26, 31.**  These interrogatories and document requests seek information about a variety of treatment, inspection, baiting, sales, and training policies and practices.  Orkin has already produced numerous documents that reflect Orkin's general policies and practices regarding the treatment of subterranean termites in California.  (*See* Focus 1-3540; K-LP 1-2733; K-SA 1-274; K-TB 1-268; TTEM 1-979).  In addition, to the extent Orkin has not already done so, and to the extent that the following exist, Orkin will make available for inspection and copying at a mutually agreeable time and place the Orkin: (1) Termite Treatment Expectations Manual; (2) FOCUS Administrative Manual; (3) General Office Procedure Manual; (4) The Orkin Professional Initial Termite Control Training Manual; (5) Initial Termite Treatment Control Training Certified Field Trainer Handbook; (6) Service Manager(s) Manual; (7) Branch Manager Manual; (8) Region Manager Manual; (9) Sales Training Manual; (10) Service Alerts; (11) Technical Bulletin; and (12) Lesson Plans, dated between January 1, 1999 and June 30, 2008.  Plaintiffs claim that Orkin's production is deficient but, when pressed, plaintiffs offered only very discrete examples, which they expressly claimed were not exclusive and, therefore, provided no basis for resolving the dispute.  Plaintiffs would not agree to any reasonable limits on the requests that would have permitted Orkin to make a more meaningful response.  Orkin, therefore, stands on its objection.

**Inter. 14 and Doc. Req. 29.**  Plaintiffs requested in discovery virtually all Orkin advertising.  Orkin objected because, among other reasons, the named plaintiffs do not claim to have based any decision regarding Orkin on any Orkin advertising other than perhaps the marketing materials that Orkin gave them at the point-of-sale. (Indeed, plaintiffs in the California action do not recall seeing



SIDLEY AUSTIN LLP

Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 12

any Orkin advertising other than perhaps the point-of-sale materials, which
Orkin has agreed to produce.)  Plaintiffs do not have standing to sue for alleged
advertising that they neither saw nor heard.

**Inter. 15, 16 and Doc. Req. 38, 39, 40.**  Plaintiffs requested information about
investigations by any governmental entity on virtually any topic, even if
completely unrelated to the allegations of the complaint.  Orkin objected but
noted that, other than routine inquiries a pest control operator may receive from
time to time in connection with a particular customer question or complaint or a
routine branch inspection by a government agency, neither the State of
California, including the State Attorney General, the Structural Pest Control
Board, nor the California Environmental Protection Agency have undertaken any
investigation of Orkin's termite treatment business or practices in California
between October 2003 and the present.  By this letter, Orkin confirms that this
statement is true since at least January 1, 1999.  Similarly, neither the State of
Arkansas nor the Arkansas State Plant Board have undertaken an investigation
of Orkin's termite treatment business or practices in Arkansas since January 1,
1999, other than routine inspections of branches or inquiries received from
customers.

**Interr. 18. and Doc. Req. 47.**  Plaintiffs requested information about Orkin's
procedures and policies for substantiating their advertisements.  Plaintiffs have
no standing to challenge any advertisements, so the substantiation for such
advertising would be completely irrelevant for even discovery purposes.
Moreover, given the wide variety of procedures and processes for substantiation
based on the type of claim being made and the type of advertisement, Orkin
cannot provide the requested information without a more particular
identification of the certain advertisements upon which plaintiffs request such
information.

**Inter. 19, 20 and Doc. Req. 48.**  Plaintiffs requested information about the
compensation of various employees.  Orkin agreed to provide documents
sufficient to show core company criteria regarding compensation programs for
termite inspectors, termite service managers, and branch managers.  Plaintiffs
requested during the meet and confer that Orkin produce compensation
information all the way up to the CEO.  The parties could not agree on an

**SIDLEY** | SIDLEY AUSTIN LLP

Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 13

appropriate compromise, even on an interim basis, and therefore Orkin stands on its objection.

**Inter. 21 & Doc. Req. 35-37.** Plaintiffs requested information and documents regarding contracts Orkin purchased from other companies. Orkin has already identified the names of the companies from which it purchased other contracts. Additional information is irrelevant because the terms of termite contracts entered into by other companies, and their performance under those contracts cannot be within the scope of the class; the named plaintiffs, who contracted only with Orkin, do not have standing to represent customers of other companies. Plaintiffs contend otherwise. Given the parties' disagreement, Orkin stands on its objections.

**Doc. Req. 3, 27.** Plaintiffs asked for exemplars of various documents given to customers, which Orkin agreed to produce from October 2003 to the present and, after conferring with plaintiffs' counsel, agrees to produce from the expanded period of January 1, 1999 to June 1, 2008. The parties' disagreement turns largely on the date parameters.

**Doc. Req. 6.** On certain occasions, branch managers or service managers perform a quality audit of a particular job. Those audits are maintained in the customer files, to the extent they exist. The named plaintiffs do not appear to have been subject to any such branch audit. It would be unduly burdensome to search each customer file to obtain other branch audits related to jobs performed at the properties of the putative class members. Additionally, the Termite Compliance group (Chris Gorecki's group) has conducted quality assurance audits at certain times. To the extent that any of these audits reviewed work done at the properties of the named plaintiffs, we will agree to produce such audits (if they exist). To the extent that plaintiffs are requesting audits not related to the named plaintiffs' property, Orkin stands on its objections.

**Doc. Req. 9.** Plaintiffs requested documents showing the criteria used to choose one termiticide product over another at a property. Subject to its objections, Orkin agreed to produce various treatment and training manuals, the chemical labels, and product information memoranda. Even after the meet and confer, it is unclear what additional information plaintiffs want.



Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 14

**Doc. Req. 17, 18, 19.** Plaintiffs requested documents regarding termiticide usage. Orkin explained that the records of termiticide usage are found in individual customer files and that such files are irrelevant prior to class certification. Orkin will agree, however, to produce Monthly Material Inventory Sheets for the past three years (which is the document retention period for such documents) for the branches that serviced the named plaintiffs' properties.

**Doc. Req. 22.** This request seeks a virtually unlimited number of documents that could not be identified and produced without extensive interviews with an unspecified number of Orkin employees. Plaintiffs would not agree to any limitations on the request. As such, Orkin stands on its objections.

**Doc. Req. 28, 32, 33.** Plaintiffs requested information about the criteria used by Orkin to determine what type of guarantee a property may qualify for. As per its document responses and this letter, Orkin has already produced the guarantee matrices found in Orkin's manuals (*e.g.*, Termite Treatment Expectation Manuals) in effect between January 1, 1999 and June 1, 2008. It is unclear whether plaintiffs had reviewed these documents at the time of the meet and confer. Orkin believes these documents sufficiently respond to Document Requests 28, 32, and 33.

**Doc. Req. 30.** Orkin has already agreed to produce rate cards, which Orkin believes sufficiently respond to Document Request 30.

**Doc. Req. 34.** Orkin still does not understand what plaintiffs are seeking in this request which asks for, in relevant part, "DOCUMENTS ... relating to DEFENDANTS' policies, practices and procedures ... for determining the duration of WDO SERVICE contracts." Therefore, Orkin stands on all of its objections.

**Doc. Req. 45, 46.** Plaintiffs seek documents regarding Orkin's compliance with Cal. Bus. & Prof. Code 8565 generally and 8565(c) in particular. Defendants objected. Section 8565 lists the topics upon which the Structural Pest Control Board shall determine that a license applicant is qualified. Section 8565(c) lists the board-approved courses that an applicant for a Branch 3 operator's license is

# SIDLEY

SIDLEY AUSTIN LLP

Tom Campbell
D. Keiron McGowin
Daniel M. Bradley
July 18, 2008
Page 15

required to pass. Given that there has been no allegation that any Orkin employee did not meet these requirements, Orkin stands on its objections.

If you have any questions about the discussions herein, please contact us. Otherwise, the parties should proceed to the filing of motions on the requests upon which the parties continue to disagree.

Sincerely,

T. Robert Scarborough

cc:     Douglas B. Brown
        Mark Eisenhut