1

2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

3

4

5

6

RONALD KRZYZANOWSKY AND
LEANA KRZYZANOWSKY, on behalf
of themselves and all others similarly
situated, *et al.*,

Plaintiffs,

No.  C 07-05362 SBA

**ORDER**

[Docket No. 67]

7

v.

8

9

10

ORKIN EXTERMINATING
COMPANY, INC., *et al.*,

Defendants.

11

12

**INTRODUCTION**

13

14

15

Before the Court is plaintiffs' Motion to Continue the Trial Date and Corresponding
Deadlines (the "Motion") [Docket No. 67].  For the following reasons the Court GRANTS the
Motion.

16

**BACKGROUND**

17

18

19

20

21

22

23

24

On October 19, 2007, the representative plaintiffs in this putative class action sued
defendants for breach of contract; equitable relief; breach of duty to warn; negligent training,
retention, and supervision; false advertising in violation of section 17500 *et seq.* of the California
Business and Professions Code; unfair competition in violation of section 17200 *et seq.* of the
Business and Professions Code; and a violation of the Consumers Legal Remedies Act, section 1750
*et seq.* of the California Civil Code.  *See* Docket No. 1.  Plaintiffs' raise these claims in relation to
defendants' alleged failure to provide pest control services as contracted, warranted, or advertised.
*See id.*

25

26

27

28

On March 13, 2008, the Court issued a scheduling order setting expert disclosures for
October 15, 2008, a non-expert discovery cutoff for November 28, 2008, an expert discovery cutoff
for December 15, 2008, a dispositive motion cutoff for February 3, 2009, a pretrial conference for
March 24, 2009, and trial for April 20, 2009.  *See* Docket No. 41.  On June 10, 2008, this matter was

1   referred to Magistrate Judge Elizabeth D. LaPorte for all discovery disputes.  Docket No. 45; Docket

2   entry dated Jun. 10, 2008.

3   On August 20, 2008, defendants filed a motion to compel alleging plaintiffs had failed to

4   respond to several discovery requests served in April and June 2008.  *See* Docket No. 49 at 1.  On

5   September 9, 2008, plaintiffs filed a motion to compel alleging several areas in dispute, but

6   primarily focusing on defendants' alleged refusal to (1) produce any discovery from between 1987

7   and 1999, and (2) produce any discovery unrelated to the named plaintiffs, thus allegedly violating

8   the Court's order against bifurcating discovery between the named plaintiffs and the putative class.

9   *See* Docket Nos. 51, 53 at 2.  On October 1, 2008, Judge LaPorte granted defendant's motion,

10  ordering plaintiff's to produce responses, or declare they had no responsive information, by

11  October 15, 2008.  Docket No. 65.

12  On October 14, 2008, almost a year after suit, and a day prior to the expert disclosure cutoff,

13  plaintiffs filed the Motion before the Court, seeking to continue the trial and all cutoff dates for six

14  months, allegedly due to defendants' discovery delays.  Docket No. 69.  Plaintiffs note they cannot

15  meaningfully designate experts, without proper disclosures from defendants.  *Id.*  Plaintiffs further

16  allege defendants said they would agree to a four- to six-week continuance, but would not to so

17  stipulate.  *Id.* ¶ 3.f.

18  On October 17, 2008, Judge LaPorte granted in part and denied in part plaintiffs' motion to

19  compel.  Docket No. 76.  Specifically, Judge LaPorte denied the motion to the extent plaintiffs

20  sought discovery prior to 1999, at this time, but granted the motion to the extent plaintiffs sought

21  discovery from 1999 and after.  *Id.*  With regards to prior times, or other issues raised in their

22  motion, because the parties indicated they could meet and confer to resolve these issues on their

23  own, Judge LaPorte denied them without prejudice.  *Id.*

24                                          **LEGAL STANDARD**

25  Under Civil Local Rule 6-3, a party filing a motion to enlarge time, must address (1) with

26  particularity, the reasons for the enlargement; (2) any efforts the party has made to obtain a

27  stipulation; (3) the substantial harm or prejudice if the Court does not enlarge time; (4) any previous

28  time modifications; and (5) the effect the enlargement would have on the case's schedule.

1                                          **ANALYSIS**

2          Examining plaintiffs request under Civil Local Rule 6-3's factor's, the Court finds good

3  cause to enlarge time.  With regards to the first factor, reasons for the request, plaintiffs filed a

4  declaration discussing the efforts to meet and confer with defendants regarding defendants' alleged

5  discovery delays, to no avail, leading to plaintiffs' motion to compel.  *See* Docket No. 69.  In

6  response, defendants dispute they delayed, and instead argue plaintiffs are the ones who have

7  delayed discovery, both their requests and production, causing defendants to file their own motion to

8  compel.  *See* Docket Nos. 77-78.  The Court need not resolve these cross-allegations, as it notes

9  Judge LaPorte granted defendants' motion, and a substantial part of plaintiffs', denying the

10 remainder without prejudice.  Given that plaintiffs need time to comply with Judge LaPorte's order,

11 and that both parties will need time to process the other's production in response to Judge LaPorte's

12 orders, plaintiffs have stated good reasons for enlargement.

13         Regarding the second factor, plaintiffs attempted to obtain a stipulation to a six-month

14 enlargement, but defendants would only agree to a four- to six-week enlargement.  *See* Docket

15 No. 69 ¶ 3.f; Docket No. 77 at 4.[1]

16         As for the third factor, plaintiffs argue that they cannot meaningfully designate experts,

17 without proper disclosures from defendants, which Judge LaPorte did not order, until October 17,

18 2008, or two days after the expert disclosure cutoff.  Docket No. 69.  Defendants argue (1) any delay

19 was plaintiffs' fault; (2) plaintiffs disclosed experts on October 16, 2008; and (3) plaintiffs had

20 enough discovery prior to October 17, 2008 to disclose experts.  Docket No. 77 at 1-4.  The Court

21 notes that based on Judge LaPorte's rulings on the motions to compel, both sides delayed providing

22 discovery.  Further, even if plaintiffs did disclose when required under the Court's March 13, 2008

23 scheduling order, this does not obviate plaintiffs' need for complete, proper, and timely disclosures,

24 as ordered by Judge LaPorte, so plaintiffs may adequately disclose experts.  Given that defendants

25 failed to provide complete, proper, or timely disclosures prior to the expert disclosure cutoff,

26

27

28
_____

[1]    Plaintiffs declare that defendants would agree to this enlargement, but refused to so stipulate.
Docket No. 69 ¶ 3.f.  Defendants *allege* in their Opposition that they would have stipulated, but
declined to actually *declare* this statement.  Docket No. 77 at 4:24-26.

                                                 3

1    plaintiffs have shown they would suffer substantial harm or prejudice if the Court did not enlarge

2    time.

3          With regards to the fourth factor, there have been no previous requests for enlargement.

4    Docket No. 67 at 2.  With regards to the fifth factor, enlargement would merely continue all existing

5    dates for six months, placing trial at about one-and-a-half years out from filing.  Defendants oppose

6    on the ground they will suffer undue prejudice for two reasons.  First, they argue that evidence has

7    become stale and memories have faded since 1999, and further delay will make evidence more stale

8    and memories more faded.  Docket No. 77 at 4-5.  Defendants alleged this, but did not declare it.

9    Even had they declared it, however, the Court notes the cure for this alleged problem is prompt

10   production in response to discovery requests, which defendants did not do.  If defendants wish to

11   avoid any further alleged problems with staleness or faded memories, they need to timely comply

12   with Judge LaPorte's order.  If they do, then extending the trial date and certain deadlines in this

13   matter by six months will not affect any alleged staleness of evidence of fading of memories.

14   Defendants also argue, however, enlargement will increase litigation costs.  *Id.* at 5.  Defendants do

15   not explain, however, how this poses *undue* prejudice to them.  *See id.*

16         In conclusion, the Court notes that plaintiff should have sooner filed its motions to compel

17   discovery and to continue dates in this matter.  Nonetheless, the Court also notes the parties need

18   more time to comply with Judge LaPorte's order and process the disclosures provided in response to

19   it.  Further, the Court finds no prejudice to defendants in granting the requested enlargement.  Thus,

20   the Court GRANTS plaintiffs' motion.

**CONCLUSION**

22         ACCORDINGLY, the Court GRANTS plaintiffs' Motion to Continue the Trial Date and

23   Corresponding Deadlines [Docket No. 67].  The hearing set for October 28, 2008, at 1:00 p.m., in

24   Courtroom 3 of the United States Courthouse, 1301 Clay Street, 3rd Floor, Oakland, California,

25   94612, for this motion, is VACATED.  All pending dates in this matter are VACATED.  The Court

26   sets a Case Management Conference for November 6, 2008 at 2:45 p.m.  The parties shall **meet and**

27   **confer** prior to the conference and shall prepare a joint Case Management Conference Statement

28   which shall be filed no later than ten (10) days prior to the Case Management Conference that

4

1  complies with the Standing Order for all Judges of the Northern District of California and the

2  Standing Order of this Court.  Plaintiff(s) shall be responsible for filing the statement as well as for

3  arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the

4  above indicated date and time.

5

6        IT IS SO ORDERED.

7

8        October 20, 2008                                   _____
                                                           Saundra Brown Armstrong
                                                           United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28