UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONALD KRZYZANOWSKI AND ILEANA KRZYZANOWSKI, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC.,<br><br>  Defendants. | Case No: C 07-05362 SBA<br><br>**ORDER DENYING (1) PLAINTIFF'S ADMINSTRATIVE MOTION TO EXCEED PAGE LIMITATIONS ON THEIR MOTION FOR CLASS CERTIFICATION AND (2) DEFENDANTS' EX PARTE APPLICATION FOR AN EXPEDITED BRIEFING SCHEDULE**<br><br>[Docket 185, 192] |

Plaintiffs filed the instant putative class action on October 19, 2007. In the Court's Order for Pretrial Preparation (Docket 138), the Court set the law and motion cut off for December 1, 2009. The Order expressly states: "The parties are advised *not* to wait until 35 days prior to the law and motion cut-off date to file and serve their motion. As the Court's law and motion calendar tends to fill quickly, there is no guarantee that a hearing date within the law and motion cut-off date will be available." (Docket 138 at 2 (emphasis in original).) Trial is set to commence on February 8, 2010.

On November 11, 2009, Plaintiffs filed a Motion to Exceed Page Limitations for Their Motions Relating to Class Certification. Plaintiffs have not demonstrated good cause for filing a brief in excess of 25 pages. In addition, the Court notes that at this late stage of the litigation, Plaintiffs will not be able to have their anticipated motion heard prior to the law and motion cut-off date of December 1, 2009. See Civ. L.R. 7-2 (requiring 35 days notice for motions). Therefore, Plaintiffs' motion (Docket 185) is DENIED.

1    On November 16, 2009, Defendants filed an Ex Parte Application for an Order Setting an Expedited Briefing and Hearing Schedule for Defendants' Motion to Strike Class Allegations.  Defendants contend that the Court should consider their motion to strike before it adjudicates Plaintiffs' anticipated motion for class certification.  However, Defendants did not certify that they met and conferred with opposing counsel prior filing their ex parte application, as required by the Court's Standing Orders.  In addition, Defendants' request is premature given that Plaintiffs have not yet filed a motion for class certification.  Accordingly, Defendants' ex parte application (Docket 192) is DENIED.

IT IS SO ORDERED.

Dated: November 17, 2009

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge