UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONALD KRZYZANOWSKI AND ILEANA KRZYZANOWSKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORKIN EXTERMINATING COMPANY, INC.; ROLLINS, INC.,<br><br>Defendants. | Case No: C 07-05362 SBA<br><br>**ORDER DENYING PLAINTIFFS' OPPOSED MOTION TO PERMIT FILING OF THEIR MOTION FOR CLASS CERTIFICATION AND TO SHORTEN TIME TO PERMIT AN EXPEDITED HEARING ON THE INSTANT MOTION AND TO VACATE SCHEDULING ORDER** |

The parties are before the Court on Plaintiffs' Opposed Motion to Enlarge Time to Permit Filing of Their Motion for Class Certification and to Shorten Time to Permit an Expedited Hearing on the Instant Motion and to Vacate Scheduling Order. (Docket 195.) Having read and considered the papers submitted in connection with the motion, and being fully informed, the Court DENIES Plaintiffs' motion.

I. **BACKGROUND**

On October 19, 2007, Plaintiffs filed the instant putative class action alleging that Defendants engaged in illegal business practices. On March 18, 2008, the Court entered an Order for Pretrial Preparation which set the trial date for April 20, 2009. (Docket 41.)

On October 14, 2008, after the case had been pending for over a year, Plaintiffs filed a motion to continue the trial date for a period of six months on the ground that Defendants allegedly were withholding discovery, thus impeding Plaintiffs ability to prepare for trial

1  within the specified time-frame.  On October 20, 2008, the Court granted Plaintiffs' motion,
2  vacated the trial date and pretrial schedule, and directed the parties to meet and confer
3  regarding a new trial date.  On April 2, 2009, the Court entered a new pretrial scheduling order.
4  (Docket 138.)  Among other deadlines, the Court reset the law and motion cut off to December
5  1, 2009, and rescheduled trial for February 8, 2010—a date almost a year beyond the
6  originally-scheduled trial date of April 20, 2009.  (Id.)
7        Plaintiffs are now before the Court seeking to extend the law and motion cut-off date
8  and to vacate the current pretrial schedule, including the current February 8, 2010 trial date, in
9  order to accommodate their anticipated motion for class certification.  Defendants oppose the
10 motion on the ground that Plaintiffs are not entitled to file a motion for class certification under
11 Federal Rule of Civil Procedure 23 at this late stage of the litigation and that Plaintiffs have
12 failed to litigate this action with the requisite diligence to justify a further modification to the
13 pretrial scheduling order.
14 **II.    DISCUSSION**
15       Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), district courts must enter a
16 scheduling order to establish deadlines to, among other things, "complete discovery" and "file
17 motions."  Scheduling orders may also include "dates for pretrial conferences and for trial."
18 Fed.R.Civ.P. 16(b)(3)(B)(v).  Once a Rule 16 scheduling order is entered, the schedule "may
19 be modified only for good cause and with the judge's consent."  Fed.R.Civ.P. 16(b)(4).
20 "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly
21 disregarded by counsel without peril."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
22 610 (9th Cir. 1992) (citation and quotations omitted).  Thus, if the party seeking the
23 modification of the scheduling order "was not diligent, the inquiry should end."  Id. at 609.
24       Here, Plaintiffs have failed to demonstrate that they have acted diligently in this action.
25 As before, Plaintiffs claim that a modification of the pretrial schedule is necessary because
26 Defendants purportedly delayed in producing discovery.  This is essentially the same excuse
27 they presented as the basis for their first motion for continuance.  At that time, the Court
28 granted Plaintiffs' request and continued the trial date and related deadlines by almost a year in

1  order to allow them ample time to prepare their motion for class certification, complete

2  discovery and prepare for trial.  Despite the additional time afforded by the Court, Plaintiffs

3  neither moved for class certification nor did they "diligently" pursue discovery.[1]  To the extent

4  that Plaintiffs believed that Defendants were interfering with the discovery process, thereby

5  impeding their ability to file a motion for class certification, it was incumbent upon Plaintiffs to

6  seek relief from the assigned discovery magistrate—as opposed to waiting until after the close

7  of discovery to seek yet another continuance of the trial date.

8        Finally, the Court concludes that enlarging the law and motion cut-off date and vacating

9  the trial date in order to accommodate Plaintiffs' motion for class certification would be unduly

10 prejudicial to Defendants.[2]  Plaintiffs have had ample opportunity to prepare and file their

11 motion for class certification during the over two years that the case has been pending.  While

12 the Court is aware that the completion of "some discovery" may be appropriate before filing a

13 motion for class certification, see Vinole, 571 F.3d at 941 n.6, Plaintiffs have cited no authority

14 holding that it is proper to file such a motion *after* the close of fact and expert discovery and

15 *after* the law and motion cut-off date has passed.  To allow Plaintiffs to seek class certification

16 at this late stage of the litigation would be unduly prejudicial to Defendants, and disruptive to

17 the orderly management of this case.  C.f., Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1279

18 (11th Cir. 2009) ("[E]arly consideration of class certification" is necessary to avoid adding

19 unnecessary complexity and to ensure proper case management.").

20

21

22

---

23   [1] Indeed, the record shows that Plaintiffs engaged in little, if any, activity for eight months.  See Eisenhut Decl. ¶¶ 2-3.  Plaintiffs also claim that they faced delay as a result of the
24 motions filed by Defendants.  However, the mere fact that Defendants engaged in motion practice does not excuse Plaintiffs of their obligation to prepare their case diligently and within
25 the prescribed deadlines.

26   [2] "Rule 23(c)(1)(A) addresses the timing of a district court's class certification determination, and states:  'Time to Issue: *At an early practicable time* after a person sues or is
27 sued as a class representative, the court must determine by order whether to certify the action as a class action.'"  Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939 (9th Cir.
28 2009) (quoting Fed.R.Civ.P. 23(c)(1)(A)) (emphasis added).

## III. CONCLUSION

The Court finds that Plaintiffs have not been diligent in preparing this case for trial, and that a further modification of the pretrial scheduling order would be unduly prejudicial to Defendants, and detrimental to the administration of justice.  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiffs' Opposed Motion to Enlarge Time to Permit Filing of Their Motion for Class Certification and to Shorten Time to Permit an Expedited Hearing on the Instant Motion and to Vacate Scheduling Order (Docket 195) is DENIED.

IT IS SO ORDERED.

Dated: November 30, 2009

SAUNDRA BROWN ARMSTRONG
United States District Judge